# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND
(Northern Division)

| | |
|---|---|
| ALFRED CHESTNUT, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>DONALD KINCAID, *et al.*,<br><br>Defendants. | Civil Action No. RDB-20-2342 |

## THE PARTIES' SUBMISSION IN RESPONSE TO SCHEDULING ORDER

Pursuant to this Court's April 28, 2021, Scheduling Order, ECF No. 37, Plaintiffs Alfred Chestnut, Andrew Stewart, and Ransom Watkins ("Plaintiffs"), Defendants Donald Kincaid, Bryn Joyce, and John Barrick ("Officer Defendants"), and Defendant Baltimore Police Department ("BPD") submit this response regarding proposed structural changes to discovery and the scheduling order. As reflected below, the parties have divergent views as to the schedule and the number of deposition hours in this matter. If desired by the Court, counsel are available for a status conference to discuss these issues.

### I. Structure of Discovery & Plaintiffs' *Monell* Claim

Per the Court's instruction to advise of any changes to the "structure of discovery or other issues that might expedite the litigation," *id.* at 1, the parties wish to apprise the Court of two issues at the outset. First, the parties agree that the expert discovery period should begin after the fact discovery period has concluded (instead of requiring expert disclosures during the fact discovery period); this change is reflected in the respective schedules proposed by the parties.

Second, Plaintiffs and BPD are in ongoing discussions regarding the bifurcation of Plaintiffs' *Monell* claim and a stay of discovery as to that claim. If an agreement is reached, it is Plaintiffs' firm belief that bifurcation and a stay of the *Monell* claim will save the parties and the Court significant time and resources. If an agreement is not reached, BPD will file a motion to bifurcate and stay discovery with the Court. If BPD remains an active defendant and discovery on the *Monell* claim proceeds concurrently with the predicate claims, BPD expects that it will be necessary to request extensions of discovery deadlines beyond those proposed in the Officer Defendants' proposed schedule.

## II. Early Settlement; Referral to U.S. Magistrate Judge; ESI

The parties currently do not request an early settlement/ADR conference, but will advise the Court if their position on early settlement changes.

The parties do not consent to proceed before a United States Magistrate Judge.

The parties have conferred about discovery of electronically stored information ("ESI") and do not anticipate a large amount of ESI to be exchanged in this case. To the extent the parties intend to seek ESI, they will review the Principles for the Discovery of Electronically Stored Information in Civil Cases and work collaboratively as to an appropriate ESI protocol.

## III. Deposition Hours

### Plaintiffs' Position Regarding Deposition Hours

The 30 hours of depositions per side in the Court's schedule, or at most 40 hours per side, is adequate and appropriate for fact discovery in this case.[1] This case is not complicated—it centers on whether the Officer Defendants unlawfully coerced a handful of minor witnesses

---

[1] Although Plaintiffs and the Officer Defendants will require additional hours for expert depositions, the parties cannot predict the number of expert deposition hours they require at this early stage.

and/or suppressed discrete pieces of exculpatory evidence (not on the fact of Plaintiffs' innocence as the Officer Defendants assert). Plaintiffs anticipate taking the depositions of the Officer Defendants, a 30(b)(6) witness of the BPD, and some fact witnesses. Bifurcation and a stay of Plaintiffs' *Monell* claim will very much shorten the anticipated 30(b)(6) deposition of the BPD and further reduce the number of deposition hours required during fact discovery.

The Officer Defendants' request for at least 150 deposition hours per side—five times the baseline of 30 deposition hours per side provided in the Court's scheduling order—is excessive and will unnecessarily delay the resolution of this case. The Officer Defendants intend to take at least 36 depositions (and possibly more), including each witness identified in Plaintiffs' Complaint, each witness who testified in Plaintiffs' underlying 1984 criminal trial, and additional witnesses—without regard to whether such witness testimony is material to the claims and defenses in this matter. For instance, the Officer Defendants assume that each trial witness has material and relevant testimony to the civil rights claims at issue here or to the Officer Defendants' defense of those claims. That assumption is unreasonable and overly simplistic. Indeed, some of those witnesses are no longer alive and others, many of whom testified at trial for well under an hour, are likely to have very limited recollection of events that occurred four decades ago. The Officer Defendants' estimate of 150 deposition hours for 36 individuals also assumes that each deposition will take several hours, an over-estimate considering the significant number of marginal witnesses with limited material and relevant information, and the myriad other discovery tools available to defense counsel to gather evidence.

