IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| ALFRED CHESTNUT, *et al.*, | ) |
| Plaintiffs, | ) |
| v. | ) Civil Action No. RDB-20-2342 |
| DONALD KINCAID, *et al.*, | ) |
| Defendants. | ) |

**JOINT MOTION TO COMPEL THE STATE'S ATTORNEY'S OFFICE FOR BALTIMORE CITY TO COMPLY WITH INDIVIDUAL DEFENDANTS' RECORDS SUBPOENA**

Individual Defendants, Donald Kincaid, Bryn Joyce, and John Barrick (hereinafter the "Individual Defendants") and Plaintiffs, Alfred Chestnut, Andrew Stewart Jr., and Ransom Watkins (hereinafter "Plaintiffs") jointly move this Court pursuant to Fed. R. Civ. P. 45 for an order to compel the State's Attorney's Office for Baltimore City (hereinafter "SAO") to properly respond to Individual Defendants' Subpoena to produce documents and information.[1] The parties specifically seek an order requiring the SAO to produce (1) unredacted versions of the documents that it heavily redacted without basis; and (2) documents and audio and video recordings that have been withheld on the basis of inapplicable exemptions, again without legal basis—as confirmed by several recent decisions in this District. The Individual Defendants also seek to compel additional documents withheld by the SAO on an assertion of work product privilege.

**Factual Background**

This case arises out of the arrest, prosecution, and conviction of Plaintiffs for felony murder of a 14-year-old boy named DeWitt Duckett in 1983. ECF No. 1. More than thirty years later,

---

[1]Defendant Baltimore Police Department ("BPD") does not object to the relief requested herein.

Plaintiff Chestnut wrote to the SAO requesting a reinvestigation of his conviction. *Id*. ¶¶ 117-118. The SAO ultimately joined Plaintiffs in filing a Petition for Writ of Actual Innocence, which was granted on November 25, 2019. *Id*. ¶¶ 118-119. The SAO then dismissed the charges against Plaintiffs. *Id*. ¶ 120. Following the dismissal of the charges, Plaintiffs filed this civil rights lawsuit against Individual Defendants and BPD.

On October 7, 2020, Individual Defendants, with the consent of Plaintiffs, properly served and issued a subpoena to the SAO for all relevant materials.[2] *See* Subpoena to SAO with proof of service, attached as Exhibit 1. After nearly four months, the SAO made an initial production on February 3, 2021. *See* Link to Production, attached as Exhibit 2. More than seven months later, the SAO continues to withhold the audio recording of key witness statements to the SAO, including those by Edward Capers, Ron Bishop, and John Caldwell. The SAO also produced documents so heavily redacted that they are rendered meaningless. The SAO's continued non-compliance with a lawfully issued subpoena and withholding of critical witness statements severely prejudices the parties' ability to litigate Plaintiffs' claims and Defendants' defenses.

**Legal Standard**

Under the Federal Rules of Civil Procedure, district courts have broad powers to govern the conduct of discovery. *Dashiel v. Montgomery County*, 131 F.R.D. 102, 103 (D. Md. Nov. 16, 1989). Federal Rule of Civil Procedure 45(A)(iii) commands that each person to whom a subpoena is directed shall, at a specified time and place, "produce designated documents" to comply with said subpoena. "[T]he scope of discovery allowed under a subpoena is the same as the scope of discovery allowed under Rule 26." *Phillips v. Ottey*, No. CV DKC 14-0980, 2016 WL 6582647,

---

[2] Under Local Rule 104.4, the parties agreed to the one-time issuance of a pre-discovery subpoena to the SAO despite the pendency of Defendants' Motions to Dismiss.

at *2 (D. Md. Nov. 7, 2016). "Thus, regardless of whether the Court considers [the parties'] Motion under Rule 45 or Rule 26, the Court must review [ ] subpoenas under the relevancy standards set forth in Rule 26(b)." *Id*. Under Rule 26(b), documents are discoverable so long as they are (1) non-privileged, (2) relevant to any party's claim or defense, and (3) proportional to the needs of the case.

