September 3, 2021

**VIA ECF**

Hon. A. David Copperthite
United States District Court
101 West Lombard Street, 8B
Baltimore, Maryland 21201

      Re:    *Alfred Chestnut, et al. v. Donald Kincaid, et al.*
             Civil Action No. LKG-20-2342

Dear Judge Copperthite:

      Plaintiffs Alfred Chestnut, Andrew Stewart, Jr., and Ransom Watkins respectfully request an order requiring the Individual Officer Defendants ("Individual Defendants") to comply with Plaintiffs' document requests for: (1) unredacted versions of the Individual Defendants' Baltimore Police Department ("BPD") personnel files; and (2) a color photograph of each of the Individual Defendants from in or about 1983 showing them from the shoulders up, facing the camera. Plaintiffs' requests are within the scope of permissible discovery and any concerns about the sensitive or private nature of such documents are protected by the parties' Stipulated Order Regarding Confidentiality of Discovery Material ("Confidentiality Order"). *See* ECF No. 28.

## Factual Background

      On May 19, 2021, Plaintiffs served document requests on the Individual Defendants. In Request Number 10, Plaintiffs asked the Individual Defendants to produce their "complete personnel file" from their employment with BPD, "including without limitation any and all documents concerning . . . hiring, training, employment, performance, discipline, and remediation with BPD." *See* **Exhibit 1**. The Individual Defendants objected on the grounds that Plaintiffs' request was "overly broad in terms of time, unduly burdensome, and seeks information that is confidential, unnecessary, and thus disproportional to the needs of the case." *See* **Exhibit 2**.

      In Request Number 18, Plaintiffs asked the Individual Defendants to produce "[a] color photograph of yourself from the shoulders up facing the camera, showing a clear view of your face, from 1983, or as close to that date as you have in your possession, custody or control." *See* **Exhibit 1**. Here, the Individual Defendants objected, claiming the request was "harassing, unduly burdensome in that it is a needless invasion of the privacy of retired law enforcement officers," that it posed an "unnecessary risk that Defendant Officers will be made the subject of an unfair and unreliable photo identification," and "a risk to officer safety." *See* **Exhibit 2**.

      After an initial agreed upon three-week deadline extension, and an additional six weeks beyond that without any explanation for the significant delay, the Individual Defendants produced heavily redacted personnel records for Defendants Donald Kincaid and John Barrick and an 18-page redaction log. The Individual Defendants objected to producing <u>any</u> documents in response to Plaintiffs' request for photographs.

## Legal Standard

"Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). Discoverable evidence is broader than admissible evidence because it is "relevance and not admissibility" that dictates. *Herchenroeder v. Johns Hopkins Univ. Applied Physics Lab*, 171 F.R.D. 179, 181 (D. Md. 1997). Relevancy is "broadly construed to encompass *any possibility* that the information sought may be relevant to the claim or defense of any party." *O'Malley v. Trader Joe's East, Inc.*, Civil Action No. RDB-19-3273, 2020 WL 6118841, at *3 (D. Md. Oct. 15, 2020) (emphasis added); *see also Martin v. Conner*, 287 F.R.D. 348, 350 (D. Md. 2012) (finding in § 1983 lawsuits that "strong public interest . . . generally weighs heavily in favor of a full airing of the relevant evidence.").

Regarding proportionality, courts consider "whether the burden or expense of the proposed discovery outweighs its likely benefit," *In re Verizon Wireless*, Civil Action No. TDDC-19-1744, 2019 WL 4415538, at *4 (D. Md. Sept. 16, 2019), as well as the "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, [and] the importance of the discovery in resolving the issues," Fed. R. Civ. P. 26(b)(1). Once the party seeking discovery demonstrates relevancy and proportionality, the burden shifts to the resisting party to show why discovery is not permitted. *United Oil Co. v. Parts Ass'n*, 227 F.R.D. 404, 411 (D. Md. 2005).

