**NATHAN & KAMIONSKI LLP**

AVI KAMIONSKI
*Partner*
akamionski@nklawllp.com
T: (312) 612-1920
F: (312) 448-6099

September 3, 2021

**VIA CM/ECF**
Hon. Judge David A. Copperthite
United States District Courthouse
101 West Lombard Street
Chambers 8B
Baltimore, Maryland 21201

      RE:    *Alfred Chestnut, et al., v. Donald Kincaid, et al.,*
             *Case No. 2020-cv-2342*

Dear Judge Copperthite:

      We represent John Barrick, Bryn Joyce, and Donald Kincaid ("Individual Defendants") in the matter referenced above and write regarding our position on the discovery disputes centered on production of the Individual Defendants' personnel records from their time with the Baltimore City Police Department (BPD) as well as Plaintiffs' request that Individual Defendants produce photographs of themselves from a time period over three decades ago.

      As background, Plaintiffs, Alfred Chestnut, Andrew Stewart Jr., and Ransom Watkins ("Plaintiffs") bring this §1983 lawsuit against BPD and the Individual Defendants. Plaintiffs allege Individual Defendants caused Plaintiffs' alleged wrongful convictions and imprisonment for the murder of Dewitt Duckett, in part, by coercing testimony from witnesses and withholding exculpatory evidence. *See* Dkt. No. 1. This incident occurred in 1983. *Id*.

**Plaintiffs' Request for Every Employment Record for Defendants' Entire Careers is not Proportional to the Needs of this Case**

      As stated in the parties' joint letter, it is our position that Plaintiffs' request for the Individual Defendants' entire personnel file is overly broad as to scope and time, seeks unnecessary personal and confidential information, and for these reasons, is disproportional to the needs of this case. Defendant Barrick was employed at BPD from January 1963 until November 2003. Defendant Kincaid was employed at BPD from April 1966 until May 1990.[1] Plaintiffs' request for "without limitation any and all documents" relating to the Individual Defendants employment with the BPD lacks any temporal or scope limitation, is untethered to the actual facts and allegations of this case, and is overbroad. In fact, Plaintiffs' request runs afoul of the Federal Rules of Civil Procedure which allow discovery only of matters "that [are] relevant to any party's claim or defense and proportional to the needs of the case." F.R.C.P. 26(b). Plaintiffs fail to offer any explanation for why the Defendants' entire personnel files (spanning several decades) are

---

[1] Individual Defendants do not possess any responsive records for Defendant Joyce at this time.

relevant or proportional to the issues in this case. *See Bost v. Wexford Health Sources, Inc.*, 2020 WL Case 1:19-cv-00384-ELH Document 88 Filed 07/22/20 1890506 (D. Md., April 15, 2020)(upholding magistrate judge's denial of plaintiff's discovery request in part because the documents sought were not proportional as they were not "reasonably tailored to the issue[s]" alleged in the complaint); *also citing Estate of Najera-Aguirre v. Cty. of Riverside*, No. EDCV18762DMGSPX, 2019 WL 6898944, at *4 (C.D. Cal. Aug. 22, 2019)(Plaintiff's request for officer's "entire personnel file" was overbroad).

In addition, the default rule under Maryland law is that personnel records are exempt from disclosure under Section 10–616(i) of the Maryland Public Information Act ("MPIA"). *See Maryland Dep't of State Police v. Dashiel*, 443 Md. 435 (2015). While this is not a dispute involving an MPIA request, the privacy interests are equally valid. The Fourth Circuit has never articulated a blanket rule that personnel records are discoverable in every case. Instead, "personnel files are discoverable if they contain information relevant to the subject matter of a case and the need for the information outweighs the file holders' privacy interests." *See Kirkpatrick v. Raleigh Cnty. Bd. of Educ.*, No. 95–2491, 1996 WL 85122, at *2 (4th Cir. Feb. 29, 1996).

As for disciplinary files, the District Court in *Bellamy-Bey v. Baltimore Police Dept.*, 237 F.R.D. 391 (D. Md. 2006) held that only those files which involved sustained claims of "a Defendant engaging in the same [underlying conduct] that [Plaintiff] is challenging" were to be produced. In *Bellamy-Bey*, the Court discussed the balancing test traditionally applied by courts to determine what police files are relevant to a suit.

