IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| ALFRED CHESTNUT, et al., | * | |
| Plaintiffs, | * | |
| v. | * | CIVIL NO.: LKG-20-2342 |
| DONALD KINCAID, et al., | * | |
| Defendants. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM AND ORDER

This case was referred to me for all discovery and related scheduling on May 12, 2021. ECF No. 40. In accordance with my discovery procedures, the parties have submitted letters outlining their positions. ECF No. 56, 57. In essence, Plaintiffs have requested disclosure of the individual police officers' personnel files. Defendant officers produced redacted versions of their personnel files and Plaintiffs have objected to all redactions. Plaintiffs also have requested color photographs of the Defendant officers from in or about 1983. Defendant officers have objected to their production. The matter has been sufficiently briefed and there is no need for a hearing. Loc.R. 105.6 (D.Md. 2021).

### Legal Standard

Discovery rules are to be accorded broad and liberal construction. *Herbert v. Lando*, 441 U.S. 153, 177 (1979); *Hickman v. Taylor*, 329 U.S. 495, 507 (1947). Nevertheless, a court may "issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense . . . ." Fed.R.Civ.P. 26(c)(1). Protective orders pursuant to Rule

26(c) "should be sparingly used and cautiously granted." *Baron Financial Corp. v. Natanzon*, 240 F.R.D. 200, 202 (D.Md. 2006) (citation omitted). "Normally, in determining good cause, a court will balance the interest of a party in obtaining the information versus the interest of his opponent in keeping the information confidential or in not requiring its production." *UAI Tech., Inc. v. Valutech, Inc.*, 122 F.R.D. 188, 191 (M.D.N.C. 1988) (citation omitted).

The party moving for a protective order bears the burden of establishing good cause. *Webb v. Green Tree Servicing, LLC*, 283 F.R.D. 276, 278 (D.Md. 2012). The proponent may not rely on stereotyped or conclusory statements, but "must present a particular and specific demonstration of fact as to why a protective order should issue." *Id.* at 279 (citation omitted). Good cause exists where the information sought in discovery is not relevant to any issue in the case.

The Court is guided by Fed.R.Civ.P. 26(b)(1) and Appendix A, Guideline 1 of the Local Rules, "to facilitate the just, speedy, and inexpensive conduct of discovery," in light of what is "relevant to any party's claim or defense; proportional to what is at issue in a case; and not excessively burdensome or expensive as compared to the likely benefit of obtaining the discovery being sought." Local Rules, Appendix A, Guideline 1 (2021).

Central to resolving any discovery dispute is determining whether the information sought is within the permissible scope of discovery, as stated in Fed.R.Civ.P. 26(b)(1). *Lynn v. Monarch Recovery Management, Inc.*, 285 F.R.D. 350, 355 (D.Md. 2012). Federal Rule of Civil Procedure 26(b)(2)(C) "cautions that all permissible discovery must be measured against the yardstick of proportionality." *Victor Stanley, Inc. v. Creative Pipe, Inc.*, 269 F.R.D. 497, 523 (D.Md. 2010). Under that rule, the court, acting *sua sponte* or at a party's request, "must limit the frequency or extent of discovery" if: (i) "the discovery sought is unreasonably cumulative or duplicative, or

can be obtained from some other source that is more convenient, less burdensome, or less expensive"; (ii) "the party seeking discovery has had ample opportunity to obtain the information by discovery in the action"; or (iii) "the proposed discovery is outside the scope permitted by Rule 26(b)(1)," considering "the importance of the issues at stake in the action, the amount in controversy, . . . the parties' resources, the importance of discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed.R.Civ.P. 26(b)(2)(C)(i)–(iii); 26(b)(1).

## Discussion

While this dispute is not in the formal posture of a motion to compel, the Court finds the same analysis to be applicable. Defendant officers state in their letter that they move for protection under Fed.R.Civ.P. 26(c). ECF No. 57. Initially the Court must determine whether the information sought is within the permissible scope of discovery. Fed.R.Civ.P. 26(b)(1). Plaintiffs have requested the entire employment files of the Defendant officers. Defendant officers created a redaction log and categorized the redacted information as (1) Personal and Confidential Information, (2) Medical Records, (3) Records dating after May 28, 1984, and (4) Disciplinary Complaints that were not sustained. ECF No. 56 at 2.

