IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

ALFRED CHESTNUT, *et al.*,  )
                                Plaintiffs,  )
                   v.  )     Civil Action No. LKG-20-2342
DONALD KINCAID, *et al.*,  )
                                Defendants.  )

## MOTION FOR *IN CAMERA* REVIEW OF RECORDS REDACTED BY THE STATE'S ATTORNEY'S OFFICE

Individual Defendants, Donald Kincaid, Bryn Joyce, and John Barrick (hereinafter the "Individual Defendants") respectfully move this Court pursuant to its order of July 6, 2021 (Dkt. No. 51) to conduct an *in camera* review of records redacted by the State's Attorney's Office for Baltimore City (hereinafter "SAO"), and pursuant to Fed. R. Civ. P. 45, for an order to compel the SAO to produce unredacted records.[1]

### Factual Background

As outlined in the underlying Motion to Compel, this case arises out of the arrest, prosecution, and conviction of Plaintiffs for felony murder of a 14-year-old boy named DeWitt Duckett in 1983. Dkt. No. 1. More than thirty years later, Plaintiff Chestnut wrote to the SAO requesting a reinvestigation of his conviction. *Id*. ¶¶ 117-118. The SAO ultimately joined Plaintiffs in filing a Petition for Writ of Actual Innocence, which was granted on November 25, 2019. *Id*. ¶¶ 118-119. The SAO then dismissed the charges against Plaintiffs. *Id*. ¶ 120. Following the dismissal of the charges, Plaintiffs filed this civil rights lawsuit against Individual Defendants and BPD.

---

[1]Defendant Baltimore Police Department ("BPD") does not object to the relief requested herein.

1

On October 7, 2020, Individual Defendants, with the consent of Plaintiffs, properly served and issued a subpoena to the SAO for all relevant materials.[2] *See* Subpoena to SAO with proof of service, attached as Exhibit 1. After nearly four months, the SAO made an initial production on February 3, 2021. *See* Link to Production, attached as Exhibit 2. More than seven months later, the SAO continued to withhold the audio recording of key witness statements to the SAO, including those by Edward Capers, Ron Bishop, and John Caldwell. The SAO also produced documents so heavily redacted that they were rendered meaningless. As such, the parties jointly filed a Motion to Compel (Dkt. No. 48), and the Court ordered the SAO to produce responsive records (Dkt. No. 51). The Court also ordered that "[a]ny claim of privilege remaining will be properly represented in a privilege log and if necessary submitted to the Court *in camera* for review by separate motion." *Id*.

In compliance with the Court order, on July 14, 2021, the SAO produced a partially redacted 102 page memo named "CIU Internal Memo_redacted for work product." *See* "CIU Internal Memo_redacted for work product," attached as Exhibit 3. The SAO also produced a privilege log asserting Attorney Work Product as the basis for these redactions. *See* "7.15.21 Updated Chestnut Privilege Log", attached as Exhibit 4. However, as explained below, it is unclear that all of the redactions are in fact protected opinion work product, and even if they are, the SAO waived any attorney work product privileges when it publicly filed what appears to be the same information it has now redacted.

Individual Defendants brought these concerns to the attention of the SAO in a letter dated August 30, 2021. *See* Letter to SAO, attached as Exhibit 5. Counsel for Individual Defendants and

---

[2] Under Local Rule 104.4, the parties agreed to the one-time issuance of a pre-discovery subpoena to the SAO despite the pendency of Defendants' Motions to Dismiss.

counsel for the SAO met and conferred on September 10, 2021, and again on October 7, 2021 and were unable to resolve this dispute.

## Legal Standard

Although the attorney opinion work product is protected from disclosure, production of fact work product may be compelled "in limited circumstances, where a party shows 'both a substantial need and an inability to secure the substantial equivalent of the materials by alternate means without undue hardship.'" *In re Search Warrant Issued June 13, 2019*, 942 F.3d 159, 174 (4th Cir. 2019), *as amended* (Oct. 31, 2019) (quoting *In re Grand Jury Subpoena*, 870 F.3d 312, 316 (4th Cir. 2017)); *see* Fed. R. Civ. P. 26(b)(3).

