**NATHAN & KAMIONSKI LLP**

Avi Kamionski
*Partner*
akamionski@nklawllp.com
T: (312) 612-1928
F: (312) 448-6099

October 26, 2021

**VIA ELECTRONIC COURT FILING**
The Hon. A. David Copperthite
United States District Court for the District of Maryland
101 West Lombard Street, 8B
Baltimore, Maryland 21201

**Re: Alfred Chestnut, et al. v. Donald Kincaid, et al., Civil Action No. LKG-20-2342**

Dear Judge Copperthite:

  Plaintiffs in this multi-party litigation collectively seek more than $120,000,000 based on events that allegedly transpired more than 35 years ago. The current fact discovery deadline set by the Court is December 15, 2021. Dkt. 45. As Individual Defendants ("Defendants") previously represented to the Court, "[w]hile the Parties have agreed to work diligently during the discovery period, the Officer Defendants believe that extensions of the schedule may be appropriate in the event that the Parties encounter difficulties obtaining documents or contacting witnesses." Dkt. 44 at ¶ 2. Indeed, Defendants have worked diligently to obtain documents necessary to defend the claims against them. Unfortunately, as further outlined below, Defendants have encountered many difficulties, and many of the required documents remain outstanding. Defendants therefore seek a protective order enjoining Plaintiffs from taking depositions of witnesses for whom important records are still being sought, and seek for the first time, an extension of the discovery deadline to a date that contemplates the production of relevant documents and resolution of associated discovery disputes as well as sufficient time to complete party and witness depositions.

  As the Court is aware, in anticipation of delays and discovery related litigation, Defendants proactively sought Plaintiffs' agreement to issue a subpoena to the SAO as far back as October 2020, even before discovery began. *See* Dkt. 48. In early May 2021, Defendants began issuing third-party record subpoenas to obtain critical records for this case. The parties exchanged written discovery requests in late-May/early-June 2021. Throughout June and July, Defendants worked diligently to properly respond to Plaintiffs' discovery requests.

  Upon receiving Defendants' discovery responses, and before serving responses of their own, Plaintiffs raised objections to Defendants' responses and specifically regarding the production of Defendants voluminous personnel records. In a good faith effort to resolve the parties' dispute, the parties met and conferred a number of times throughout the month of August, and counsel for Defendants invested considerable time and effort to review and appropriately redact these records. *See* Dkt. 57. Nonetheless, resolution of this dispute required litigation that was resolved by Court order in mid-September. Dkt. 58. An item that ultimately did not require the Court's attention, but nonetheless demanded considerable time and effort, related to one of the Defendants who is unable to meaningfully participate in discovery due to personal reasons.

After receiving the Court ordered SAO production in mid-July, Defendants identified remaining redactions to a critical document they believe to be unwarranted. Thus again began a process of correspondence and meet and confers only to end in the litigation that is currently pending before the Court. *See* Dkt. 64.

Throughout this time, Defendants have diligently pursued discovery materials in this case. The trial transcripts from 1984, a working knowledge of which is the basis for any cogent defense in this case, is itself more than 2,300 pages long. Beginning in May 2021, Defendants issued close to twenty-five (25) records subpoenas for important records in this case including to the Department of Public Safety and Correctional Services, Office of the Public Defender, University of Baltimore Innocence Project (UB), Mid-Atlantic Innocence Project (MAIP), Baltimore City Public Schools, news-media who conducted extensive interviews with Plaintiffs, and Plaintiffs' numerous former counsel and investigators. Incidentally, a number of these subpoenas had to be reissued because it became apparent that contact information provided by Plaintiffs was not up to date.

Many of these subpoenas remain outstanding and the parties, who already met and conferred a few times regarding disputes surrounding these subpoenas, anticipate that the Court will ultimately need to resolve these issues. For now, the parties have agreed that MAIP, UB, and another attorney will produce records to a third-party processor to be Bates numbered and will then be reviewed for privilege by Plaintiffs. Other individuals who have worked on Plaintiffs' behalf have been subpoenaed but thus far produced either nothing at all, inadequate privilege logs, or partial productions. Defendants have been diligently following-up and pursuing compliance with their subpoenas and fully intend to approach the Court if and when the issues are ripe. In the same vein, Defendants have raised concerns with Plaintiffs regarding the documents they have withheld so far and inadequacies with Plaintiffs' previously produced privilege log.

