| | |
|---|---|
| **ALFRED CHESTNUT** | * IN THE |
| *Petitioner* | * CIRCUIT COURT |
| v. | * FOR |
| **STATE OF MARYLAND** | * BALTIMORE CITY |
| *Respondent* | * CASE NO.: 18335414 & 18335415 |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## CIVIL DEFENDANTS' SECOND AMENDED MOTION TO UNSEAL AND DISCLOSE GRAND JURY MATERIALS AND REQUEST FOR HEARING

Now comes, Civil Defendants, Individual Officers and Baltimore Police Department (BPD), by and through their attorneys, Nathan & Kamionski, LLP and Baltimore City Law Department, respectfully requesting this Court to unseal and disclose grand jury evidence, to include, but not limited to transcripts of testimony and request a hearing before the Court on the matter. In support of these requests, Civil Defendants state the following:

### BACKGROUND

On December 20, 1983, Alfred Chestnut ("Petitioner" or "Civil Plaintiff"), was indicted by a Grand Jury in the Circuit Court for Baltimore City under case numbers 18335414 and 18335415, on charges relating to the robbery and murder of Dewitt Duckett. *See* Baltimore City Circuit Court File.

On May 28, 1984, Petitioner was convicted by a jury of first-degree felony murder and related handgun offenses in connection with the murder of Dewitt Duckett that occurred on November 18, 1983. *Id.* Petitioner was subsequently sentenced to life in prison for felony murder, twenty concurrent years for the use of a handgun in the commission of a crime of violence, and twenty concurrent years for the use of a dangerous and deadly weapon to commit robbery. *Id.*

1

Petitioner's conviction was affirmed on appeal by the Court of Special Appeals on October 30, 1985. *Id.*

On November 25, 2019, the Circuit Court for Baltimore City granted the Joint Petition for Writ of Actual Innocence and granted Petitioner a new trial pursuant to Md. Code, Crim. Pro. § 8-301. *Id.* The State subsequently entered a *nolle prosequi* for the charges against Petitioner in Case Nos. 18335414 and 18335415. *Id.*

Petitioner and his criminal Co-Defendants filed a federal civil suit against Civil Defendants in the United States District Court for the District of Maryland, *Alfred Chestnut, et al. v. Baltimore Police Department, et al.*, where Plaintiff's alleged damages resulting from the allegations amount to more than $120 million. *See* Am. Compl., *Chestnut, et al. v Kincaid, et al.*, 1:20-cv-02342-LKG (D. Md. Sept. 15, 2021), Dkt. No. 59, attached as Exhibit 1.

## **LEGAL STANDARD**

Maryland Rule 4-642 provides "…. [A] motion for disclosure of [grand jury materials] must be filed in the circuit court where the grand jury convened … The court shall conduct a hearing if requested within 15-days after service of the motion."

While there is no *per se* rule against disclosure of grand jury materials even if all of the requested materials could be obtained through discovery, Md. Rule 4-642 does not provide a standard for the reviewing court to determine whether to allow disclosure. *In re Criminal Investigation No. 51,843*, 119 Md. App. 112, 118, 123 (1998). However, "[t]he Court of Appeals has filled this void by holding that when a court order for disclosure is requested, there must be a strong showing of a particularized need before disclosure is permitted." *Id.* at 118 (quoting *In re Criminal Investigation No. 437*, 316 Md. 66 (1989)) (internal quotations omitted). To make a showing of particularized need the requesting party must show that: (1) the information sought "is

2

needed to avoid a possible injustice," (2) "the need for disclosure is greater than the need for continued secrecy," and (3) "their request is structured to cover only material so needed." *Id.* at 118-19.

In addition to the requirement that the party requesting disclosure show a particularized need, the Court should also consider the weight of several factors to determine whether "the need for [disclosure] outweighs the public interest in secrecy." *Id.* at 122.

