IN THE
UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| ALFRED CHESTNUT, | * | |
| *Plaintiff,* | * | |
| v. | * | No. 20-cv-02342 RDB |
| BALTIMORE POLICE DEPARTMENT, ET AL. | * | |
| *Defendants*. | * | |

\* \* \* \* \* \* \* \* \* \* \* \*

**RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION FOR *IN CAMERA* REVIEW OF RECORDS REDACTED
BY STATE'S ATTORNEY FOR BALTIMORE CITY**

The State's Attorney for Baltimore City, by her undersigned counsel, files this Response in Opposition to the Defendants' Motion for *In Camera* Review of Records Redacted by State's Attorney for Baltimore City.

**BACKGROUND/DISPUTED ISSUE**

In response to the subpoena directed to her, the State's Attorney produced a 102 page document with redactions for opinion attorney work product. The document is a memorandum by Lauren Lipscomb, then Chief of the Conviction Integrity Unit, to the State's Attorney which contains her review of the case file, independent investigation, her analysis and recommendations. The unredacted portion of the document disclosed the materials Ms. Lipscomb reviewed and the independent investigation she did. The redacted portions contain opinions by Ms. Lipscomb analyzing the materials. The general recommendation in support of the writ of innocence is provided.

## DISCUSSION

Defendants contend that the State's Attorney waived any claim of opinion work product privilege when she publicly released a 48 page report that appears to be an excerpt of the 102 page memorandum. To state the obvious, she deliberately did not disclose a significant portion of the 102 page memorandum. A cursory initial review of the documents reflects the intent of the documents. The shorter document was designed for public disclosure. The longer document was clearly intended to contain materials which the State's Attorney deemed privileged and did not disclose publicly. As the updated privilege log indicates, the redacted portions were only opinion work product (Exhibit 4 to Defendants' Motion for *In Camera* Review).

Pursuant to the work product doctrine, "an attorney is not required to divulge, by discovery or otherwise, facts developed by his efforts in preparation of the case or opinions he has formed about any phase of the litigation." *Chaudhry v. Gallerizzo*, 174 F.3d 394, 403 (4th Cir. 1999) (quoting *In re Doe*, 662 F.2d 1073, 1077 (4th Cir. 1981)); *see* Fed. R. Civ. P. 26(b)(3). While fact work product may be ordered to be produced upon showing of substantial need, opinion work product can only be disclosed in "rare and extraordinary circumstances". *In re Search Warrant Issued June 13, 2019*, 942 F.3d 159, 174 (4th Cir. 2019) (quoting *In re Grand Jury Subpoena*, 870 F. 3d 312, 316 (2017)). In this case, the State's Attorney has produced fact work product, but has declined to produce opinion work product. Further, Defendants have failed to demonstrate why this civil case is a "rare and extraordinary" circumstance necessitating opinion work product.

Assuming *arguendo* that any privilege was waived by disclosure of the shorter document, it was waived only to the extent of the content of the disclosed material. When the disclosure of opinion work product results in waiver, "the waiver is 'limited' and pertains to only the information actually disclosed." *Owens v. Mayor & City Council of Baltimore,* No. 3295-GLR, 2015 WL 6082131, at *2 (quoting *In re Martin Marietta Corp.*, 856 F.2d 619, 623 (4th Cir. 1988)).

## CONCLUSION

WHEREFORE, the State's Attorney for Baltimore City respectfully requests that this Honorable Court deny the Motion for *In Camera* review.

Respectfully submitted,

BRIAN E. FROSH
Attorney General of Maryland

/s/ Wendy L. Shiff
_____
WENDY L. SHIFF
Federal Bar No. 09076
Assistant Attorney General
200 Saint Paul Place, 20th Floor
Baltimore, Maryland  21202
wshiff@oag.state.md.us
(410) 576-6996
(410) 576-6955 (facsimile)

October 26, 2021                              Attorneys for State's Attorney for Baltimore City

## CERTIFICATE OF SERVICE

I certify that, on this 26th day of October, 2021 the foregoing was served by CM/ECF on all registered CMF users.

/s/ Wendy L. Shiff
_____
Wendy L. Shiff