# EXHIBIT 4

| **From:** | Chelsea J. Crawford |
| --- | --- |
| **Sent:** | Friday, October 22, 2021 8:02 AM |
| **To:** | Mayer Engelsberg |
| **Cc:** | Avi Kamionski; Shneur Nathan; Mike Elliker; Kobie Flowers; Neel Lalchandani; Andrew D. Freeman; Anthony May; Booth Ripke; Larry Nathans; Ashe, Kyle; Amato, Natalie (BPD); Lynch, Kara (BPD) |
| **Subject:** | RE: Chestnut, et al. v. Kincaid, et al. - Depositions |

Mayer,

For several reasons, Plaintiffs do not agree to a postponement of the depositions of Edward Capers, Ronald Bishop, or any other scheduled deposition, nor do we agree to an extension of the fact discovery deadline. None of the reasons the Individual Defendants have offered for seeking a postponement and extension supports such a drastic and belated request.

First, the outstanding document productions from prior counsel do not warrant a pause on depositions or an extension of the fact discovery schedule. The Individual Defendants have known the identity of prior counsel since Plaintiffs' exoneration in 2019, as counsel's names were on the Joint Petition for Writ of Actual Innocence. And the Individual Defendants have known the identity of Chad Curlett, Angela McKnight, and Mike McGee since at least July 29, 2021, when Plaintiffs provided their names and contact information in response to Defendant Kincaid's Interrogatories (*See* Pls.' Ans. to Interrog. No. 10). Yet, despite the December 15 deadline for the close of discovery, the Individual Defendants waited until September 14, 2021, to issue any subpoenas for prior counsel's records. Furthermore, when you and I met and conferred on Plaintiffs' objections to these subpoenas, you were not even aware that Plaintiffs had already produced hundreds of records from prior counsel, including files from the Office of the Public Defender and Murphy Falcon Murphy. The Individual Defendants' delay in making any effort to obtain these records, coupled with the lack of awareness that they already had many of these records in their possession, undermines any basis for a request for an extension of the discovery deadline.

Second, Individual Defendants' dispute with the SAO has no bearing on the depositions of Edward Capers or Ronald Bishop. The SAO has already disclosed unredacted versions of its notes and recordings of the CIU's interviews with Mr. Capers and Mr. Bishop, so Defendants cannot credibly claim any unfair prejudice if those depositions go forward.

If, despite their lack of diligence, the Individual Defendants are later able to claim that something they belatedly learn from the files of Plaintiffs' prior counsel or from the SAO warrants additional questioning of Mr. Capers or Mr. Bishop, the appropriate remedy would be to file a motion to reopen those depositions at that point, not to request a postponement of the depositions and an extension of the entire fact discovery period.

Finally, while the Individual Defendants claim to "continue to work diligently to resolve all outstanding issues and obtain records as expeditiously as possible," their actions suggest otherwise. Yesterday, you sent Plaintiffs a letter describing several purported deficiencies in Plaintiffs' privilege log—a log that we sent to the Individual Defendants on July 30, more than 80 days ago. This delay is inexcusable, and Plaintiffs cannot allow the Individual Defendants to derail discovery due to their lack of diligence.

While we are happy to meet and confer with you, any request to postpone depositions and/or extend discovery is a non-starter, and we are prepared to litigate the issue. We are available on Monday to discuss between 9:00 and 11:00 AM and after 12:00 Noon.

Thank you,

**Chelsea J. Crawford**
Attorney

**BROWN GOLDSTEIN & LEVY**
120 E. Baltimore Street, Suite 2500
Baltimore, MD  21202
T   410.962.1030 x1344
C   410.949.6636
F   410.385.0869
E   ccrawford@browngold.com
Pronouns: she/her/hers

**From:** Mayer Engelsberg <mengelsberg@nklawllp.com>
**Sent:** Thursday, October 21, 2021 5:06 PM
**To:** Chelsea J. Crawford <CCrawford@browngold.com>
**Cc:** Avi Kamionski <akamionski@nklawllp.com>; Shneur Nathan <snathan@nklawllp.com>; Mike Elliker <melliker@nklawllp.com>; Kobie Flowers <KFlowers@browngold.com>; Neel Lalchandani <NLalchandani@browngold.com>; Andrew D. Freeman <adf@browngold.com>; Anthony May <AMay@browngold.com>; Booth Ripke <bripke@nathanslaw.com>; Larry Nathans <nathans@nathanslaw.com>; Ashe, Kyle <Kyle.Ashe@baltimorepolice.org>; Amato, Natalie (BPD) <Natalie.Amato@baltimorecity.gov>; Lynch, Kara (BPD) <kara.lynch@baltimorepolice.org>
**Subject:** Re: Chestnut, et al. v. Kincaid, et al. - Depositions

**SECURITY ALERT:** This email is from an external source.

Hello Counsel,

Thank you for your email. In theory, Individual Defendants are agreeable to split time for the Capers and Bishop depositions. However, Individual Defendants are not prepared to move forward with these depositions at this time. We are still waiting on the production of documents from a number of sources, including but not limited to, MAIP, UB, Mr. Nieto, Mr. Curlett, Mr. McGee, and Ms. McKnight. Additionally, we are still awaiting the outcome of pending litigation with the SAO and have sent Plaintiffs a letter outlining our concerns with records they are presently withholding based on the assertion of privilege. We continue to work diligently to resolve all outstanding issues and obtain records as expeditiously as possible.

In light of the above, are Plaintiffs available to meet and confer to discuss an agreed extension to the current discovery deadline and to reschedule the depositions to a time when Individual Defendants have received the relevant records. If Plaintiffs do not agree to an extension we intend to raise the issue with the Court early next week.

Finally, we wish to clarify that although previously discussed as a tentative date in light of Plaintiffs' release of that date, we are not available on November 4.

Thank you very much.

Best,

Mayer


On Thu, Oct 21, 2021 at 12:15 PM Chelsea J. Crawford <CCrawford@browngold.com> wrote:

> Counsel,