# UNITED STATES DISTRICT COURT
## DISTRICT OF MARYLAND

CHAMBERS OF
A. DAVID COPPERTHITE
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-0946
MDD_ADCChambers@mdd.uscourts.gov

October 27, 2021

TO COUNSEL OF RECORD

Re: *Chestnut, et al., v. Kincaid, et al.,*
Civil No. LKG 20-2342

Dear Counsel:

I am in receipt of ECF 72 and 74 regarding Defendants' request to delay depositions and to extend the discovery deadline and Plaintiffs' opposition. It is obvious from the pleadings in this case and the events counsel have outlined in their correspondence, that this litigation is inherently challenging due to the fact that the events occurred prior to the trial in 1984. While the parties have done well to work together where possible, they are at a standstill regarding the current issues. Put simply, Defendants are requesting to postpone the depositions of two key witnesses until they receive documents under subpoena. Plaintiffs allege Defendants have been dilatory in their efforts. I have reviewed their submissions and will GRANT Defendants' requests.

A court's scheduling order "is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril." *Potomac Elec. Power Co. v. Elec. Motor Supply, Inc.,* 190 F.R.D. 372, 375-76 (D. Md. 1999) (internal quotations omitted)). "Properly construed, 'good cause' means that scheduling deadlines cannot be met despite a party's diligent efforts. Carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief." Id. at 375 (internal quotations omitted). Here, Defendants argue that good cause exists to stay depositions and enlarge the discovery period because Defendants have faced many difficulties in obtaining discovery to defend the allegations. Plaintiffs respond simply that they were "wrongfully convicted 37 years ago and have a right to proceed on the current agreed upon schedule". ECF 74-3. Plaintiffs allege Defendants did little to initiate discovery and now should be bound by the current deadlines.

In reviewing the docket, Plaintiffs filed an Amended Complaint on September 15, 2021. ECF 59. This evidences the difficulty for both parties in gathering facts and information to effectively prosecute and defend this litigation based upon events that occurred over 37 years ago. I find that Defendants have set forth good cause to extend the discovery deadline and to stay the current depositions of Bishop and Capers, witnesses who testified at the murder trial. Even though there may have been some fits and starts in Defendants' efforts, I do not find they have been dilatory in obtaining discovery. The request to stay the depositions of the witnesses Bishop and Capers is GRANTED. The request to enlarge the discovery period is GRANTED as to the 90 days requested. The Court will permit an additional 90 days to complete all fact discovery including the depositions of Bishop and Capers. All remaining dates set forth in ECF 45 are extended accordingly. The Scheduling Order ECF 45 is amended as follows:

*Chestnut, et al. v. Kincaid, et al.*
Civil No. LKG-20-2342
October 27, 2021
Page 2

| | |
|---|---|
| Close of fact discovery; submission of status report | March 15, 2022 |
| Requests for Admission (responses served by this date) | April 12, 2022 |
| Plaintiffs' Rule 26(a)(2) disclosures | April 14, 2022 |
| Defendants' Rule 26(a)(2) disclosures | May 18, 2022 |
| Plaintiffs' rebuttal Rule 26(a)(2) disclosures | June 8, 2022 |
| Rule 26(a)(2) supplementation of disclosures and responses | June 15, 2022 |
| Close of expert discovery | June 29, 2022 |
| Dispositive pretrial motions deadline | July 29, 2022 |

Despite the informal nature of this letter, it is an ORDER of the Court and will be docketed accordingly.

Very truly yours,

A. David Copperthite
United States Magistrate Judge