## UNITED STATES DISTRICT COURT
## DISTRICT OF MARYLAND

CHAMBERS OF
A. DAVID COPPERTHITE
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-0946
MDD_ADCChambers@mdd.uscourts.gov

December 6, 2021

TO COUNSEL OF RECORD

Re: *Chestnut, et al. v. Kincaid, et al.,* Civil No. LKG 20-2342

Dear Counsel:

In accordance with this Court's previous Orders (ECF Nos. 82, 83) I conducted an *in camera* review of the document in question ("CIU Internal Memo"). I received the redacted and unredacted versions of the document in order to complete a proper *in camera* review. Here the Baltimore City State's Attorney has claimed privilege over the work product of counsel which appears in this document. The State's Attorney has released a redacted version consisting primarily of fact discovery where no claim of privilege will apply. As stated below, work product is generally protected. It is considered in two contexts—fact work product and opinion product. Fact work product can be discovered upon a showing of substantial need and an inability to secure the substantial equivalent. *See In re Grand Jury Subpoena,* 870 F.3d 312, 316 (4th Cir. 2017). The opinions and mental impressions of counsel are more scrupulously protected.

The starting point for asserting a privilege properly is Fed.R.Evid. 501. "Rule 501 provides that, for claims and defenses for which federal law applies, federal common law governs privilege, unless the Constitution, federal statutory law, or the Federal Rules provide otherwise." *See Flo Pac, LLC v. Nu Tech, LLC,* No. WDQ-09-0510, 2010 WL 5125447 at *4 (D.Md. Dec. 9, 2010) (citing Fed.R.Evid. 501).

The attorney-client privilege ranks among the oldest and most established evidentiary privileges known to our law. *United States v. Jicarilla Apache Nation,* 564 U.S. 162, 165 (2011). The privilege is intended to encourage "full and frank communication between attorneys and their clients and thereby promote broader public interests in the observance of law and administration of justice." *Upjohn Co. v. United States,* 449 U.S. 383, 389 (1981). The attorney-client privilege is established where there is a (1) communication (2) between privileged persons (3) in confidence (4) for the purposes of seeking, obtaining, or providing legal assistance to the client. *Flo Pac, LLC,* 2010 WL 5125447 at *4.

> For communications between an attorney and his or her client to be privileged, they must have been made primarily for the purpose of obtaining legal advice or services from the attorney. *Upjohn Co.,* 449 U.S. at 389; *In re Grand Jury Proceedings (John Doe),* 727 F.2d 1352, 1355 (4th Cir.1984). As with all other elements of the attorney client privilege, the scope of the privileged communication is a narrow one. *In re Grand Jury Proceedings,* 727 F.2d at 1355. This Court determines whether a communication is protected by the attorney-client privilege by inquiring into the "primary purpose" of the communication and considering the specific context in which the communication was made. *United States v, Cohn,* 303 F.Supp.2d 672,683 (D.Md. 2003), *see Neuberger Berman Real Estate Income*

> Fund, Inc. v. Lola Brown Trust No. 1B, 230 F.R.D. 398, 410–11 (D.Md.2005) (stating that the district's "primary purpose" test was consistent with the Fourth Circuit's "but for" test, which requires privilege claimants to demonstrate that the communication would not have taken place but for the need for legal advice).

*Flo Pac, LLC*, 2010 WL 5125447 at *6.

The work product privilege protects the work of the attorney done in preparation for litigation. The Supreme Court's decision in Hickman v. Taylor, 329 U.S. 495, 509–14 (1947), has guided work product doctrine. The United States Court of Appeals for the Fourth Circuit wrote:

> "Not even the most liberal of discovery theories can justify unwarranted inquiries into the files and mental impressions of an attorney." *Hickman*, 329 U.S. at 510, 67 S.Ct. at 393. The rule has been codified in Federal Rule of Civil Procedure 26(b)(3). "[E]xpressed in the Federal Rules in terms of discoverability of relevant material in civil cases, the work product principle also applies to criminal trials and grand jury proceedings." *In re John Doe*, 662 F.2d 1073, 1078 (4th Cir.1981), *cert. denied*, 455 U.S. 1000, 102 S.Ct. 1632, 71 L.Ed.2d 867 (1982). Courts have analyzed the work product privilege in two contexts—fact work product and opinion work product. Both are generally protected and can be discovered only in limited circumstances. Fact work product can be discovered upon a showing of both a substantial need and an inability to secure the substantial equivalent of the materials by alternate means without undue hardship. *Id.* at 1080. Opinion work product is even more scrupulously protected as it represents the actual thoughts and impressions of the attorney, and the protection can be claimed by the client or the attorney. *Id.* at 1079–80.

*In re Grand Jury Proceedings, Thursday Special Grand Jury Sept. Term, 1991*, 33 F.3d 342, 348 (4th Cir. 1994).

In applying this analysis to the current dispute, I find that the State's Attorney's Office for Baltimore City has properly redacted privileged information. The purpose of this document was in preparation for litigation and was between counsel and the client. A careful examination of the unredacted document shows that the State's Attorney has asserted the privilege only where the opinions and mental impressions of its counsel were captured. While there may be some factual information contained within the opinions and mental impressions, the factual information should have already been available to Plaintiffs here since, in general, it was derived from Plaintiffs' files while incarcerated and other readily available documents. There has been no showing that any non-disclosed factual information was otherwise unavailable to Plaintiffs. Therefore, I find that the State's Attorney's Office for Baltimore City has complied with disclosure by providing the redacted version of the CIU Internal Memo. The Request for disclosure of the unredacted version of the CIU Internal Memo (ECF No. 64) is DENIED.

*Chestnut et al., v. Kincaid, et al.,* Civil No. LKG-20-2342
December 6, 2021
Page 3

    Despite the informal nature of this letter, it is an ORDER of the Court and will be docketed accordingly.

Very truly yours,

A. David Copperthite
United States Magistrate Judge
