

**Mayer Engelsberg &lt;mengelsberg@nklawllp.com&gt;**

---

# The New Yorker

---

**Bertoni, Fabio** <fabio_bertoni@newyorker.com>   Wed, Nov 24, 2021 at 12:34 PM
To: Mayer Engelsberg <mengelsberg@nklawllp.com>

Mayer:

The New Yorker declines to identify responsive records, if any.  I'm attaching a formal letter of objection to the subpoena, to facilitate and clarify any application to the Court.  Thank you, and I hope you have a good holiday.

Sincerely,
Fabio Bertoni


On Tue, Nov 23, 2021 at 3:59 PM Mayer Engelsberg
<mengelsberg@nklawllp.com> wrote:
> Hello Fabio,
> I appreciate your view of the law. Understandably, our position differs from yours. We decline to withdraw the subpoena.
>
> If, as your last email indicates, you will not produce any materials on the basis of privilege, kindly provide a privilege log in compliance with Fed.R.Civ.P. 26(b)(5)(A)(ii). It is our position that a reporter's privilege is similar to other claims of privileges in that the party claiming the protection of the privilege bears the burden of proof as to its application. *See, e.g., Solis v. Food Emp'rs Labor Relations Ass'n*, 644 F.3d 221, 232 (4th Cir.2011). The party must assert "privilege/protection with particularity for each document, or category of documents, for which privilege/protection is claimed." *Victor Stanley, Inc. v. Creative Pipe, Inc.*, 250 F.R.D. 251, 267 (D. Md. 2008). "Guideline 10(d)(ii)(b) of the Local Rules provides additional information that a party objecting to the production of a particular document under an analogous provision of the federal rules, *see* Fed.R.Civ.P. 26(b)(5)(A)(ii), should include in its particularized description of the allegedly protected documents." *Am. Home Assur. Co. v. KBE Bldg. Corp.*, No. CIV. CCB-13-1941, 2015

WL 348292, at *13 (D. Md. Jan. 13, 2015) ((i) the type of document; (ii) the general subject matter of the document; (iii) the date of the document; and (iv) such other information as is sufficient to identify the document, including, where appropriate, the author, addressee, custodian, and any other recipient of the document, and, where not apparent, the relationship of the author, addressee, custodian, and any other recipient to each other...).

Finally, in the absence of a privilege log and without confirmation as to the existence of the subpoenaed records, we will have no choice but to alert the Court to our threshold dispute in order to avoid wasting the Court's time litigating over non-existent records.

Thank you very much.
Best,
Mayer

On Tue, Nov 23, 2021 at 2:05 PM Bertoni, Fabio <fabio_bertoni@newyorker.com> wrote:
> Mayer:
>
> The test is not whether the party seeking the information has access to the same notes or recordings of interviews the reporter may have conducted-- obviously that is never the case and would make the entire question moot. The point is that courts will not permit a party to obtain the reporter's notes or recordings when, as here, that party has access to the same individuals and can depose them directly. Without confirming whether or not The New Yorker has any such material, we decline to produce it, and assert well-established Constitutional principles for doing so, as set forth in the case I previously sent to you.
>
> Sincerely,
> Fabio
>
> On Tue, Nov 23, 2021 at 1:11 PM Mayer Engelsberg <mengelsberg@nklawllp.com> wrote:
>> Hello Mr. Bertoni,
>> Thank you for your email.
>> Our subpoena is limited to audio and video recordings. These records are unavailable from another source. Can you please confirm the existence of responsive records?
>> Thank you very much.
>> Best,
>> Mayer

> On Tue, Nov 16, 2021 at 10:46 AM Bertoni, Fabio <fabio_bertoni@newyorker.com> wrote:
>> Mr. Engelsberg:
>> I am following up on our telephone conversation of last week, to see wether you will withdraw your subpoenas to The New Yorker and Conde Nast, et. al. I am attaching a recent opinion in which The New Yorker, forced to litigate, was successful in having a subpoena quashed, after motion practice and argument, in a case that is precisely on point here. As you'll see, the court noted parties may not seek reporter's notes and interviews when they have access to the same sources through other means. Since you are able to depose all of the relevant parties, there is no need to seek information from journalists. Doing so would violate important First Amendment rights that we are committed to fighting for. Please let me know at your earliest convenience.
>>
>> Sincerely,
>> Fabio Bertoni
>>
>>
>> --
>> Fabio Bertoni
>> General Counsel
>> The New Yorker
>> 1 World Trade Center
>> New York, NY 10007
>> (212) 286-4991
>> fabio_bertoni@newyorker.com
>
>
> --
> Mayer Engelsberg
> *Associate*
> **Nathan & Kamionski LLP**
> 575 S. Charles St.
> Suite 402
> Baltimore, MD 21201
> (410) 885-4349
> mengelsberg@nklawllp.com
> www.nklawllp.com
>
> CONFIDENTIALITY WARNING: This email may contain
> privileged or confidential information and is for the sole use of the

> intended recipient(s). Any unauthorized use or disclosure of this communication is prohibited. If you believe that you have received this email in error, please notify the sender immediately and delete it from your system.

--
Fabio Bertoni
General Counsel
The New Yorker
1 World Trade Center
New York, NY 10007
(212) 286-4991
fabio_bertoni@newyorker.com

--
Mayer Engelsberg
*Associate*
**Nathan & Kamionski LLP**
575 S. Charles St.
Suite 402
Baltimore, MD 21201
(410) 885-4349
mengelsberg@nklawllp.com
www.nklawllp.com

CONFIDENTIALITY WARNING: This email may contain privileged or confidential information and is for the sole use of the intended recipient(s). Any unauthorized use or disclosure of this communication is prohibited. If you believe that you have received this email in error, please notify the sender immediately and delete it from your system.

--
Fabio Bertoni
General Counsel
The New Yorker
1 World Trade Center
New York, NY 10007
(212) 286-4991
fabio_bertoni@newyorker.com

**Englesberg Subpoena Response.pdf**
149K