

Fabio Bertoni
General Counsel

Tel: (212) 286-4991
Fabio_Bertoni@newyorker.com

<u>VIA EMAIL</u>

November 24, 2021

Mayer Engelsberg, Esq.
Nathan & Kamionski LLP
575 S. Charles St.
Suite 402
Baltimore, MD 21201

    Re:    <u>Advance Publications/The New Yorker</u>

Dear Mr. Engelsberg:

    I write in response to your subpoenas for documents to Conde Nast Entertainment and The New Yorker, Advance Magazine Publishers Inc., dated November 3, 2021, returnable November 24, 2021, received in our office on November 11, 2021. As indicated in our telephone conversations and my emails to you, *The New Yorker* considers the subpoenas invalid, and will not produce responsive documents, if any exist. *The New Yorker* objects to the subpoena because it seeks discovery of documents and other information protected from disclosure by the reporter's privilege under the First Amendment to the Constitution of the United States, and/or other constitutional, statutory or common law privileges that protect journalists from disclosing the identity of their sources and information obtained during the course of their newsgathering activity. <u>See</u> N.Y. Civil Rights Law § 79-h; Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 45(d)(3)(A); <u>Baker v. Goldman Sachs and Co.</u>, 669 F.3d 105 (2d Cir. 2012); <u>Giuffre v. Maxwell</u>, 221 F. Supp. 3d 472 (S.D.N.Y. 2016). To overcome the privilege, you would have to demonstrate that the information cannot be obtained through other means, such as the plaintiff or the numerous sources listed in the subpoena, and that there is any compelling interest in this information. We are confident you cannot make this showing.

    *The New Yorker* further objects to the subpoena's requests because they impose an undue burden and expense on *The New Yorker* as a non-party to this litigation; because they seek discovery that is not relevant to any party's claim or defense and that is not proportional to the needs of the case; because they seek certain information that is protected by the attorney-client privilege, the work-product doctrine, the common interest privilege, the joint-defense privilege and/or certain other privileges, doctrines or immunities; because they purport to require *The New Yorker* to search for and produce documents that are not within *The New Yorker's* possession, custody or control; and because they seek to impose requirements beyond those provided for in the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the District of Maryland and/or the Southern District of New York.

Please be advised that the foregoing does not waive any rights, remedies, defenses or privileges of *The New Yorker,* Advance Magazine Publishers Inc., or Conde Nast Entertainment.

Sincerely,

[signature]