**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| ALFRED CHESTNUT, et al., | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | 20-CV-02342-LKG |
| DONALD KINCAID, et al., | ) ) ) | |
| Defendants. | ) ) | |

**MOTION TO COMPEL MICHAEL MCGEE TO COMPLY WITH INDIVIDUAL
DEFENDANTS' RECORDS SUBPOENA**

NOW COME Individual Defendants, Donald Kincaid, Bryn Joyce, and John Barrick (hereinafter the "Individual Defendants"), by and through their attorneys, Nathan & Kamionski LLP, and hereby move this Court pursuant to Fed. R. Civ. P. 45 for an order to compel Michael McGee to properly respond to Individual Defendants' Subpoena to produce records. In support of their motion, Individual Defendants[1] state as follows:

**Factual Background**

This case arises out of the arrest, prosecution, and conviction of Plaintiffs for felony murder of a 14-year-old boy named DeWitt Duckett in 1983. *See* Am. Compl., ECF No. 59. More than thirty years later, Plaintiff Alfred Chestnut wrote to the State's Attorney's Office for Baltimore City (hereinafter "SAO"), requesting a reinvestigation of his conviction. *Id*. ¶ 124. The SAO ultimately joined Plaintiffs' Petition for Writ of Actual Innocence, which was granted on November 25, 2019. *Id*. ¶¶ 125-126. The SAO subsequently dismissed the charges against

---

[1] Defendant Baltimore Police Department joins the Individual Defendants in the relief sought.

1

Plaintiffs. *Id*. ¶ 127. Following the dismissal of the charges, Plaintiffs filed this civil-rights lawsuit against Individual Defendants and the Baltimore Police Department ("BPD").

In response to a written interrogatory request, Plaintiffs identified a list of more than twenty-five individuals who worked on Plaintiffs' case over the years. A number of these individuals were identified for the first time in the discovery response. As such, Individual Defendants issued records subpoenas to many of these individuals, including Mr. Michael McGee. *See* Records Subpoena to Michael McGee with Certificate of Service, attached as Exhibit 1. In response, Mr. McGee emailed counsel explaining that he had been hired as a private investigator by Mr. Charles Curlett, Esq. to work on the case. *See* September 22, 2021 McGee Email Response, attached as Exhibit 2. Mr. McGee broadly identified four categories of responsive records in his possession over which he asserted "Defense Team Work Product." *Id*.

By email letter dated October 11, 2021, counsel requested that Mr. McGee provide a proper privilege log as required under the federal and local rules. Counsel also requested to meet and confer with Mr. McGee on the matter. *See* Emails to McGee, attached as Exhibit 3; Letter Attachment, attached as Exhibit 4. When Mr. McGee ignored counsel's communication, counsel sent another email on October 27, 2021, again requesting to meet and confer. *See* Ex. 3. Although Mr. McGee did not claim legal representation in his subpoena response on September 22, 2021, after learning that Mr. McGee may have obtained representation by Mr. Curlett, counsel reached out to Mr. Curlett to confirm whether he indeed represented Mr. McGee for purposes of the subpoena. *See* Emails to Counsel, attached as Exhibit 5. Mr. Curlett responded that he would follow up with Mr. McGee to determine whether Mr. McGee possessed any records not already identified in a privilege log that Mr. Curlett produced in response to a subpoena directed to Mr. Curlett himself. *See id*. Finally, on November 9, 2021 Mr. Curlett provided an Updated Privilege

Log with additional entries asserting work product protection over various documents authored by

Mr. McGee. *See id*.; Updated Privilege Log, attached as Exhibit 6.

Individual Defendants now challenge the assertion of work product protection over the

following entries in Mr. McGee's privilege log:[2]

| Document Type | Date of Document | Author/From | Recipient | Privilege Basis | Subject of Document |
|---|---|---|---|---|---|
| Letter | 12/6/2018 | Mike McGee | Chief of Security MTC | Work Product | Letter regarding progress of case |
| Document | 7/27/2018 | Mike McGee | | Work Product | Document regarding witness |
| Document | 11/18/2018 | Mike McGee | | Work Product | Document regarding witness |
| Document | 7/27/2018 | Mike McGee | | Work Product | Document regarding witness |
| Document | 7/27/2018 | Mike McGee | | Work Product | Document regarding witness |
| Document | 8/2/2018 | Mike McGee | | Work Product | Document regarding witness |
| Document | 8/2/2018 | Mike McGee | | Work Product | Document regarding witness |
| Document | 7/28/2018 | Mike McGee | | Work Product | Document regarding witness |

Ex. 6 at pp. 2-3.

As demonstrated below Individual Defendants are entitled to these records because they

possess a substantial need and an inability to secure the substantial equivalent of the materials by

alternate means without undue hardship. Additionally, Plaintiffs have waived any work product

---

[2] The Updated Privilege Log produced by counsel does not separately identify each entry by an organizational reference number. Therefore, the disputed entries are reproduced here for ease of reference.

claims because they specifically relied upon information in their publicly filed Petition for Writ of Actual Innocence, and it has been shared with a third party.

