**NATHAN & KAMIONSKI LLP**

MAYER ENGELSBERG
*Associate Attorney*
mengelsberg@nklawllp.com
T: (410) 885-4349
F: (312) 448-6099

January 13, 2022

**VIA ELECTRONIC COURT FILING**
The Hon. A. David Copperthite
United States District Court for the District of Maryland
101 West Lombard Street, 8B
Baltimore, Maryland 21201

    **Re: *Alfred Chestnut, et al. v. Donald Kincaid, et al.*, Civil Action No. LKG-20-2342**

Dear Judge Copperthite:

  The depositions of Edward Capers and Ronald Bishop are currently scheduled to take place on January 18, 2022, and January 24, 2022, respectively. As this Court is aware, Individual Defendants (and Plaintiffs) have encountered great difficulty "gathering facts and information to effectively prosecute and defend this litigation based upon events that occurred over 37 years ago." Court Order, ECF No. 76; *see also* Correspondence, ECF No. 72. For this reason, this Court previously stayed the Capers and Bishop depositions and extended the discovery deadline to *specifically* allow Defendants more time to gather records critical to defending the allegations. *Id*. Despite Individual Defendants diligent attempts to gather the documents necessary to take meaningful depositions of these witnesses, several factors have made this impossible. These factors, as further described below, include (a) the Circuit Court of Baltimore City rescheduling a hearing due to COVID; (b) the Circuit Court of Baltimore City encountering delays in obtaining court files from archives; (c) Plaintiffs delaying production of records from the Mid-Atlantic Innocence Project ("MAIP") and the University of Baltimore Innocence Project ("UBIP"), both of whom served as Plaintiffs' post-conviction counsel; (d) The New Yorker refusing to produce audio of its interviews with witnesses; (e) The Baltimore City State's Attorney's Office delaying production of communications with witnesses; and (f) Plaintiffs' private investigator refusing to produce notes of witness statements at issue in this case. Accordingly, at a minimum, Individual Defendants seek a protective order to stay the depositions until the Circuit Court for Baltimore City conducts a hearing to consider Individual Defendants' request for the grand jury materials.

  Individual Defendants take very seriously this Court's previous ruling that "[a] court's scheduling order 'is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril.'" ECF No. 76 (citing *Potomac Elec. Power Co. v. Elec. Motor Supply, Inc.*, 190 F.R.D. 372, 375-76 (D. Md. 1999)). For this reason, Individual Defendants have continued to diligently pursue necessary and relevant records and have worked extensively with Plaintiffs to schedule all the depositions. Individual Defendants made clear at the outset of their scheduling call on November 30, 2021, which Plaintiffs' counsel acknowledged, that the parties would schedule the depositions guided by this Court's order, and with the understanding that the dates were subject to change should the parties encounter unforeseen difficulties in

obtaining the Baltimore City Circuit Court files and grand jury materials for Plaintiffs' underlying convictions.

Despite their best efforts and repeated contact with the clerk's office Individual Defendants were first able to schedule a hearing for the release of the grand jury transcripts on January 6, 2022. *See* Dec. 20, 2021, Email from Court, attached as Ex. 1. The court cancelled the hearing due to its own scheduling difficulties and rescheduled for January 11, 2022. *See* Jan. 4, 2022, Email from Court, attached as Ex. 2. On January 11, 2022, the court again notified the parties that it would have to reschedule the hearing because the Judge contracted COVID. *See* Jan. 11, 2022, Email from Court, attached as Ex. 3. Moreover, the severity and reach of the most recent COVID surge is aptly demonstrated by the local and statewide authorities reinstating a state of emergency and the Maryland Courts retreating back to Stage 3 protocols. Individual Defendants expect the Court to release the grand jury transcripts as it already has in another pending high exposure reversed conviction lawsuit, *McPherson, et al. v BPD, et al.*, Case 1:20-cv-00795-SAG, and given that their request, which Plaintiffs initially joined, remains unopposed. Given the critical nature of the grand jury transcripts to this litigation, and specifically with respect to the depositions of witnesses whose deposition testimony is directly impacted by the grand jury testimony, Individual Defendants immediately reached out to Plaintiffs to request a continuance of the scheduled depositions, which is consistent with this Court's previous ruling. Plaintiffs refused.[1]

