# UNITED STATES DISTRICT COURT
## DISTRICT OF MARYLAND

CHAMBERS OF
A. DAVID COPPERTHITE
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-0946
MDD_ADCChambers@mdd.uscourts.gov

February 1, 2022

TO COUNSEL OF RECORD

Re: *Chestnut et al. v. Kincaid et al.*, Civil No. LKG-20-2342

Dear Counsel:

Individual Defendants Donald Kincaid, Bryn Joyce, and John Barrick (hereinafter "Individual Defendants") have filed a Motion to Compel (ECF No. 91) non-party Michael McGee to produce records, specifically a letter regarding case progress sent to the Department of Public Safety and Correctional Services and written notes of witness interviews. Mr. McGee filed a response, and Individual Defendants replied. ECF Nos. 100, 110. The matter is fully briefed, and no hearing is necessary. Loc.R. 105.6 (D.Md. 2021). For the reasons set forth below, ECF No. 91 is GRANTED IN PART and DENIED IN PART.

Individual Defendants issued a record subpoena to Mr. McGee requesting "any and all documents in [his] possession" relating to Plaintiffs. ECF No. 91-2. Mr. McGee, through counsel, produced an updated privilege log asserting work product protection over a letter sent from Mr. McGee to the Chief of Security at Metropolitan Transition Center ("MTC") under the Maryland Department of Public Safety and Correctional Services (the "Letter"), and documentation related to Mr. McGee's witness interviews. ECF No. 91-1 at 3. Individual Defendants assert that records related to Mr. McGee's witness interviews are not protected because reference to them was made in Plaintiffs' Joint Petition for Writ of Actual Innocence filed with the Circuit Court of Baltimore City, specifically:

> Chestnut's relatives hired a private investigator to review evidence and contact potential witnesses. Through that investigation, RB, FH, and KA were contacted. FH stated that she was with Witness YT on the day of the shooting and that they were in a room from which the shooting was not visible. KA stated that she was not with Witness YT on the day of the shooting and was in a classroom and, therefore, did not witness the shooting.

ECF No. 91-1 at 5; ECF No. 91-8 at 8.

The work product doctrine is incorporated in Rule 26 of the Federal Rules of Civil Procedure, which prohibits discovery of "documents and tangible things that are prepared in anticipation of litigation." Fed.R.Civ.P. 26(b)(3)(A). Such materials are protected because "it is essential that a lawyer work with a certain degree of privacy, free from unnecessary intrusion by opposing parties and their counsel." *Hickman v. Taylor*, 329 U.S. 495, 510 (1947). Two types of work product exist: "(1) fact work product, which is 'a transaction of the factual events involved,' and (2) opinion work product, which 'represents the actual thoughts and impressions of the attorney.'" *In re Search Warrant Issued June 13, 2019*, 942 F.3d 159, 174 (4th Cir. 2019), *as amended* (Oct. 31, 2019) (quoting *In re Grand Jury Subpoena*, 870 F.3d 312, 316 (4th Cir. 2017)). While opinion work product "enjoys a nearly absolute immunity" from production, fact work product may be discoverable "in limited circumstances, where a party shows 'both a substantial

need and an inability to secure the substantial equivalent of the materials by alternate means without undue hardship.'" *Id.* (quoting *In re Grand Jury Subpoena*, 870 F.3d at 316). *See* Fed.R.Civ.P. 26(b)(3)(A)(ii) ("[M]aterials may be discovered if . . . the party shows that it has substantial need for the materials to prepare its case and cannot, without undue hardship, obtain their substantial equivalent by other means.").

### I.     Waiver

Individual Defendants argue that any work product protection over the requested records has been waived. ECF No. 91-1 at 6–8. "The privilege derived from the work-product doctrine is not absolute. Like other qualified privileges, it may be waived." *United States v. Nobles*, 422 U.S. 225, 239 (1975) (concluding that where an investigator was presented as a witness, the privilege was waived "with respect to matters covered in his testimony"). "To find waiver, a court must find that there has been 'disclosure of a communication or information covered by the attorney-client privilege or work-product protection.'" *In re Fluor Intercontinental, Inc.*, 803 F.App'x 697, 701 (4th Cir. 2020) (quoting Fed.R.Evid. 502). In particular, work product protection may be impliedly waived where there is "testimonial use" of work product information, and the waiver applies "to all non-opinion work-product of the same matter as that disclosed." *See In re Martin Marietta Corp.*, 856 F.2d 619, 624–25 (4th Cir. 1988).