**Officer Defendants' Position Regarding Deposition Hours**

This litigation is complex. Three plaintiffs claim that more than 35 years ago they were wrongfully convicted of murder. However, their convictions followed a comprehensive

investigation, a nearly two-week trial, and extensive post-conviction proceedings. Plaintiffs spent more than 30 years reinvestigating their case and now benefit from that investigation in the form of a very large head-start in gathering documents and interviewing witnesses. It is therefore not surprising that Plaintiffs would like to wrap up discovery before the Officer Defendants have an ability to even gather documents.

Plaintiffs' attempts to characterize this proceeding as a simple case with just a handful of witnesses is completely unrealistic and self-serving. This case involves three plaintiffs and three individual defendant officers. The shooting incident that underlies this case took place in a school and there were numerous witnesses to various aspects of the crime at issue. Plaintiffs' complaint alone references testimony of more than 12 fact witnesses beyond the parties. In order to prepare for oral discovery, the Officer Defendants will need to (1) locate the BPD homicide file (which appears to have been lost); (2) obtain an unredacted copy of the State's Attorney's Office file, which tends to be the subject of extensive motion practice; (3) issue record subpoenas to all defense attorneys who represented the three plaintiffs at trial, on appeal, and throughout more than 30 years of post-conviction proceedings; (4) issue record subpoenas to the Maryland Department of Public Safety for prison records for all defendants; (5) issue record subpoenas to the parole board in order to obtain any statements the plaintiffs made to that body; and (6) conduct other document investigation still to be determined. Obtaining the documents discussed herein alone will likely take 3 months or more. Contrary to Plaintiffs' assertion that this case is "not document heavy," a reversed conviction case that counsel for the parties are litigating—*Jerome Johnson v. BPD, et al*. (19-CV-698)—has approximately 25,000 pages of documents. Given that there are three plaintiffs in this case and allegations that four witnesses were coerced, it would not be surprising if this number was doubled or tripled in this case.

Before discovery has even started, the Officer Defendants identified the following individuals who will likely need to be deposed:

1. Alfred Chestnut
2. Andrew Stewart, Jr.
3. Ransom Watkins
4. Edward Capers
5. Ronald Bishop
6. John Caldwell
7. Yevette Thomas
8. Flouretta Hunter
9. James Kelley
10. Arnold Dow
11. Curtis Dow
12. Christopher Rayburn
13. Sarah Chestnut
14. Brian Keith Moody
15. Theresa Moody
16. Lauren Lipscomb
17. Sharon Toon

Simply deposing the three Plaintiffs and the four allegedly coerced witnesses would likely bring the Officer Defendants back to the Court to request additional deposition hours beyond the Plaintiffs' requested 30 hours. Moreover, because Plaintiffs' claims center on their assertions of innocence, the trial testimony of a dozen other witnesses, nearly all of whom testified specifically about issues raised in the complaint, are critical to the parties' claims and defenses. Those twelve witnesses include:

18. Sandra Rusk
19. Joann Ransom
20. Larry Davis
21. Loretta Smith
22. John French
23. Shirley Woodard
24. Richard Williams
25. Bernard Staples
26. Gregory Thomas
27. Sarah Chestnut
28. Joseph Sheffey
29. Gregory Thomas Perry

Additionally, Officer Defendants, without the benefit of written discovery, have already identified seven other witnesses with information directly relevant to Plaintiffs' claims. Those seven witnesses include:

30. Keyha Alderman
31. Barry Diamond
32. Richard Cremin
33. Stephen Suser
34. Unit Principal English
35. Loretta Smith
36. Thomas Carroll

Given the 36 witnesses identified above and the likelihood that additional witnesses will be identified in discovery, Officer Defendants' estimate of 150 deposition hours represents a figure absolutely necessary to properly defend against extremely serious allegations of misconduct, which the Officer Defendants deny.