## Discussion

**The SAO has improperly redacted records and withheld critical evidence without cause.**

As noted, after several unexplained delays, the SAO eventually produced documents and a privilege log on February 3, 2021.[3] *See* Correspondence of December 12, 2020, attached as Exhibit 3. The SAO production, labeled "Chestnut MPIA Documents," was heavily redacted to remove virtually every name and identifying information for every individual mentioned in the records, rendering the documents largely incomprehensible. Additionally, the SAO's privilege log identifies seven audio and/or audio-video recorded witness statements withheld on the basis that they contain "personal identifying information" in the form of a "voice print," a term used in the MPIA. *See* SAO Privilege Log, attached as Exhibit 4, Entries # 9–11, 13–16 (citing Md. Code, General Provisions § 4-501(a)(3)). The SAO has also withheld ten other documents, offering various inapplicable rationales for withholding (e.g., "sociological data"). *See id*. at Entries # 2–8, 17–19.

---

[3] The SAO made a "supplemental" production to the parties on March 18, 2021. But this production contained only one document and was previously produced on February 3, 2021. On May 7, 2021, the SAO made a second "supplemental" production. This production appears to contain identical records to the records produced on February 3, 2021 (though with amended file names) and also contains 12 additional redacted court transcripts.

**The SAO's deficient production is without legal basis.**

These asserted privileges are legally baseless. This Court has made crystal clear that "the exemptions in the [MPIA] do not create privileges for the purposes of discovery." *Shriner v. Annapolis City Police Dep't*, No. CIV.A. ELH-11-2633, 2012 WL 959380, at *3 (D. Md. Mar. 19, 2012) (citing *Boyd v. Gullett,* 64 F.R.D. 169, 178 (D.Md.1974)). Yet the SAO has taken the same unsupported position in multiple recent and similar cases. Each time when faced with this exact issue, this Court has had to order the SAO to produce unredacted documents and recorded audio witness statements. *See, e.g.*, *Johnson v. Baltimore Police Department, et al.*, 1:19-cv-00698-ELH, ECF No. 94, attached as Exhibit 5; *McPherson, et al. v. Baltimore Police Department, et al.*, 1:20-cv-00795-SAG, ECF No. 55, attached as Exhibit 6.[4] The same result should lie here. There is no basis for the SAO to redact documents (other than to redact social security numbers). And there is no basis during civil discovery of this federal lawsuit for the SAO to withhold documents on the basis of inapplicable Maryland statutes and regulations. Just as in *Johnson* and *McPherson*, the SAO should once again be compelled to fully comply with the validly issued subpoena.

**The parties have tried to avoid Court involvement.**

Judge Hollander's admonishment in *Shriner* "that judicial resolution of this controversy would have been unnecessary if counsel [ ] had consulted with one another and jointly proposed a protective order to the Court, in accordance with their duty to cooperate imposed by the Federal Rules of Civil Procedure, the Local Rules, and this Court's Discovery Guidelines," was well taken by the parties. 2012 WL 959380, at *5. On December 1, 2021, the parties jointly proposed the

---

[4] In another recent case, Estate of Malcolm Bryant v. Baltimore Police Department, et al., 1:19-cv-00384-ELH (D. Md.), ECF No. 118, the SAO similarly redacted and withheld documents containing "personal identifying information." Because the parties and the SAO reached an agreement on these documents after the parties filed a motion to compel, the Court did not reach the issue.

entry of a Stipulated Order Regarding Confidentiality of Discovery Material, which the Court granted the same day. *See* ECF No. 28. On February 16, 2021, Counsel for Individual Defendants informed Counsel for SAO of that existing protective order, and offered to mark "personal identifying information" confidential under the Court's order. *See* Email Correspondence of February 16, 2021, attached as Exhibit 7. Counsel also invited the SAO to propose a separate protective order if it preferred. *See id*. On February 22, 2021, Counsel for SAO informed Counsel for Individual Defendants that it would not produce the relevant materials. *See* Email Correspondence of February 22, 2021, attached as Exhibit 8. Counsel for Plaintiffs also conferred by phone with counsel for the SAO on May 7, 2021, but counsel for the SAO maintained the same position.