## Argument

### I. The Requested Personnel Files Are Discoverable and the Individual Defendants' Extensive Redactions of Those Files Are Unreasonable.

The Individual Defendants' redaction log spans 18 pages and identifies four categories of purportedly non-discoverable matters: (1) personal and confidential information; (2) medical records; (3) records post-dating May 28, 1984; and (4) not-sustained disciplinary records. *See* **Exhibit 3**. The Individual Defendants have sought to unilaterally redact information from responsive personnel files that they alone have deemed irrelevant. Courts, including this one, have repeatedly ruled that such redactions are improper. *See, e.g., In re Marriott Int'l Customer Data Sec. Breach Litig.*, Case No. MDL No. 19-md-2879, 2020 WL 5525043, at *2 (quoting *Bartholomew v. Avalon Capital Group, Inc.*, 278 F.R.D. 441, 451 (D. Minn. 2011) ("The Federal Rules of Civil Procedure do not grant parties the power to unilaterally redact information on the basis of relevance."); *id.* at 2 n.2 (citing additional cases); *Toyo Tires & Rubber Co., Ltd. v. CIA Wheel Group*, No. SA CV 15-00246-DOC (DFMx), 2016 WL 6246384, at *2 (C.D. Cal. Feb. 23, 2016) (finding that a producing party "may not redact otherwise responsive documents because those documents contain irrelevant material"); *ArcelorMittal Cleveland Inc. v. Jewell Coke Co., L.P.*, No. 1:10-CV-00362, at *3 (N.D. Ohio Dec. 16, 2010) (disallowing unilateral rejections and explaining that "the language of Rule 34 discussed production of 'documents,' rather than paragraphs or sentences); *Engage Healthcare Commc'n, LLC v. Intellisphere, LLC*, Civil Action No. 12-cv-00787(FLW)(LHG), 2017 WL 3624262, at *3 (D.N.J. Apr. 26, 2017) (collecting cases).

This Court should similarly reject the Individual Defendants' redactions based on this longstanding authority. For completeness, each of the four categories of withheld information is addressed below.

### A. Personal and Confidential Information

There is no basis for the Individual Defendants to redact "personal and confidential information" from their employment records because the information is protected by the parties' Confidentiality Order. ECF No. 28. The Confidentiality Order, in effect since December 2020 provides that information such as "employment, disciplinary, or other information that is of a sensitive or private nature . . . as well as personal and family information of police officers" can be designated "Confidential" to allow the parties to freely share such information while limiting its dissemination to the public and third parties. *See id.* at 2. Despite designating all of their personnel records "Confidential," the Individual Defendants, without explanation or a legal basis, nevertheless redacted significant portions of those records, precluding Plaintiffs from viewing the information and rendering the Confidentiality Order superfluous. Redacting unspecified personal and confidential information serves no purpose other than to allow the Individual Defendants to unilaterally control the scope of discoverable information.

The "personal and confidential" information contained in the Individual Defendants' personnel records is discoverable. A law enforcement officer's employment records are critical, foundational documents in a wrongful conviction case where, as here, the officer's conduct during an official investigation is squarely at issue. The records must be read in their entirety— without cumbersome redactions—to fully understand the officer's employment history. The heavily redacted records and the redaction log demonstrate that the Individual Defendants have applied a sweeping definition of "personal and confidential information," a generic phrase that does not even justify the redactions in the first place. In addition to redacting the Individual Defendants' birth dates, prior addresses, and identifying information of family members, the Individual Defendants have redacted probative information relating to their criminal background and personal interview statements. The Individual Defendants have also redacted entire pages of information and provided only generic descriptions on the redaction log, making it impossible to discern the precise nature of the withheld information. *See* **Exhibit 4** (describing documents vaguely as "Reports"); *see also* **Exhibit 3** (Individual Defendants' redaction log).