Plaintiffs have repeatedly pointed to the stipulated confidentiality order entered in this case (Dkt. No. 28) for the proposition that any objections offered by Individual Defendants as to proportionality and relevance are misplaced.[2] Plaintiffs are mistaken. The confidentiality order is only applicable after a threshold determination has been made that requested records are proportional and relevant to the needs of the case.[3] *Id*. at ¶ 9 ("This Order and the production of any Confidential Information pursuant thereto are not intended as a waiver of any privilege or right."). Regardless, the confidentiality order specifically provides that a party claiming a need for greater protection than that afforded by the confidentiality order may move for an order providing such special protection pursuant to Fed. R. Civ. P. 26(c). *Id*. at ¶ 5. Individual Defendants respectfully so move the Court.

In an effort to cooperate with Plaintiffs and limit the requests to relevant and proportional information, Individual Defendants met and conferred with Plaintiffs on July 29, 2021 and proposed that the parties agree to narrow the scope of Plaintiffs' requests. Plaintiffs refused to limit their requests and insisted on production of every single record from 1963 until the present, regardless of its relationship to this case, including unsustained disciplinary records, medical records, and records from 20 years after the incident in this case.[4] Despite Plaintiffs' intransigence, Individual Defendants produced ALL known sustained disciplinary records, as well as ALL known training records, performance evaluations, disciplinary records, and application records from the

---

[2] Plaintiffs themselves insisted on protections greater than those afforded by the confidentiality order in relation to the production of Plaintiffs' medical records by the Department of Public Safety and Correctional Services (DPSCS) in response to Individual Defendants' properly issued subpoena.

[3] In this way, Individual Defendants' position is fully consistent with the position taken in their Joint Motion to Compel the SAO (Dkt. No. 48). Unlike here, the records withheld by the SAO were in fact completely proportional and relevant to the needs of this case. *See* Dkt. No. 51.

[4] Plaintiffs did agree to the redaction of SSNs.

time of Individual Defendants' application for employment with BPD (1960s) until the date of Plaintiffs' convictions, May 28, 1984, including evaluations and records relating to anything during that time period.[5]

The parameters of this production followed the same parameters set forth in *Estate of Malcolm Bryant v. Baltimore Police Department, et al.*, 1:19-cv-00384-LKG (D. Md.), currently pending in this jurisdiction and being litigated by the same counsel of record. As such, Individual Defendants produced nearly twenty years of records for both Defendants Barrick and Kincaid. The deep dive Plaintiffs seek into Individual Defendants' decades of employment at BPD is an unnecessary infringement on Defendants' personal lives.

Lastly, there is only one unsustained complaint that is relevant to the parties' dispute regarding unsustained disciplinary records. It is a complaint from 1964, nineteen years before the underlying incident in this case and completely unrelated to the allegations against the Defendant detective who was then a patrol officer. The complaint was investigated and found to be unsubstantiated. Consistent with *Bellamy-Bey*, 237 F.R.D. 391, the Court should deny Plaintiffs' request for these records.

If the Court is inclined to order production of the additional personnel records, Individual Defendants request the Court conduct an in-camera review of the requested records to determine if these records are proportional to the needs of the allegations made in this case.

Respectfully, Individual Defendants request that this Court limit Plaintiffs' overbroad and disproportional requests to only that information which is relevant to the issues in terms of time and scope, and which is proportional to the needs of the case.

**Plaintiffs' Request for Old Photographs is not Proportional to the Needs of this Case in Light of the Severe Risk of Tainted Evidence**

In addition to officer safety concerns inherent in providing photographs of law enforcement, in this case, the only reason Plaintiffs are seeking officer photographs is so that they can use the photographs to conduct highly suggestive and unfair show-ups with witnesses. Plaintiffs' proposed use of the Individual Defendants' photographs is particularly inappropriate in light of the fact that the witnesses in this case may or may not have interacted with Individual Defendants more than 35 years ago. *See Matthews v. Charbonneau*, No. CIV. A. 78-1679-N, 1980 WL 580044, at *2 (D. Mass. July 30, 1980) ("Once a witness mistakenly identifies a photo of an individual it is the photo that he is likely to remember rather than the person he actually saw."); *see Ezell v. City of Chicago*, No. 18 C 1049, 2020 WL 996518, at *1 (N.D. Ill. Mar. 2, 2020) (denying plaintiff's request for officer defendant photographs in the absence of reliable identification procedure); *Abernathy v. Vill. of Park Forest*, No. 16 C 2128, 2018 WL 5499789, at *3 (N.D. Ill. Oct. 29, 2018) (same). At a minimum, if Individual Defendants are ordered to produce their photographs, the Court should safeguard against misuse of the photographs by ordering that they be used only in the context of a deposition. *Santos v. Raymond*, No. 84 CIV. 8230-CSH, 1984 WL 1335, at *1 (S.D.N.Y. Dec. 14, 1984) (ordering safeguards to protect against misuse of photographs); *Davis v. City of Chicago*, 219 F.R.D. 593, 600 (N.D. Ill. 2004) (same).