With respect to the personal and confidential information, Plaintiffs allege they are entitled to the entirety of the file. Plaintiffs have not presented evidence that the entirety of the file is relevant. Plaintiffs have also not presented evidence or any argument that medical information contained in the file is relevant. Instead Plaintiffs argue that "[t]he records must be read in their entirety—without cumbersome redactions—to fully understand the officer's employment history." ECF No. 56 at 3. *See id.* at 4. The Court disagrees.

In the Complaint, Plaintiffs allege that the Defendant officers pressured young witnesses to give false testimony which led to the wrongful conviction of Plaintiffs. ECF No. 1 at 9. With this backdrop, there is no evidence presented by Plaintiffs to permit the total disclosure of information in the file. As stated previously, "all permissible discovery must be measured against the yardstick of proportionality." *Victor Stanley, Inc.*, 269 F.R.D. at 523. Before that yardstick can be applied, the evidence must be relevant. *Id.* After reading the submissions from the parties, it is clear to the Court that there are components to the personnel files that are relevant and require disclosure. Defendant officers must disclose any information related to any disciplinary action taken against Defendant officers, whether or not it was sustained. If any disciplinary materials include sensitive or confidential information, the documents can be marked accordingly and shall be protected under the confidentiality agreement (ECF No. 28) between the parties. The scope of the disclosure shall extend from the date of hire until May 28, 1984. In the event there are disciplinary actions, whether sustained or not that are similar to the alleged facts of this case—that Defendant officers coerced or otherwise caused witnesses to give false testimony—those records shall be disclosed regardless of when they occurred, before or after May 28, 1984.

As I indicated previously, there is no evidence presented to convince the Court that medical records of the Defendant officers are relevant. The Defendant officers need not disclose medical records or records related to their health. The birth dates, prior addresses, and identifying information regarding family members likewise lack any evidentiary support for relevance and need not be disclosed. Plaintiffs argue that Defendant officers have redacted additional probative information relating to Defendant officers' criminal background and personal interview statements. Plaintiffs do not present any evidence how the Defendant officers'

background checks or personal interview statements that occurred well prior to these events are relevant. Defendant officers need not disclose any such documents, absent further support.

Turning to the issue of photographs of Defendant officers on or near 1983, Defendant officers argue that Plaintiffs' request is not proportional to the needs of the case. Defendant officers also argue that there is a great risk of misidentification by a potential witness, a harm that is difficult to remedy at trial. In support of their request, Plaintiffs rely on Judge Boardman's recent decision in this Court requiring the Defendant officers to each produce two photographs of themselves at the relevant time of events and under the confidentiality agreement between the parties. *Johnson v. Baltimore Police Department, et al.*, No. ELH 19-698, ECF No. 97 (Apr. 26, 2021). Judge Boardman's Order is well-reasoned and instructive in this case.

I find the argument from Defendant officers that producing the photographs is not proportional to the needs of the case, to be unpersuasive. In *Johnson*, Judge Boardman found that the Baltimore Police Department would have been unduly burdened in attempting to locate photographs of the Defendant officers. *Id.* at 3. The same does not apply to the Defendant officers themselves. While it may be burdensome to require Defendant officers to produce the photographs, it is not *unduly* burdensome and the need outweighs any burden to produce the photographs. *See* Fed.R.Civ.P. 26(b)(5)(c). The events occurred 38 years ago. *See* ECF No. 1 ¶ 28. Plaintiffs have shown that having photographs of the Defendant officers from that time period meets the needs of the case and is important to further the discovery process. *See Lynn*, 285 F.R.D. at 355. The court recognizes that 1983 may be before the age of commonplace digital storage of photographs but to the extent the requested photographs exist Defendant officers are to produce at least two color photographs of themselves showing their upper torso and face as requested.

Turning to the Defendant officers' second argument about the potential misuse of the photographs, the purpose of the photographs is to refresh the memory of potential witnesses. This is not a situation where photographs may prove to be highly suggestive to a witness in a lineup. As the Court stated in *Johnson*, the players here, the Defendant officers are already identified. No. ELH 19-698, ECF No. 97 at 3. However, I will impose similar safeguards regarding the use of the photographs: the photographs shall be produced subject to the confidentiality agreement (ECF No. 28) between the parties. The photographs will remain within the custody and control of counsel and shall only be used in conjunction with investigating the complaint in this case. Any use of the photographs shall be documented and that documentation shall be provided to opposing counsel at the time of its use and before any deposition or other witness testimony.

Date: 15 September 2021

A. David Copperthite
United States Magistrate Judge