Additionally, "[T]he Fourth Circuit clearly has recognized that opinion work product protection, however exalted and immune from discovery, may nonetheless be waived." *See Cont'l Cas. Co. v. Under Armour, Inc.*, 537 F. Supp. 2d 761, 771 (D. Md. 2008) (citing *Martin Marietta Corp. v. Pollard*, 856 F.2d 619, 626 (4th Cir.1988); *Doe v. United States*, 662 F.2d 1073, 1081 (4th Cir.1981)). Actual disclosure is perhaps the clearest expression of waiver of opinion work product. *See Martin Marietta Corp.*, 856 F.2d at 626 ("First and most generally, opinion work product is to be accorded great protection by the courts. While certainly actual disclosure of pure mental impressions may be deemed waiver, and while conceivably there may be indirect waiver in extreme circumstances, we think generally such work product is not subject to discovery.").

## Argument

As mentioned above, in compliance with this Court's order, on July 14, 2021, the SAO produced a partially redacted 102 page memo named "CIU Internal Memo_redacted for work product" (hereinafter "CIU Memo"). *See* Ex. 3. The SAO also produced a privilege log asserting Attorney Work Product as the basis for these redactions. *See* Ex. 4.

The privilege log appears to describe the redactions applied to this record as "Portions of an internal office memorandum, consisting of attorney opinion work product, from Conviction Integrity Unit Division Chief Lauren Lipscomb to State's Attorney Marilyn Mosby dated November 13, 2019 regarding investigation into convictions against Alfred Chestnut, Ransom Watkins, and Andrew Stewart." Ex. 2. The privilege log asserts that the basis for these redactions is that they are protected by the "Attorney opinion work product privilege – factual information in memorandum has been provided." *Id*.

The SAO's initial production of February 3, 2021 contained a heavily redacted version of a 48-page Conviction Integrity Unit Report (hereinafter "CIU Report") that the SAO had previously filed without any redactions on the public docket in the Circuit Court for Baltimore City. *See* "EXTERNAL_-_FINAL_CIU_Report_12.4.19_(redacted)," attached as Exhibit 6. The unredacted Conviction Integrity Unit Report was attached to a filing styled "Corrected: State's Notification of Newly Discovered Evidence and Entry of Nolle Prosequi," dated December 4, 2019. *See* Court Filing with Unredacted CIU Report, attached as Exhibit 7. The 102-page CIU Memo appears to incorporate the 48-page CIU Report, though the CIU Memo does not utilize pseudonyms. As noted, the SAO has publicly filed the entire CIU Report. Nonetheless, large portions of the CIU Memo that appear to contain identical information to the information contained in the CIU Report have been redacted from the CIU Memo. (For example, pp. 17-23 of the CIU Memo have been redacted and appear to contain the same information as pp. 15-21 of the CIU Report. *See* Ex. 3 at 17-23; Ex. 7 at 15-21.)

These redactions are improper because as explained above, the SAO's reinvestigation of Plaintiffs' case is at the heart of this litigation. Thus, all factual and procedural recitations by the SAO, including regarding statements made by witnesses to the SAO during the SAO's

reinvestigation, are extremely relevant to Individual Defendants' defenses and are unavailable from another source. Based on the publicly available CIU Report, it appears that the redactions continue to withhold key factual information regarding witness statements unavailable from another source. These concerns notwithstanding, even if the "attorney opinion work product" privilege properly applies to the information contained in these redactions, this privilege has been long waived since the public filing of the CIU Report on December 4, 2019.

As the identities of the witnesses are known to the parties of this action, if true that the CIU Memo contains whole paragraphs of the publicly filed CIU Report verbatim, redacting them from the CIU Memo only serves to create difficulty for the Individual Defendants to decipher to whom the CIU Memo Report refers to when it utilizes monikers such as "Student #1."

## Conclusion

As already noted by the Court, the SAO continues to present obstacles as Individual Defendants seek to discover the records created by the SAO that underly Plaintiffs' claims. *See* Dkt. No. 51. Individual Defendants respectfully request that the Court conduct an *in camera* review of the disputed redactions and order the production of the CIU Memo without redactions.

DATED: October 12, 2021

/s/ Avi Kamionski
Avi Kamionski (Bar No. 20703)
akamionski@nklawllp.com
Shneur Nathan (Bar No. 20707)
snathan@nklawllp.com
Mayer Engelsberg (Bar No. 21105)
mengelsberg@nklawllp.com
Michael J. Elliker (Bar No. 20810)
melliker@nklawllp.com
575 S. Charles St. Ste. 402
Baltimore, MD 21201
(312) 612-1955

5

(312) 448-6099

*Attorneys for Donald Kincaid, Bryn Joyce, & John Barrick*

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on October 12, 2021, I caused the foregoing document to be electronically filed with the Court's CM/ECF system, which will send an electronic copy of the same to all counsel of record, and that I served a copy of the same on counsel for the Baltimore City State's Attorney's Office via email.

/s/ Avi Kamionski