Defendants have also been forced to litigate in the state court in order to obtain critical grand jury transcripts that have not been otherwise produced. As Plaintiffs' claims center on the allegation that four eye-witnesses' testimony were false, and procured through coercion, the first recorded sworn testimony of these eyewitnesses is indispensable to properly examine these witnesses. Defendants have encountered some procedural hurdles and have recently refiled a motion in the state court. *See* Civil Defendants' Second Amended Motion to Unseal and Disclose Grand Jury Materials and Request for Hearing, attached as Exhibit 1.[1] Defendants anticipate the state court will release the grand jury transcripts as it already has in *McPherson, et al. v BPD, et al.*, Case 1:20-cv-00795-SAG, another pending high exposure reversed conviction lawsuit.

Plaintiffs, in the meantime, pressed ahead with more claims. Just last month, Plaintiffs filed an amended complaint, detailing new allegations involving yet additional witnesses. Dkt. 59. Additionally, Plaintiffs have already indicated their intention to litigate other discovery disputes with BPD related to Defendants. A review of the docket in this case reveals the parties have been involved in constant activity since early May. Failure to proceed any faster with discovery is not for lack of trying. The parties have emailed, at least once per day, on approximately 80 days of the

---

[1] Individual Defendants were required to file a separate motion as to each criminal defendant. Only one representative motion is attached to this letter.

last six months and have participated in at least ten meet and confers in an attempt to resolve discovery disputes. In addition to their focus on this case, counsel for Defendant's other professional and personal commitments also require attention. Any insinuation that Defendants have acted without diligence as a general course, is not well taken.

As part of their genuine efforts to facilitate discovery, Defendants agreed to dates for Defendants' depositions and two witnesses noted by Plaintiffs, Edward Capers and Ronald Bishop, both witnesses who testified at Plaintiffs' criminal trial and to the grand jury. Defendants also cleared a number of dates with Plaintiffs for depositions Defendants intend to note.

However, without the benefit of the many documents still outstanding from third parties, and the grand jury transcripts, Defendants are severely prejudiced in their ability to properly examine these witnesses. For example, Mr. Bishop was in contact with Plaintiffs prior to his recorded interview with the SAO in 2019. Defendants first learned the identities of the investigator who contacted Mr. Bishop, the attorney he worked with, and another interested party, from Plaintiffs' written discovery responses. Defendants issued subpoenas to these individuals seeking, among other things, any statements Mr. Bishop may have made. However, thus far, these individuals have not properly complied with the subpoenas. Defendants have followed up with each of them and are in the middle of attempting to resolve these issues.

Defendants attempted to hold these deposition dates as long as possible. When it became clear that Defendants would not receive many important and relevant records in time to proceed, Defendants reached out to Plaintiffs and requested that the depositions be rescheduled to a date after Defendants receive the records. Plaintiffs refused. In order to facilitate as smooth a process as possible, for the Court, Defendants, the witnesses, and Plaintiffs, Defendants seek to prevent Plaintiffs from moving forward with these depositions at this time and for the Court to order that the depositions be continued to a date after the records have been produced. Defendants propose that Plaintiffs complete their privilege review of third-party records and that the parties may then bring all privilege disputes regarding Plaintiffs' records to the Court at one time. By then, Defendants anticipate the state court will release the initial sworn testimony of Bishop, Capers, and the other witnesses.

Importantly, other than this slight delay, in part due to Plaintiffs' insistence on reviewing third-party productions from MAIP, UB, and another attorney, prior to their production to Defendants, Plaintiffs will not be prejudiced by extending discovery and rescheduling these depositions. The two witnesses' names and locations are known; one is incarcerated and the other has been cooperating with Plaintiffs. There is no indication that they will suddenly become unavailable. Conversely, proceeding with depositions before critical records have been produced will severely prejudice Defendants' ability to mount a meaningful defense against the serious claims alleged against them.

In light of the above, at this time, Defendants request that the Court grant Defendants' request for a protective order as to the depositions of Bishop and Capers, and extend the current fact discovery deadline, by 90 days, to March 15, 2022, to allow the parties sufficient time to receive all of the documents, litigate any related disputes, and complete party and witness depositions.

Respectfully,

/s/ Avi T. Kamionski
Avi T. Kamionski, Bar No. 20703
Shneur Nathan, Bar No. 20707
Michael J. Elliker, Bar No. 20810
Nathan & Kamionski LLP
575 S. Charles Street Suite 402
Baltimore, MD 21201
T: (312) 612-1928
snathan@nklawllp.com
akamionski@nklawllp.com
mengelsberg@nklawllp.com
melliker@nklawllp.com

*Attorneys for Individual Defendants*

4