## LEGAL ARGUMENT

### I. CIVIL DEFENDANTS HAVE A PARTICULARIZED NEED FOR THE DISCLOSURE OF THE GRAND JURY MATERIALS.

#### a. The material sought is needed to avoid a possible injustice.

Petitioner's federal claims alleged that Civil Defendants engaged in behavior that violated Petitioner's civil rights under 42 U.S.C. § 1983 and corresponding Maryland State law claims, which include malicious prosecution and fabrication of evidence. *See* Ex. 1. Petitioner's federal court claims center on the allegation that four eye-witnesses' testimony, upon which Petitioner's indictment and subsequent convictions were based, were false, and procured through coercion by the Civil Defendants. *Id.* Upon information and belief, the grand jury testimony of these eyewitnesses were produced to trial counsel at the time of trial, however, these documents are not in the possession of present counsel, and present counsel have been unable to procure testimony through other means. Disclosure of the eyewitnesses' grand jury testimony is needed now to test the credibility and veracity of the witnesses as the parties prepare for depositions of the witnesses. Accordingly, disclosure of the grand jury materials can corroborate or negate the allegations posited against Civil Defendants and avoid possible injustices resulting from the parties' inability to determine the substance of witnesses' testimony to the grand jury that resulted in Petitioner's indictment.

## b. The need for disclosure is greater than the need for continued secrecy.

The testimony and evidence provided to the Grand Jury that resulted in Petitioner's criminal indictment and subsequent conviction are thus directly relevant to the claims and defenses alleged in the pending federal suit and cannot be obtained from another source. Additionally, Petitioner and Civil Defendants know the identities of the witnesses who testified before the grand jury and their grand jury testimony was disclosed to the parties during the criminal trials before the Circuit Court for Baltimore City.[1] Given the seriousness of the allegations against the Civil Defendants and Petitioner's potential damages, and the impact of the content of the grand jury testimony in light of these allegations, the need for disclosure is greater than the need for continued secrecy. Any concerns this Court has with the continued secrecy of the grand jury materials can be remedied by the assurance that any grand jury materials disclosed to the parties would become subject to the confidentiality order active in the pending federal case. *See* Stipulated Order Regarding Confidentiality of Discovery Material, *Chestnut, et al. v Kincaid, et al.*, 1:20-cv-02342-LKG (D. Md. Sept. 15, 2021), Dkt. No. 28, attached as Exhibit 2.

This Court has previously found that the need for disclosure is greater than the need for continued secrecy in its decision to disclose documents in the matters of Kenneth McPherson (Baltimore City Circuit Court Case No. 194290011) and Eric Simmons (Baltimore City Circuit Case No. 194290010). Oral Order of Judge Vittoria, *State v McPherson*, Case No. 194290011 (Md. Cir. Ct. July 28, 2021); Oral Order of Judge Vittoria, *State v Simmons*, Case No. 194290010 (Md. Cir. Ct. July 28, 2021). McPherson and Simmons were also previously convicted by a jury of murder and released following a Joint Petition for Writ of Actual Innocence and entry of *nolle prosequi*. The grand jury materials were sought there, as here, to facilitate fair and just litigation

---

[1] The trial transcripts contain numerous references to excerpts of the witnesses' grand-jury testimony.

4

of their federal civil rights claims and defenses. The facts and circumstances in these two cases are substantially similar to the matter currently before the Court and so this matter should have the same result.

### c. The request is structured to cover only the material needed.

Civil Defendants understand and recognize the need for grand jury materials to remain secret to preserve the efficacy of the grand jury process for the instant grand jury and for future grand juries. Civil Defendants' request for grand jury materials is structured for the disclosure of information germane to the claims and defenses of the pending federal litigation. Additionally, Civil Defendants are not requesting information relating to the identity of the grand jury members and would not object to the Court's redaction of such information. As previously stated, the identity of the witnesses who testified to the grand jury and are known to the parties, the pending federal litigation has a standing protective order for confidential materials that would apply to the disclosed grand jury documents, and Civil Defendants would accept the redactions to the documents that this Court would deem necessary. *See* Ex. 2. Lastly, Civil Defendants' proposed order to this Court for this motion, outlines who is expected to receive the disclosed documents, and the circumstances under which the documents would be disclosed.

## II. IN ADDITION TO HAVING A COGNIZABLE PARTICULARIZED NEED FOR THE DISCLOSURE OF THE GRAND JURY MATERIALS, ADDITIONAL FACTORS WEIGH IN FAVOR OF DISCLOSURE OF THE GRAND JURY MATERIALS.