## Legal Standard

Under the Federal Rules of Civil Procedure, courts have broad powers to govern conduct of discovery. *Dashiel v. Montgomery County*, 131 F.R.D. 102, 103 (D. Md. Nov. 16, 1989). Federal Rule of Civil Procedure 45(A)(iii) commands each person, to whom a subpoena is directed to "produce designated documents," to comply with said subpoena at "a specified time and place." "[T]he scope of discovery allowed under a subpoena is the same as the scope of discovery allowed under Rule 26." *Phillips v. Ottey*, No. CV DKC 14-0980, 2016 WL 6582647, at *2 (D. Md. Nov. 7, 2016). "Thus, regardless of whether the Court considers [the parties'] Motion under Rule 45 or Rule 26, the Court must review [ ] subpoenas under the relevancy standards set forth in Rule 26(b)." *Id*. Under Rule 26(b), documents are discoverable so long as they are (1) non-privileged, (2) relevant to any party's claim or defense, and (3) proportional to the needs of the case.

## Discussion

**I. Individual Defendants Have A Substantial Need For The Withheld Materials And Cannot Secure A Substantial Equivalent By Alternate Means Without Undue Hardship.**

Although attorney opinion work product is protected from disclosure, production of fact work product may be compelled "in limited circumstances, where a party shows 'both a substantial need and an inability to secure the substantial equivalent of the materials by alternate means without undue hardship.'" *In re Search Warrant Issued June 13, 2019*, 942 F.3d 159, 174 (4th Cir. 2019), *as amended* (Oct. 31, 2019) (quoting *In re Grand Jury Subpoena*, 870 F.3d 312, 316 (4th Cir. 2017)); *see* Fed. R. Civ. P. 26(b)(3).

Plaintiffs' Joint Petition for Writ of Actual Innocence alleges:

In the meantime, Chestnut's relatives hired a **private investigator** to review evidence and **contact potential witnesses**. Through that investigation, **RB, FH, and KA were contacted**. FH stated that she was with Witness YT on the day of the shooting and that they were in a room from which the shooting was not visible. KA stated that she was not with Witness YT on the day of the shooting and was in a classroom and, therefore, did not witness the shooting.

*See* Joint Petition for Writ of Actual Innocence, attached as Exhibit 7, at p. 10 (emphasis added).  Individual Defendants have learned through discovery that the "relatives" referenced in Plaintiffs' petition refers to Alfred Chestnut's girlfriend, Angela McKnight, and the "private investigator" is in fact Mr. McGee. *See, e.g.*, Ex. 6. Plaintiffs' Amended Complaint is replete with claims regarding these three witnesses. *See* Am. Compl. (¶¶70-71, 84, regarding FH; ¶¶69, 109, regarding KA; *e.g.*, ¶¶ 76, 91, regarding RB). Thus, the contacts and statements taken by Mr. McGee and relied upon by Plaintiffs in their petition are vital to assessing the veracity of Plaintiffs' claims. *See id.*; Ex. 7 at p. 10. Although Mr. McGee's lawyers identified the disputed documents as "Document[s] regarding witness[es]," Ex. 6, Mr. McGee's own log identifies them as "notes from witness interviews." Ex. 2.

Individual Defendants do not seek any of Mr. McGee's opinions or mental impressions, only his written notes of witness statements.[3] Individual Defendants have a substantial need for these notes because Plaintiffs, and the SAO, relied on those statements in their joint petition, which underlies this case. Moreover, as contemporaneous records of the statements represented to the court, they are the most reliable account of what transpired and what was said. Simply asking these witnesses at a deposition to recall what they told Mr. McGee over three years ago is hardly the substantial equivalent, because ascertaining exactly what was said to Mr. McGee at that time is of import in itself. *See Nat'l Union Fire Ins. Co. of Pittsburgh, Pa. v. Murray Sheet Metal Co.*, 967

---

[3] As discussed below in Section III, to the extent Mr. McGee's opinion work product has been disclosed to the SAO, Individual Defendants seek production of those records as well.

F.2d 980, 985 (4th Cir. 1992). In this way, the present situation is more analogous to the contemporaneous statements considered in *Nat'l Union Fire Ins. Co. of Pittsburgh, Pa.*, than to statements taken at a later date; it is the witnesses' statements to Mr. McGee – and not merely their recollections of events that occurred years before – that are material to the claims in this case. *See* id.; Ex. 7 at p. 10. The Court need not wrestle, however, with this distinction in the context of whether Individual Defendants have demonstrated a substantial need for Mr. McGee's notes or whether their substantive equivalent is attainable from an alternative source because, as explained below, the law is simplified by the doctrine of "implied waiver," or "subject-matter waiver."