In addition, many important records have not yet been produced to Individual Defendants, including some records currently in Plaintiffs' custody. Plaintiffs' post-conviction counsel at MAIP still have not completed their production to a third-party document processor, and Plaintiffs have not even begun to conduct a privilege review of those records. *See* Jan. 10, 2022, Email from Legal Images, attached as Ex. 4. Plaintiffs' post-conviction counsel at the UBIP have completed their production to the document processor and conducted their own privilege review. Those records have also been in Plaintiffs' possession for some time to conduct a separate privilege review, but these records have similarly not been produced. Additionally, Individual Defendants procured a court order from the Baltimore City Circuit Court to review the complete files for Plaintiffs' underlying convictions, including sealed records. *See* Dec. 17, 2021, Baltimore City Circuit Court Orders, attached as Ex. 5. The parties have inspected one of Plaintiff's files but two of the files had to be specially requested from court archives, and they have not yet been made available by the court. *See* Dec. 29, 2021, Email from Counsel, attached as Ex. 6. Finally, Individual Defendants are currently litigating three separate discovery disputes with third-parties to obtain important records for their defense. *See* ECF Nos. 87-101.

Put plainly, despite Individual Defendants' "diligent efforts," they still await the production of many records — most importantly the grand jury transcripts — that are required to properly depose the witnesses in this case. *See* Court Order, ECF No. 76. The delays in receiving a hearing for the grand jury materials cannot be attributed to any carelessness on the part of Individual Defendants.[2] *See id*.

---

[1] Individual Defendants immediately attempted to bring this dispute to the Court's attention on January 11, 2022, but Plaintiffs objected to filing a joint dispute letter until today.

[2] The Baltimore City Circuit Court judge is not the only one who contracted COVID during the Omicron surge. Lead counsel for Individual Defendants, Avi Kamionski, has also contracted COVID. Plaintiffs agreed to postpone Mr. Capers's deposition by one week until January 18, 2022, to allow time for Mr.

In light of the above, at this time, Defendants respectfully ask that the Court grant Defendants' request for a protective order to stay the depositions until the Circuit Court for Baltimore City conducts a hearing to consider Individual Defendants' request for the grand jury materials.

Respectfully,

/s/ Mayer Engelsberg
Avi T. Kamionski, Bar No. 20703
Shneur Nathan, Bar No. 20707
Mayer Engelsberg Bar No. 21105
Michael J. Elliker, Bar No. 20810
Nathan & Kamionski LLP
575 S. Charles Street Suite 402
Baltimore, MD 21201
T: (312) 612-1928
snathan@nklawllp.com
akamionski@nklawllp.com
mengelsberg@nklawllp.com
melliker@nklawllp.com

*Attorneys for Individual Defendants*

---

Kamionski to recuperate. But Mr. Kamionski is still experiencing symptoms and he requested that Plaintiffs postpone the depositions scheduled for the week of January 17, 2022, for this reason as well. *See* Jan. 12, 2022, Email from A. Kamionski, attached as Ex. 7. In response, Plaintiffs proposed that they move forward with the deposition of Mr. Capers on January 18, 2022, via remote videoconferencing, and that Individual Defendants could reopen the deposition at a later date to for their questioning. Plaintiffs also indicated an openness to "discuss further what compromises" could be reached regarding depositions that Individual Defendants had noted for January 19, 2022. *See* Jan. 12, 2022 Proposal from Counsel, attached as Ex. 8. (At a second meet and confer on January 13, 2022, Plaintiffs agreed to postpone depositions noted by Individual Defendants.) This proposal is insufficient for two reasons: First, it does not address the issues related to the many outstanding records, including the grand jury materials. A witness's ability to review a prior sworn statement from testimony from many years ago impacts the witness's ability to testify accurately. Plaintiffs' rush to have Mr. Capers (and Mr. Bishop) testify without the benefit of their prior sworn statements to the grand jury invites an intentionally jumbled record that is inherently unfair to the witnesses and to the Parties. Second, as a recanting witness 35 years later, Mr. Capers's deposition is critical to this case. Individual Defendants should be afforded the right to have their counsel of choice in to defend Mr. Capers's deposition. As the senior partner on this case, Mr. Kamionski is uniquely qualified for this role and is unable to meaningfully participate given his current condition.