Moreover, "[w]ork-product immunity is waived if the client, the client's lawyer, or another authorized agent of the client . . . discloses the material to third persons in circumstances in which there is a significant likelihood that an adversary or potential adversary in anticipated litigation will obtain it." *Cont'l Cas. Co. v. Under Armour, Inc.*, 537 F.Supp.2d 761, 772 (D.Md. 2008) (quoting Restatement (Third) of the Law Governing Lawyers § 91 (2000)). "To waive work product protection, the disclosure of 'the contents of otherwise protected work product [must be] to someone with interests adverse to his or those of the client, knowingly increasing the possibility that an opponent will obtain and use the material.'" *Est. of Bryant v. Baltimore Police Dep't*, No. ELH-19-384, 2020 WL 6363965, at *3 (D.Md. Oct. 29, 2020) (quoting *Owens v. Mayor & City Council of Baltimore*, No. CV 11-3295-GLR, 2015 WL 6082131, at *2 (D.Md. Oct. 14, 2015)). *See In re Doe*, 662 F.2d 1073, 1081 (4th Cir. 1981) (citations omitted) ("[W]hen an attorney freely and voluntarily discloses the contents of otherwise protected work product to someone with interests adverse to his or those of the client, knowingly increasing the possibility that an opponent will obtain and use the material, he may be deemed to have waived work product protection.").

In *Martin Marietta*, the United States Court of Appeals for the Fourth Circuit discussed the implied waiver of work product privilege and concluded that the party's disclosure of information to the federal government, when the government was its adversary, constituted testimonial use of the non-opinion work product. 856 F.2d at 625. Moreover, the Fourth Circuit identified three important factors it weighed in reaching such a conclusion, including (1) adverse interests between the party that disclosed the information and the entity that received the information; (2) the completeness of the disclosure; and (3) that the disclosures were made "in a direct attempt to settle active controversies." *Id.*

Here, Individual Defendants have not shown that Plaintiffs made "testimonial use" of Mr.

McGee's witness interviews such that an implied subject matter waiver resulted. However, they have shown that any work product over the Letter was waived. The "important" factors the Fourth Circuit used to determine waiver in *Martin Marietta* similarly weigh against finding testimonial use here. First, the information that Individual Defendants take issue with disclosed in the Joint Petition for Writ of Actual Innocence was filed with the Circuit Court for Baltimore City, not an adversary of Plaintiffs. Second, the disclosure is far from complete: it includes instead brief information about Mr. McGee's investigation and the fact that he contacted three witnesses. And third, the disclosures were not made in the context of the present active controversy, but instead were made as the basis for possible future action. None of the factors the Fourth Circuit noted weigh in favor of disclosure.

The United States Supreme Court's decision in *Nobles* does not compel a different result. *See* ECF No. 91-1 at 6–7. In *Nobles*, an investigator was called upon as a witness, counsel used the investigator's report to question the witnesses at trial, and the witness used the investigator's report to refresh his recollections. 422 U.S. at 228–229. Such usage was testimonial and shows a much greater disclosure of the materials than exists here. Accordingly, Individual Defendants have not shown that Mr. McGee's notes from witness interviews were subject to testimonial use, and thus work product protection was not waived.[1]

Individual Defendants have, however, sufficiently shown that work product protection was waived with respect to the Letter. As Individual Defendants argue, the Letter was sent by Mr. McGee, an investigator hired by Mr. Chestnut's counsel, to the Chief of Security at MTC, where Mr. Chestnut was detained at the time. The Letter was thus not sent between two parties with a common interest. *See Est. of Bryant*, 2020 WL 6363965, at *3 ("Typically, disclosure to a person with an interest common to that of the attorney or the client . . . is not inconsistent with an intent to invoke the work product doctrine's protection and would not amount to such a waiver." (citations and alterations omitted)). Even further, the receiving party (the Chief of Security where Mr. Chestnut was detained) certainly possessed adverse interests to those of Mr. Chestnut. *See In re Doe*, 662 F.2d at 1081. Notably, Mr. McGee has offered no argument as to why the Letter is protected by work product protection, and in fact failed to mention the Letter at all in his response. Accordingly, any work product protection over the Letter was waived as it was disclosed to an entity with interests adverse to Plaintiffs.

## II. Substantial Need Exception

Individual Defendants further assert that, even without waiver, Mr. McGee must still provide the requested records because the substantial need exception applies. ECF No. 91-1 at 4–6. "Even when documents and tangible things are prepared in anticipation of litigation or for trial, to the extent they do not involve the mental impressions, conclusions, opinions, or legal theories concerning the litigation, they may be discoverable on a showing of 'substantial need.'" *Nat'l*

---

[1] Because I conclude that Individual Defendants have not shown there was testimonial use of the requested records, I need not consider Individual Defendants' and Mr. McGee's disagreement over whether the requested interview notes are fact or opinion work product. ECF No. 91-1 at 7; ECF No. 100 at 4–5; ECF No. 110 at 2–3.