5

### IV. Proposed Amendments to Scheduling Order

#### Plaintiffs' Proposed Schedule

Plaintiffs' proposed scheduled, set forth below, requests a four-month extension of the current discovery deadline. The Court's proposed discovery deadline is set for September 10, 2021; as reflected below, Plaintiffs propose separating fact discovery from expert discovery, with the latter closing on January 7, 2022.

Plaintiffs' proposal allows more than sufficient time for the parties to complete discovery in this case. This is so for several reasons. First, this will not be a document-heavy case; the allegations center on police misconduct, including coercion, that will hinge on a few witnesses' testimony.[2] Second, the parties have already requested and received many of the documents in the limited universe of records relevant to this case. For instance, Plaintiffs issued an MPIA request for the BPD's homicide file and received a portion of that file (apparently BPD has lost the remainder). And the parties have already received some (though not all) of the documents from the Baltimore City State's Attorney's Office ("SAO"). Third, pandemic-related restrictions are beginning to ease, allowing the parties to more timely obtain records in this case. Fourth, as noted, Plaintiffs are optimistic that the parties will reach agreement to bifurcate and stay the *Monell* claim, which will relieve the parties of time-consuming discovery on that issue.

The Officer Defendants' proposed schedule calls for a discovery period of more than 15 months—nearly an additional year tacked onto the discovery period proposed in the Court's scheduling order (with discovery under the Officer Defendants' proposal not ending until August 2022 rather than September 2021 under the Court's order and early January 2022 under

---

[2] The Officer Defendants' attempt to compare the number of documents required for this case to those obtained in the *Johnson v. BPD* case is misleading, as many thousands of those pages are duplicates and triplicates and the BPD has produced documents for the active *Monell* claim.

Plaintiffs' proposed order). This, again, is unreasonable. There is no reason to think that discovery will take more than the eight months that Plaintiffs propose, particularly because the Officer Defendants have already started their fact investigation, issued subpoenas, and identified the individuals whose depositions they wish to take. Extending the schedule on the Officer Defendants' terms would needlessly delay resolution of this case, increase the costs of litigation, and afford the parties more time to engage in discovery disputes (which often consume an inordinate amount of the parties' and the Court's time). In Plaintiffs' counsel's experience, if parties are given excessive time in discovery, there is a natural tendency to conduct discovery at a leisurely pace and to put off the heavy lifting, including depositions, until the close of the fact discovery period. It is preferable to set a reasonable timeframe at the outset so the parties are motivated to work diligently throughout the discovery period.

Plaintiffs Alfred Chestnut, Andrew Stewart, and Ransom Watkins were each wrongfully arrested when they were sixteen years old, in the fall of 1983—almost forty years ago. They have waited long enough for their day in court. Having filed this suit in the late summer of 2020, and having commenced discovery by agreement even before this Court issued its schedule in April 2021, Plaintiffs believe that a trial date in the fall of 2022 is a reasonable goal under the circumstances. Accordingly, Plaintiffs propose the following schedule:

| Current Deadline | Filing/Occurrence | Requested Deadline |
| --- | --- | --- |
| June 14, 2021 | Joinder/Amendment of Pleadings | July 19, 2021 |
| September 17, 2021 | Requests for Admission (responses served by this date) | September 17, 2021 |
| September 10, 2021 | Close of fact discovery; submission of status report | September 24, 2021 |
| June 28, 2021 | Plaintiffs' Rule 26(a)(2) disclosures | October 29, 2021 |
| July 27, 2021 | Defendants' Rule 26(a)(2) disclosures | November 29, 2021 |

| Current Deadline | Filing/Occurrence | Requested Deadline |
|---|---|---|
| August 10, 2021 | Plaintiffs' rebuttal Rule 26(a)(2) disclosures | December 17, 2021 |
| August 17, 2021 | Rule 26(e)(2) supplementation of disclosures and responses | December 23, 2021 |
| N/A | Close of expert discovery | January 7, 2022 |
| October 12, 2021 | Dispositive pretrial motions deadline | February 4, 2022 |