Despite the SAO's stated concerns about the insufficiency of court orders (*see Johnson*, 1:19-cv-00698-ELH, ECF No. 88; *McPherson*, 1:20-cv-00795-SAG, ECF No. 53), this Court has made clear that stipulated confidentiality orders are adequate protection when addressing privacy concerns in discovery, *see Equal Employment Opportunity Comm'n v. Performance Food Grp., Inc.*, No. CV MJG-13-1712, 2017 WL 2461977, at *3 (D. Md. June 7, 2017) (citing *Fangman v. Genuine Title, LLC*, No. RDB-14-0081, 2016 WL 560483, at *4–5 (D. Md. 2016) (concluding that "stipulated confidentiality order adequately protects privacy of nonparties")).

### Individual Defendants' Position on Other Improperly Withheld Documents[5]

The Individual Defendants additionally argue that the SAO has improperly withheld two other documents under "Attorney work product privilege." *See* SAO Privilege Log, Entries # 1, 12. Although the attorney opinion work product is protected from disclosure, production of fact work product may be compelled "in limited circumstances, where a party shows 'both a substantial

---

[5] Plaintiffs do not take a position with respect to the production of these records.

need and an inability to secure the substantial equivalent of the materials by alternate means without undue hardship.'" *In re Search Warrant Issued June 13, 2019*, 942 F.3d 159, 174 (4th Cir. 2019), *as amended* (Oct. 31, 2019) (quoting *In re Grand Jury Subpoena*, 870 F.3d 312, 316 (4th Cir. 2017)); *see* Fed. R. Civ. P. 26(b)(3). As explained, the SAO's reinvestigation of Plaintiffs' case is at the heart of this litigation. Thus, all factual and procedural recitations by the SAO are extremely relevant to Individual Defendants' defenses and are unavailable from another source.

## Conclusion

In the end, SAO's unexplained delays and unsupported positions are causing unnecessary delays and prejudice to the parties' ability to litigate Plaintiffs' claims and Defendants' defenses. The parties, therefore, jointly seek an order compelling SAO to produce unredacted versions of documents, all audio and video-recorded witness statements, and all improperly withheld documents responsive to the record subpoena of Individual Defendants. The Individual Defendants additionally seek to compel the production of the documents withheld based on the SAO's assertion of work product.

DATED: June 8, 2021

| /s/ | /s/ |
|---|---|
| Shneur Nathan (Bar No. 20707) | Kobie A. Flowers (Bar No. 16511) |
| snathan@nklawllp.com | kflowers@browngold.com |
| Avi Kamionski (Bar No. 20703) | Andrew D. Freeman (Bar No. 03867) |
| akamionski@nklawllp.com | adf@browngold.com |
| Mayer Engelsberg (Bar No. 21105) | Neel K. Lalchandani (Bar No. 20291) |
| mengelsberg@nklawllp.com | nlalchandani@browngold.com |
| Michael J. Elliker (Bar No. 20810) | Chelsea J. Crawford (Bar No. 19155) |
| melliker@nklawllp.com | ccrawford@browngold.com |
| 575 S. Charles St. Ste. 402 | Anthony J. May (Bar No. 20301) |
| Baltimore, MD 21201 | amay@browngold.com |
| (312) 612-1955 | Brown, Goldstein & Levy, LLP |
| (312) 448-6099 | 120 E. Baltimore Street, Suite 2500 |
| | Baltimore, Maryland 21202 |

*Attorneys for Donald Kincaid, Bryn Joyce, & John Barrick*

Tel: (410) 962-1030
Fax: (410) 385-0869

Larry A. Nathans (Bar No. 03023)
nathans@nathanslaw.com
Booth M. Ripke (Bar No. 25764)
bripke@nathanslaw.com
Nathans & Biddle LLP
120 E. Baltimore Street, Suite 1800
Baltimore, Maryland 21201
Tel: (410) 783-0272
Fax: (410) 783-0518

*Attorneys for Plaintiffs Alfred Chestnut, Andrew Stewart, Jr., and Ransom Watkins*

## CERTIFICATE OF SERVICE

I hereby certify that on June 8, 2021, I caused the foregoing document to be electronically filed with the Court's CM/ECF system, which will send an electronic copy of the same to all counsel of record, and that I served a copy of the same on counsel for the Baltimore City State's Attorney's Office via email.

/s/ Shneur Nathan