The arguments that the Individual Defendants have raised to shield their "personal and confidential information" are the very arguments that they opposed in the parties' Joint Motion to Compel the State's Attorney's Office for Baltimore City ("SAO") to Comply with Individual Defendants' Record Subpoena. *See* ECF No. 48. Both Plaintiffs and the Individual Defendants agreed that the SAO could not redact the personal identifying information of non-parties because such information was relevant and adequately protected by the parties' Confidentiality Order. *See* ECF No. 48 at 5. The Individual Defendants cannot credibly argue that the information in their own personnel files—which they concede are discoverable and relevant to the named Individual Defendants—is not subject to disclosure. Just as this Court ordered the SAO to produce unredacted documents, the Individual Defendants should be required to do the same. *See* ECF No. 51.

### B. Medical Records

The Individual Defendants cannot redact "medical records" from their personnel files for the same reason that they cannot redact "personal and confidential information" from such files. Information comprising "medical records" is covered by the Confidentiality Order, integral to the Individual Defendants' employment history with the BPD, and may lead to relevant and admissible evidence. Plaintiffs produced their prison files without limitation of whether Plaintiffs deemed it relevant to the case, and it is unreasonable for the Individual Defendants to unilaterally withhold portions of their employment file.

### C. Records Post-Dating May 28, 1984

The Individual Defendants also cannot thwart the Plaintiffs' access to relevant evidence by redacting and limiting discovery of their employment history to the date of Plaintiffs' sentencing, May 28, 1984. First, the Individual Defendants' position is contrary to law. As this Court has recognized: "[r]elevancy cannot be reduced to mere chronology." *Costal Lab'ys, Inc. v. Jolly*, Civil Action Nos. RDB-20-2227, RDB-21-0137, 2021 WL 1599224, at *9 (quoting *United States v. Ramirez*, 894 F.2d 565, 569 (2d Cir. 1990). As other courts have aptly stated, "Evidence of subsequent events frequently sheds light upon, and thus assumes relevance in relation to, antecedent acts. *See United States v. Lara,* 181 F.3d 183, 204 (1st Cir. 1999).

Second, the Individual Defendants incorrectly assume that little-to-no personnel records after Plaintiffs' sentencing are relevant to the civil claims in this lawsuit. To the contrary, the personnel files may contain performance reviews relating to the Individual Defendants' investigation in the DeWitt Duckett homicide that occurred after Plaintiffs were convicted and the case was closed. The personnel files may also contain training records related to key issues in this case, such as the interrogation of juvenile witnesses or photo identification procedures. Such information is critical to Plaintiffs' misconduct claims, and the Individual Defendants' categorical position that documents after a certain date are not discoverable should be rejected.

### D. Not Sustained Disciplinary Complaints

The Individual Defendants have improperly redacted approximately 22 full pages of "Not Sustained Disciplinary Records." This Court has recognized that unsustained disciplinary records of a defendant law enforcement officer are discoverable where the conduct complained of is similar to the conduct at issue in the civil lawsuit. *See Martin*, 287 F.R.D. at 352 (D. Md. 2012). Indeed, unsustained complaints "may demonstrate previous improper behavior and may impugn the veracity of the defendants." *Id.* Individual Defendants rely on *Bellamy-Bey v. Baltimore Police Department*, 237 F.R.D. 391 (D. Md. 2006), yet ignore that this Court flatly rejected the holding of that case in *Martin*. The *Martin* Court noted that *Bellamy-Bey's* conclusion that unsustained complaints are irrelevant is contrary to the more recent "strong judicial consensus that unsustained complaints . . . should be discoverable, if the request is limited to factually similar complaints." *Martin*, 287 F.R.D at 353. Individual Defendant's reliance on stale case law demonstrates the hollowness of their claim.

Counsel for the Individual Defendants proffered that the unsustained disciplinary records at issue relate to a complaint of excessive force against Defendant Barrick from 1964. Given that

the allegations in this case pertain to, *inter alia*, the use of threatening and coercive tactics to compel juvenile witnesses to testify falsely, a prior complaint of excessive force is strikingly similar and warrants further exploration.