---

[5] Individual Defendants have also redacted otherwise confidential information such as medical records and family members' personal information which are completely unrelated to the claims in this case. Individual Defendants tendered a redaction log reflecting these redactions.

Plaintiffs point to *Johnson v. Baltimore Police Department, et al.*, 1:19-cv-00698-ELH, ECF No. 97, in support of their request for Individual Defendants' photographs. In *Johnson*, Judge Boardman ordered the production of officer photographs and reasoned that "*Ezell*, *Santos*, and *Davis* are easily distinguished because they involved the use of photographs for the plaintiff to identify who assaulted or harmed him or her." *Id.* Respectfully, however, Judge Boardman's reasoning failed to recognize that both *Ezell* and *Abernathy* denied plaintiff attempts to procure unfettered access to officer photographs even though the defendants were already named in the lawsuit. *Ezell*, 2020 WL 996518, at *1; *Abernathy*, 2018 WL 5499789, at *3. Moreover, the fact that Plaintiffs seek to use Individual Defendants' photographs to conduct suggestive identifications with witnesses, as opposed to identifications by Plaintiffs, is a distinction without a difference. The Court should not permit suggestive identifications regardless of the identity of the person viewing the photographs. *See id*.

The fact that Plaintiffs in this case intend to use Individual Defendants' photographs to conduct unreliable identifications with witnesses is laid bare by their refusal to agree to any protocol that would provide assurances as to the reliability of the identifications. As in *Ezell*, this Court should protect the interests of justice and deny Plaintiffs' request for photographs in light of their failure to make any effort to propose any reliable identification procedure. *See Ezell*, 2020 WL 996518, at *1. Alternatively, the Court should impose a procedure to safeguard against the improper use of suggestive identifications. *See Davis*, 219 F.R.D. at 600 (ordering the "production of the photographs on the condition that the examination of the photographic array be conducted under the supervision of an independent, neutral person trained in the proper methods of eyewitness identification-the presiding officer"). Even if the Court does not require a neutral administrator during any use of the photographs with witnesses, Individual Defendants submit that a workable solution is for the Court to order that any Individual Defendant photographs be used in the context of a deposition (where all parties are represented) and without leading questions by counsel. *See generally Matthews*, 1980 WL 580044; *Santos*, 1984 WL 1335; *Davis*, 219 F.R.D. at 600) (applying various restrictions on the production of photographs of defendants).

Although Plaintiffs may suggest that cross-examination at trial is the appropriate remedy for any issue with an identification, the Court has long recognized the devastating impact of positive identification testimony stating that "[p]ositive identification testimony is the most dangerous evidence known to the law" and that "[t]ainted identification evidence cannot be allowed to go to a jury because they are likely to accept it uncritically." *United States v. Greene*, 704 F.3d 298, 306 (4th Cir. 2013) (quoting *Smith v. Paderick*, 519 F.2d 70, 75 n. 6 (4th Cir.1975)).

Finally, these unreliable identifications would also unnecessarily pose a risk to the safety of the Individual Defendants. In *Santos v. City of New York*, the Court noted the legitimacy of officers' concern for their safety as a result of the potential for their photographs to be released. (*See Santos v. City of New York*, No. 16CV8389RMBBCM, 2017 WL 476792, at *5 (S.D.N.Y. Jan. 13, 2017)). Plaintiffs have made no effort to address this reasonable concern.

In conclusion, "[o]n the record in this case as it stands now, the Court [should] conclude[] that Plaintiff[s] [have] not shown that requiring Defendants to produce any photographs that may exist of individual police officers involved in this case as they appeared more than 30 years ago []is proportional to the needs of this case." *Abernathy*, 2018 WL 5499789, at *3. Therefore, Individual Defendants respectfully request that the Court deny Plaintiffs' request for their photographs. Alternatively, Individual Defendants request that the Court order that any photographs that are produced must be subject to the safeguards discussed above.

Respectfully Submitted,

/s/ _____
Avi Kamionski, Bar No. 20703
akamionski@nklawllp.com
Shneur Nathan, Bar No. 20707
snathan@nklawllp.com
Mayer Engelsberg Bar No. 21105
mengelsberg@nklawllp.com
Michael J. Elliker Bar No. 20810
melliker@nklawllp.com
575 S. Charles St., Suite 402
Baltimore, MD 21201
(312) 612-1955
(312) 448-6099
*Attorneys for Individual Defendants Donald Kincaid, Bryn Joyce, & John Barrick*

cc: All counsel of record via CM/ECF