"The Trial court has wide discretion in deciding whether the party seeking disclosure has met the burden of demonstrating that the need for disclosure outweighs the need for secrecy." *In re Criminal Investigation No. 51,843*, 119 Md. App. at 120. In determining whether the need for disclosure outweighs the need for secrecy the court should consider the following seven factors:

> (1) The need to protect the unindicted individual from disclosure; (2) the grand jury has concluded its operations; (3) the particularized need requirement applies to civil government agencies as well as to private parties; (4) the materials sought for disclosure

5

are rationally related to the civil proceedings contemplated; (5) the materials sought may be available through ordinary discovery or other routine avenues of investigation; (6) disclosure will save time and expense; (7) no indictments were returned as a result of the grand jury's investigation.

*Id.* at 122.

### a. Whether unindicted individuals need to be protected from disclosure.

In the instant case, there are no unindicted individuals who need to be protected from disclosure. Even if there were, Civil Defendants are not requesting information relating to the identity of those individuals.

### b. Whether the grand jury has concluded its operations.

The subject grand jury has concluded its operations and has done so over thirty years ago. Accordingly, "[t]here is no possibility of influencing the grand jury because the jurors have been dismissed." *In re Criminal Investigation No. 51,843*, 119 Md. App. at 123. Furthermore, [Civil Defendants] are not requesting disclosure of the names of the grand jurors, thereby negating any fear the grand jurors may have regarding retaliation or pressure." *Id.* at 124.

### c. Application of the particularized need requirement to governmental agencies and private parties.

While the Individual Officer Defendants are not a government agency, BPD is a governmental agency. Even still, collectively, Civil Defendants have demonstrated a particularized need for these disclosure of grand jury materials. Furthermore, it cannot be over stressed that the sworn testimony to the grand jury are critical to the assessment of the credibility of these same witnesses in the federal civil litigation where Civil Defendants face the possibility of paying damages in excess of $120 million. *See* Ex. 1.

### d. Whether the materials sought are rationally related to the civil proceedings contemplated.

As stated above, Civil Defendants' request for grand jury materials are based on Petitioner's claims alleging malicious prosecution and fabrication of evidence, challenging the veracity of grand jury testimony given by four eyewitnesses on the basis that the grand jury testimony was false, and procured through coercion by the Civil Defendants. For these reasons, the request is "rationally related" to the claims and defenses of the pending federal civil proceeding. *In re Criminal Investigation No. 51,843*, 119 Md. App. at 124.

### e. Whether the materials sought may be available through ordinary discovery or routine investigation.

The grand jury materials held by the court are not available through any other means of discovery. Civil Defendants are of the understanding that the Baltimore City State's Attorney ("SAO") does not have the grand jury materials Civil Defendants are seeking.[2] Additionally, the SAO has already represented to this court that they have no grand jury records for this matter. *See* Ex. 4. Similarly, Civil Defendants have been unable to obtain the grand jury materials from Plaintiffs' trial counsel, who as the SAO, possessed these transcripts at the time of trial in 1984.[3]

### f. Whether the disclosure will save time and expense.

Disclosure of the requested grand jury materials by this court will save time and expense. *In re Criminal Investigation No. 51,843*, 119 Md. App. at 124. Providing Petitioner and Civil

---

[2] While Civil Defendants accept the SAO's representations that it does not possess the grand jury materials, the SAO has already been ordered by the Federal Court to produce them even if it did. *See* Letter Order, *Chestnut, et al. v Kincaid, et al.*, 1:20-cv-02342-LKG (D. Md. July 6, 2021), Dkt. No. 51, attached as Exhibit 3; *see also* State's Resp., Sept. 24, 2021, attached as Ex. 4. In this way, Civil Defendants have only solicited the Court after exhausting other possible means of obtaining the previously disclosed grand jury materials.

[3] *See supra*, n.1.

defendants with the requested grand jury information would allow the parties "to conduct depositions and gather evidence more efficiently" and could ultimately promote settlement. *Id.*

Lastly, in the instant case, several indictments were returned as a result from the grand jury's investigation. One of the indicted individuals is Petitioner, the other two individuals indicted were Petitioner's criminal co-defendants, and current co-Plaintiffs in the current federal case. *See* Ex. 1. As the parties bringing suit against Civil Defendants and the parties with the burden of proof in the civil proceeding, Petitioner and his criminal co-defendants also have an interest in receiving the grand jury materials.

The factors discussed above clearly show that the need of disclosure outweighs the public interest in secrecy. *In re Criminal Investigation No. 51,843*, 119 Md. App. at 122.