## II.  Plaintiffs Waived Any Work Product Claims By Placing The Materials At Issue.

The United States Supreme Court has recognized that the work product privilege is not absolute and may be impliedly waived. *United States v. Nobles*, 422 U.S. 225, 239 (1975). The Fourth Circuit specifically held that in circumstances such as those in *Nobles*, wherein a waiver exists, applies to "all non-opinion work-product on the same subject matter as that disclosed*." In re Martin Marietta Corp.*, 856 F.2d 619, 625 (4th Cir. 1988). While "[t]he signal feature of the implied waiver in" *Nobles* and *Martin Marietta* was "testimonial use," *Id*. at 624, in *Martin Marietta* the Court extended "testimonial use" well beyond actual testimony to include disclosures made to the government as part of the settlement of active criminal and civil controversies. *Id*. at 625. Moreover, "[t]he case law clearly recognizes that there may be a waiver of the attorney work product doctrine where the information has been placed 'at issue' by the holder of the privilege." *Black & Decker Corp. v. United States*, 219 F.R.D. 87, 92 (D. Md. 2003) (citation omitted).

Though Plaintiffs did not present any admissible evidence in their Joint Petition for Writ of Actual Innocence, as quoted above, they explicitly relied on Mr. McGee's representations of his interactions with RB, KA, and FH—Mr. Bishop, Ms. Alderman, and Ms. Hunter. *See* Ex. 7 at

p. 10. In this way, Plaintiffs waived any work product protections they may have had relating to Mr. McGee's notes, which serve as the entire basis for Plaintiffs' claims regarding Mr. McGee's investigation. The Courts' rhetorical analogy in *Nobles* is directly applicable here. "Respondent can no more advance the work-product doctrine to sustain a unilateral testimonial use of work-product materials than he could elect to testify in his own behalf and thereafter assert his Fifth Amendment privilege to resist cross-examination on matters reasonably related to those brought out in direct examination." *Nobles*, 422 U.S. 239–40. Said another way, Plaintiffs did in fact make testimonial use out of Mr. McGee's "notes from witness interviews," by submitting the documents' substance to the State Court as a basis to vacate their convictions. *See In re Martin Marietta Corp.*, 856 F.2d at 624; Ex. 7 at p. 10. Therefore, Plaintiffs waived any fact work product protection of any records created by Mr. McGee related to his interactions with these witnesses.

### III. Any Work Product Claim Over Mr. McGee's Letter to MTC is Destroyed by Disclosure to A Third Party.

It is well settled that "[w]ork-product immunity is waived if the client, the client's lawyer, or another authorized agent of the client: ... (4) discloses the material to third persons in circumstances in which there is a significant likelihood that an adversary or potential adversary in anticipated litigation will obtain it." *Cont'l Cas. Co. v. Under Armour, Inc.*, 537 F. Supp. 2d 761, 772 (D. Md. 2008) (citing Restatement (Third) of the Law Governing Lawyers § 91 (2000)). Disclosure, and certainly "actual disclosure" so powerfully waive any immunities that the Fourth Circuit has applied such waivers to "opinion work product." *In re Doe*, 662 F.2d 1073, 1081 (4th Cir. 1981).

Mr. McGee has not provided any basis for his assertion of work product protection over a letter he sent to the Department of Public Safety and Correction Services ("DPSCS"). *See* Ex. 6 at p. 2 (12/6/2018 Letter from Mike McGee to Chief of Security at MTC regarding progress of case).

As the custodian of incarcerated individuals, including at that time, Mr. Chestnut—Mr. McGee's client, DPSCS is by its very nature an adversary or potential adversary in future litigation. A letter sent to DPSCS by an inmate's representative cannot reasonably be expected to remain confidential.

It is worth mentioning that Mr. McGee's "notes from witness interviews" were also likely disclosed to a potential adversary. Individual Defendants have good faith reason to believe that the notes were disclosed to the SAO because the SAO joined Plaintiffs' Joint Petition for Writ of Actual Innocence. *See* Ex. 7 at p. 2.

## Conclusion

Plaintiffs have chosen to put Mr. McGee's work product at the forefront of their efforts to gain their freedom. Plaintiffs cannot now hide behind this shield at the expense of "society's general interest [and Individual Defendants specific interest] in revealing all true and material facts to the resolution of a dispute." *In re Martin Marietta Corp.*, 856 F.2d 619, at 624.

WHEREFORE, Individual Defendants respectfully request that this Court enter an order compelling the full production and inspection of the requested records, and for such other relief as this Court may deem appropriate.

[SIGNATURES ON FOLLOWING PAGE]

DATED: December 29, 2021                    Respectfully submitted,

                                            */s/ Mayer Engelsberg*
                                            Shneur Nathan, Bar No. 20707
                                            Avi T. Kamionski, Bar No. 20703
                                            Mayer Engelsberg Bar No. 21105
                                            Michael J. Elliker Bar No. 20810
                                            NATHAN & KAMIONSKI LLP
                                            575 S. Charles Street Suite 402
                                            Baltimore, MD 21201
                                            (312) 612-1928
                                            (312) 448-6099
                                            akamionski@nklawllp.com
                                            snathan@nklawllp.com
                                            mengelsberg@nklawllp.com
                                            melliker@nklawllp.com

                                            *Attorneys for Donald Kincaid, Bryn Joyce, &*
                                            *John Barrick*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on December 29, 2021, I caused the foregoing document to be electronically filed with the Court's CM/ECF system, which will send an electronic copy of the same to all counsel of record, and that I served a copy of the same on counsel for Michael McGee, via email.

/s/ Mayer Engelsberg