*Union Fire Ins. Co. of Pittsburgh, Pa. v. Murray Sheet Metal Co., Inc.*, 967 F.2d 980, 984–85 (4th Cir. 1992). The substantial need exception is "an 'anti-freeloader' rule" to prevent adverse parties from benefiting from the preparatory work of the other. *See id.* at 985. However, the policy may be outweighed where there is a showing of "the document's relevance and importance to the issues in the litigation and the unavailability of the facts in the documents from other sources." *Id.* Thus, fact work product is "somewhat less protected," or discoverable, where the party shows "an inability to secure the substantial equivalent of the materials by alternate means without undue hardship." *In re Search Warrant Issued June 13, 2019*, 942 F.3d at 174 (citations omitted). *See People for Ethical Treatment of Animals, Inc. v. Tri-State Zoological Park of W. Maryland, Inc.*, No. CV PX-17-2148, 2018 WL 3546725, at *3 (D.Md. July 24, 2018). When considering whether the substantial need exception applies, the Court considers:

> (1) the importance of the materials to the party seeking them for case preparation; (2) the difficulty the part[y] will have obtaining them by other means; and (3) the likelihood that the party, even if he obtains the information by independent means, will not have the substantial equivalent of the documents he seeks."

*Paice, LLC v. Hyundai Motor Co.*, 302 F.R.D. 128, 135 (D.Md. 2014) (citation omitted).

More specifically, other courts in this Circuit have concluded that where witnesses are available to both parties, the substantial need exception does not apply. *See Revak v. Miller*, No. 7:18-CV-206-FL, 2020 WL 1164920, at *10 (E.D.N.C. Mar. 9, 2020) (citations omitted); *Dale v. Jordan*, No. 2:16cv733, 2017 WL 11507179, at *2 (E.D.Va. Nov. 16, 2017); *United States v. Bertie Ambulance Serv., Inc.*, No. 2:14-CV-53-F, 2015 WL 3932167, at *7 (E.D.N.C. June 25, 2015) (citing *Baker v. Gen. Motors Corp.*, 209 F.3d 1051, 1054 (8th Cir. 2000)). This Court recently also seemed to adopt similar reasoning, explaining though not deciding, that the defendant could not make a substantial need showing because the witness had already been deposed in the case. *Johnson v. Balt. Police Dep't*, No. ELH-19-698, at 2 (D.Md. Sept. 14, 2021). *See* ECF No. 100-6 at 2.

Even assuming *arguendo* that the requested witness notes are strictly fact work product, I am still not convinced that the substantial need exception applies here. As an initial matter, the reasoning of other courts in this Circuit is similarly applicable here. Individual Defendants have access to the witnesses at issue and thus suggesting that a "substantial need" exists would stretch the doctrine beyond its intended purpose. Even further, analysis of the *Paice* factors here weighs against the application of the substantial need exception. First, the witnesses' statements about the investigation are certainly important to the case, however what the witnesses told Mr. McGee at the initial interviews are less so. Seeking access to the interview notes from three years ago when the witnesses are available to testify to the investigation goes against the "anti-freeloader" policy underlying the substantial need exception. *See Nat'l Union Fire Ins. Co. of Pittsburgh, Pa.*, 967 F.2d at 985. Second, because the witnesses are available, their statements about the investigation are not difficult to obtain. And further, while Individual Defendants contend that it is hardly the substantial equivalent, the witnesses can be asked about their interviews with Mr. McGee. And finally third, like with the first factor, the witnesses are available and can be interviewed both about the investigation at the core of this dispute and about their interviews with Mr. McGee. The

*Chestnut et al., v. Kincaid et al.*, Civil No. LKG-20-2342
February 1, 2022
Page 5

witnesses are available to Individual Defendants and Individual Defendants may ask witnesses about the investigation and their interviews with Mr. McGee, thus Individual Defendants can "secure the substantial equivalent of the materials by alternate means without undue hardship." *See In re Search Warrant Issued June 13, 2019*, 942 F.3d at 174 (citations omitted).

Accordingly, ECF No. 91 is GRANTED to the extent that it seeks to compel Mr. McGee to produce the Letter and DENIED to the extent that it seeks to compel Mr. McGee's notes from the witness interviews. Despite the informal nature of this letter, it is an ORDER of the Court and will be docketed accordingly.

Very truly yours,

A. David Copperthite
United States Magistrate Judge