**Officer Defendants' Proposed Schedule**

Officer Defendants request an extension of a little more than seven months for fact discovery. As mentioned above, this case is predicated on events that occurred nearly four decades ago. Therefore, locating witnesses and records will require significant time and effort, especially when considering the number of witnesses with critical testimony and the number of sources of records. In fact, in anticipation of these challenges and based on prior experience, Officer Defendants obtained consent of the parties to issue a records subpoena to the Office of the State's Attorney for Baltimore City ("SAO"). Despite serving the subpoena on the SAO in October 2020, the SAO delayed responding until February 2021 only to provide a deficient response. What is more, the SAO has already conveyed that Court intervention will be necessary to secure the production of improperly withheld records, including audio recorded statements made by key witnesses. The ongoing disputes with the SAO are but one example of the anticipated difficulties Officer Defendants continue to encounter despite their best efforts to pursue discovery as diligently as possible. For these reasons, Officer Defendants propose the following schedule:

| Current Deadline | Filing/Occurrence | Requested Deadline |
|---|---|---|
| June 14, 2021 | Joinder/Amendment of Pleadings | June 14, 2021 |

| Current Deadline | Filing/Occurrence | Requested Deadline |
|---|---|---|
| September 17, 2021 | Requests for Admission (responses served by this date) | May 6, 2022 |
| September 10, 2021 | Close of fact discovery; submission of status report | April 29, 2022 |
| June 28, 2021 | Plaintiffs' Rule 26(a)(2) disclosures | June 10, 2022 |
| July 27, 2021 | Defendants' Rule 26(a)(2) disclosures | July 8, 2022 |
| August 10, 2021 | Plaintiffs' rebuttal Rule 26(a)(2) disclosures | July 22, 2022 |
| August 17, 2021 | Rule 26(e)(2) supplementation of disclosures and responses | July 29, 2022 |
| N/A | Close of expert discovery | August 12, 2022 |
| October 12, 2021 | Dispositive pretrial motions deadline | September 9, 2022 |

Dated: May 7, 2021                                    Respectfully submitted,

                        /s/
_____

Shneur Nathan (Bar No. 20707)
snathan@nklawllp.com
Avi Kamionski (Bar No. 20703)
akamionski@nklawllp.com
Mayer Engelsberg (Bar No. 21105)
mengelsberg@nklawllp.com
Michael J. Elliker (Bar No. 20810)
melliker@nklawllp.com
575 S. Charles St. Ste. 402
Baltimore, MD 21201
(312) 612-1955
(312) 448-6099

*Attorneys for Donald Kincaid, Bryn Joyce, & John Barrick*

Kara K. Lynch (Bar No. 29351)
Natalie R. Amato (Bar No. 20749)
Kyle A. Ashe (Bar No. 21551)
Baltimore City Law Department
Office of Legal Affairs

Kobie A. Flowers (Bar No. 16511)
kflowers@browngold.com
Andrew D. Freeman (Bar No. 03867)
adf@browngold.com
Neel K. Lalchandani (Bar No. 20291)
nlalchandani@browngold.com
Chelsea J. Crawford (Bar No. 19155)
ccrawford@browngold.com
Anthony J. May (Bar No. 20301)
amay@browngold.com
Brown, Goldstein & Levy, LLP
120 E. Baltimore Street, Suite 2500
Baltimore, Maryland 21202
Tel: (410) 962-1030
Fax: (410) 385-0869

*Attorneys for Plaintiffs Alfred Chestnut, Andrew Stewart, Jr., and Ransom Watkins*

Larry A. Nathans (Bar No. 03023)
nathans@nathanslaw.com
Booth M. Ripke (Bar No. 25764)
bripke@nathanslaw.com

100 N. Holliday Street, Room 101
Baltimore, Maryland 21202
Telephone: (410) 396-2496
Facsimile: (410) 396-2126
E-mail: kara.lynch@baltimorepolice.org
kyle.ashe@baltimorepolice.org

*Attorneys for Baltimore Police Department*

Nathans & Biddle LLP
120 E. Baltimore Street, Suite 1800
Baltimore, Maryland 21201
Tel: (410) 783-0272
Fax: (410) 783-0518

*Attorneys for Plaintiffs Alfred Chestnut,
Andrew Stewart, Jr., and Ransom Watkins*