### II. Likewise, the Individual Defendants' Color Photographs Are Discoverable.

This Court recently ruled that a nearly identical request for color photographs of officer defendants in a wrongful conviction case were relevant and discoverable. In *Johnson v. Baltimore Police Department, et al.*, Civil No. ELH-19-698, ECF No. 97, Judge Boardman concluded that the plaintiff's requests for photographs of each defendant from the year of the plaintiff's arrest showing a clear view of the defendant's torso and face and a clear view from the shoulders up were relevant and appropriate for plaintiff to use to refresh a witness's recollection of events that occurred decades earlier. *See* ECF No. 97 at 2.

Judge Boardman rejected the arguments that the Individual Defendants now repeat in this case. In *Johnson*, as here, the plaintiff alleged that the officer defendants pressured a juvenile witness to provide false testimony in the 1980s. *Id.* Judge Boardman concluded that the photographs of the officer defendants from the time of the murder investigation and prosecution were relevant because they "may aid in refreshing a witness's memory about each defendant's role in the investigation and prosecution," particularly where the underlying investigation and prosecution occurred more than 30 years ago. *Id.* Judge Boardman was not persuaded by the officer defendants' argument that they would suffer unfair prejudice from a possible suggestive photo identification by the plaintiff. Like the Plaintiffs here, the plaintiff in *Johnson* sought the photographs to refresh witnesses' recollections of past events, not to identify previously unknown officers who were involved in Plaintiffs' investigation and prosecution. *See id.*

Finally, to the extent that the Individual Defendants argue that Plaintiffs' request is harassing or an invasion of their privacy, their arguments are meritless. The Individual Defendants have no privacy interest in their physical appearance. *Condon v. Reno*, 972 F. Supp. 977, 991 (D.S.C. 1997), *aff'd*, 155 F.3d 453 (4th Cir. 1998), *rev'd on other grounds*, 528 U.S. 141 (2000). Even if such an interest existed for any person, the Individual Defendants cannot claim it due to their visible public roles. *Cf. Franks v. City of New York*, No. 13-CV-623 JBW VMS, 2013 WL 6002946, at *2 (E.D.N.Y. Nov. 12, 2013) ("Defendant offers no explanation for why the requested photographs are protected by the law enforcement and official information privileges, when the officers are publicly visible during the course of their duties."). Each of the Individual Defendants was a homicide detective employed by the BPD. They interacted daily, in person, with members of the public as part of their duties as public servants. Any privacy concerns that the Individual Defendants have can be addressed by the Confidentiality Order, if necessary.

For the forgoing reasons, Plaintiffs respectfully request that the Court order the Individual Defendants to produce unredacted documents responsive to Plaintiffs' Request No. 10 and color photographs pursuant to Request No. 18.

Hon. A. David Copperthite
September 3, 2021
Page 6 of 6

Respectfully,

/s/
Kobie A. Flowers (Bar No. 16511)
kflowers@browngold.com
Andrew D. Freeman (Bar No. 03867)
adf@browngold.com
Neel K. Lalchandani (Bar No. 20291)
nlalchandani@browngold.com
Chelsea J. Crawford (Bar No. 19155)
ccrawford@browngold.com
Anthony J. May (Bar No. 20301)
amay@browngold.com
Brown, Goldstein & Levy, LLP
120 E. Baltimore Street, Suite 2500
Baltimore, Maryland 21202
Tel: (410) 962-1030
Fax: (410) 385-0869

/s/
Larry A. Nathans (Bar No. 03023)
nathans@nathanslaw.com
Booth M. Ripke (Bar No. 25764)
bripke@nathanslaw.com
Nathans & Biddle LLP
120 E. Baltimore Street, Suite 1800
Baltimore, Maryland 21202
Tel: (410) 783-0272
Fax: (410) 783-0518

*Attorneys for Plaintiffs Alfred Chestnut, Andrew Stewart, Jr., and Ransom Watkins*