## CONCLUSION

For the reasons discussed and outlined above, Civil defendants have shown a particularized need for the requested grand jury materials and demonstrated that the balancing factors as applied to the circumstances of this case weigh in favor of disclosure. *See In re Criminal Investigation No. 51,843*, 119 Md. App. 112 (1998).

**WHEREFORE**, the Civil Defendants request that this Court unseal and disclose any and all available evidence presented to the Grand Jury, including but not limited to transcripts of testimony, to the named parties of the pending federal civil case and their attorneys, and that the Court hold a hearing on this matter.

Respectfully submitted,

_____
Jasmine England-Caesar, Esq. Bar No. 2001600087
Mayer A. Engelsberg, Bar No. 1906190023
Nathan & Kamionski, LLP
575 South Charles Street, Suite 402
Baltimore, Maryland 21201
T: (410) 630-4611

F: (312) 448-6099
jasmine@nklawllp.com
mengelsberg@nklawllp.com
*Attorneys for Civil Defendants, Individual Officer Defendants*

Natalie Amato, Esq.
Kyle A. Ashe, Esq.
Justin Conroy, Esq.
Kara Lynch, Esq.
Baltimore City Department of Law
100 N. Holliday St., Room 101
Baltimore, MD 21202
natalie.amato@baltimorecity.gov
kyle.Ashe@baltimorepolice.org
justin.conroy@baltimorepolice.org
kara.lynch@baltimorepolice.org
*Attorneys for Civil Defendant, Baltimore Police Department*

| | |
|---|---|
| **ALFRED CHESTNUT** | * IN THE |
| *Petitioners* | * CIRCUIT COURT |
| v. | |
| | * FOR |
| **STATE OF MARYLAND** | |
| | * BALTIMORE CITY |
| *Respondent* | |
| | * CASE NO.: 18335414 & 18335415 |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## CERTIFICATE OF SERVICE

I certify that on this __20th__ day of October 2021, a copy of the documents titled, "Civil Defendants' Second Amended Motion to Unseal and Disclose Grand Jury Materials and Request for Hearing" was delivered via electronic mail to the persons indicated on the Service List below:

### Service List

Kobie A. Flowers, Esq.
Andrew D. Freeman, Esq.
Neel K. Lalchandani, Esq.
Chelsea J. Crawford, Esq
Anthony J. May, Esq
Brown, Goldstein, & Levy, LLP
120 E. Baltimore Street, Suite 2500
Baltimore, Maryland 21201
kflowers@browngold.com
adf@browngold.com
nlalchandani@browngold.com
ccrawford@browngold.com
amay@browngold.com
*Attorneys for Petitioner*

Larry A. Nathans, Esq
Booth M. Ripke, Esq
Nathans & Biddle, LLP
120 E. Baltimore Street, Suite 1800
Baltimore, Maryland 21201
nathans@nathanslaw.com
bripke@nathanslaw.com
*Attorneys for Petitioner's Criminal Co-Defendants*

Wendy L. Shiff, Esq
Assistant Attorney General
Civil Litigation Division
Office of Attorney General
200 St. Paul Place, 20th Floor
Baltimore, Maryland 21202
wshiff@oag.state.md.us
*Attorney for the State's Attorney for Baltimore City*

Lauren R. Lipscomb, Esq
Deputy State's Attorney
Office of the State's Attorney for Baltimore City
Conviction Integrity
120 East Baltimore Street, 9th Floor
Baltimore, Maryland 21201
llipscomb@stattorney.org
*Office of the State's Attorney for Baltimore City*

/s/

Jasmine England-Caesar, Esq. Bar No. 2001600087
Mayer A. Engelsberg, Bar No. 1906190023
Nathan & Kamionski, LLP
575 South Charles Street, Suite 402
Baltimore, Maryland 21201
T: (410) 630-4611
F: (312) 448-6099
jasmine@nklawllp.com
mengelsberg@nklawllp.com
*Attorneys for Civil Defendants, Individual Officer Defendants*

Natalie Amato, Esq.
Kyle A. Ashe, Esq.
Justin Conroy, Esq.
Kara Lynch, Esq.
Baltimore City Department of Law
100 N. Holliday St., Room 101
Baltimore, MD 21202
natalie.amato@baltimorecity.gov
kyle.Ashe@baltimorepolice.org
justin.conroy@baltimorepolice.org
kara.lynch@baltimorepolice.org
*Attorneys for Civil Defendant, Baltimore Police Department*

11