UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
A. DAVID COPPERTHITE
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-0946
MDD_ADCChambers@mdd.uscourts.gov

February 4, 2022

TO COUNSEL OF RECORD

Re: *Chestnut et al. v. Kincaid et al.*, Civil No. LKG-20-2342

Dear Counsel:

Individual Defendants Donald Kincaid, Bryn Joyce, and John Barrick ("Individual Defendants") have filed a Motion to Compel (ECF No. 87-1) non-party Advanced Magazine Publishers Inc. d/b/a the New Yorker ("the New Yorker") to produce "any and all audio or video recordings of statements provided or interviews conducted" for an article related to the underlying action. *See* ECF No. 87-3. The New Yorker responded in opposition and filed a Cross Motion to Quash Individual Defendants' subpoena (ECF No. 97). Individual Defendants replied.[1] ECF No. 108. The matter is fully briefed, and no hearing is necessary. Loc.R. 105.6 (D.Md. 2021). For the reasons set forth below, Individual Defendants' Motion to Compel (ECF No. 87-1) is DENIED, and the New Yorker's Cross Motion to Quash (ECF No. 97) is GRANTED.

On October 25, 2021, the New Yorker published an article entitled, "When a Witness Recants," that focused on Plaintiffs' claims in this litigation, specifically the recollections of Mr. Ron Bishop, one of the four trial witnesses. ECF No. 87-1 at 2; ECF No. 87-2. On November 3, 2021, Individual Defendants' counsel issued a subpoena to the New Yorker requesting "any and all audio or video recordings of statements provided or interviews conducted with anyone in connection with the article." ECF No. 87-3. Counsel for the New Yorker requested Individual Defendants withdraw the subpoena and, when they did not, sent a formal letter objecting to the subpoena on the basis of "the reporter's privilege under the First Amendment to the Constitution of the United States, and/or other constitutional, statutory[,] or common law privileges that protect journalists from disclosing the identity of their sources and information obtained during the course of their newsgathering activity." ECF No. 87-1 at 2; ECF No. 87-5 (citations omitted). Counsel for Individual Defendants also requested a privilege log in accordance with Rule 26(b)(5)(A)(ii), and counsel for the New Yorker declined to identify responsive records. ECF No. 87-4. Individual Defendants now bring the present Motion to Compel, arguing first that the New Yorker has waived any claims of privilege by failing to properly respond to the subpoena, and second that the information is not protected because the balance of interests favor disclosure under *LaRouche v. Nat'l Broad. Co.*, 780 F.2d 1134, 1139 (4th Cir. 1986). ECF No. 87-1 at 4–12. In its Cross Motion, the New Yorker opposes these arguments and asserts that the subpoena is invalid for failing to comply with Rule 45(c)(2)(A). ECF No. 97-1 at 8–11. I address each argument below.

---

[1] Individual Defendants assert in a footnote that the New Yorker's response and Cross Motion to Quash should be stricken because it was filed a day late, in violation of Loc.R. 105.2(a) (D.Md. 2021). *See* ECF No. 108 at 2 n.2. Both Individual Defendants and the New Yorker have briefed their arguments for the Court and had opportunities to respond. Both motions are now ripe. A request for an extension by the New Yorker, a non-party to this litigation, would have been granted. Accordingly, striking the New Yorker's pleading for being a day late is not warranted here.

Discovery rules are to be accorded broad and liberal construction. *Herbert v. Lando*, 441 U.S. 153, 177 (1979); *Hickman v. Taylor*, 329 U.S. 495, 507 (1947). The Court is guided by Fed.R.Civ.P. 26(b)(1) and Appendix A, Guideline 1 of the Local Rules, "to facilitate the just, speedy, and inexpensive conduct of discovery," in light of what is "relevant to any party's claim or defense; proportional to what is at issue in a case; and not excessively burdensome or expensive as compared to the likely benefit of obtaining the discovery being sought." Local Rules, App. A, Guideline 1 (D.Md. 2021). "District courts enjoy substantial discretion in the management of discovery and whether to grant motions to compel." *E.E.O.C. v. Freeman*, 288 F.R.D. 92, 98 (D.Md. 2012) (citing *Lone Star Steakhouse & Saloon, Inc. v. Alpha of Va., Inc.*, 43 F.3d 922, 929 (4th Cir. 1995)). The power of a subpoena is addressed generally in Fed.R.Civ.P. 45. A party may move the court for the district where compliance is required for an order compelling production. Fed.R.Civ.P. 45(d)(2)(B)(i). Pursuant to Rule 34, non-parties may be compelled to produce documents or tangible things or permit inspection. Fed.R.Civ.P. 34(c). However, a nonparty that receives a subpoena may file a motion to quash the subpoena pursuant to Fed.R.Civ.P. 45(d)(3), and the Court must quash or modify a subpoena that "requires disclosure of privileged or other protected matter, if no exception or waiver applies." Fed.R.Civ.P. 45(d)(3)(A)(iii).

I turn first to the New Yorker's argument that Individual Defendants' subpoena is invalid and thus that this Court lacks jurisdiction to enforce it. Rule 45 states that a subpoena may seek "production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person." Rule 45(c)(2)(A). Accordingly, the Court must quash or modify a subpoena that "requires a person to comply beyond the geographical limits specified in Rule 45(c)." Fed.R.Civ.P. 45(d)(3)(A)(ii). This Court has previously interpreted this provision as requiring a subpoena be quashed where it requires a nonparty to "travel more than 100 miles" from where the nonparty resides, is employed, or regularly transacts business in person. *See Equal Emp. Opportunity Comm'n v. Performance Food Grp., Inc.*, No. CV MJG-13-1712, 2017 WL 2461977, at *2 (D.Md. June 7, 2017); *Malibu Media, LLC v. Doe*, No. CIV. WDQ-14-0252, 2014 WL 2879326, at *1 (D.Md. June 23, 2014); *Maxtena, Inc. v. Marks*, 289 F.R.D. 427, 438 (D. Md. 2012). And further, as Individual Defendants noted, other courts have found that the 100-mile restriction is not violated where the person is not instructed to appear at the location of production. *See, e.g., Dippel v. S.C. Farm Bureau*, No. 4:16-CV-1605-RBH-TER, 2018 WL 5763690, at *1 (D.S.C. Nov. 2, 2018) (citing cases), *aff'd sub nom. Dippel v. S.C. Farm Bureau Mut. Ins. Co.*, No. 4:16-cv-1605-RBH-TER, 2019 WL 132881 (D.S.C. Jan. 8, 2019); *CresCom Bank v. Terry*, 269 F.Supp.3d 708, 713 (D.S.C. 2017) (citing cases). *Cf. Broumand v. Joseph*, 522 F.Supp.3d 8, 23 n.7 (S.D.N.Y. 2021). Here, the Court is persuaded by the above case law that it is not required to quash Individual Defendants' subpoena pursuant to Rule 45(d)(3)(A). The subpoena specified that production was to occur by U.S. mail or email. *See* ECF No. 87-3. It did not require travel or physical presence in this jurisdiction. Accordingly, the New Yorker's argument is without merit.[2]

I turn next to Individual Defendants' argument that the New Yorker has waived any claims of privilege by failing to properly respond to the subpoena. Under Fed.R.Civ.P. 26(b)(5)(A), a

---

[2] Because the New Yorker's argument that the subpoena is invalid fails, the Court rejects its footnoted request for attorneys' fees. *See* ECF No. 97-1 at 11 n.4.

witness that withholds requested records on the basis of privilege must both "(i) expressly make the claim[] and (ii) describe the nature of the documents, communications, or tangible things not produced or disclosed—and do so in a manner that, *without revealing information itself privileged or protected*, will enable other parties to assess the claim." Fed.R.Civ.P. 26(b)(5)(A) (emphasis added). *See Am. Home Assur. Co. v. KBE Bldg. Corp.*, No. CIV. CCB-13-1941, 2015 WL 348292, at *13 (D.Md. Jan. 13, 2015). *See also* Guideline 10(d)(ii) of the Local Rules, App. A (D.Md. 2021) (similarly requiring specificity in asserting privilege). While the assertion of privilege is normally presented in the form of a privilege log, *see Mezu v. Morgan State Univ.*, 269 F.R.D. 565, 577 (D.Md. 2010), it need not take that form. *See* Rule 26(b)(5). Failure to provide such information "may forfeit the claimed privilege." *Am. Home Assur. Co.*, 2015 WL 348292, at *13 (citing *Mezu*, 269 F.R.D. at 577).

I conclude that no such waiver has occurred here. The New Yorker provided Individual Defendants with information about the specific privilege being asserted and contended that it applied to the full request. *See* ECF No. 87-4; ECF No. 87-5. The specific type of privilege asserted here provides guidance. Information as basic as the identity of those involved in the recordings may be protected by privilege. *See Pell v. Procunier*, 417 U.S. 817, 834 (1974) (explaining that journalists are "entitled to some constitutional protection of the confidentiality of [their] sources"); *Ashcraft v. Conoco, Inc.*, 218 F.3d 282, 287 (4th Cir. 2000) ("If reporters were routinely required to divulge the identities of their sources, the free flow of newsworthy information would be restrained and the public's understanding of important issues and events would be hampered in ways inconsistent with a healthy republic."). Accordingly, failing to provide greater information here did not constitute a waiver of such privilege because the New Yorker's basis for response was to avoid "revealing information itself privileged or protected." *See* Fed.R.Civ.P. 26(b)(5)(A)(ii). *See also Livingston v. Kehagias*, No. 5:16-CV-906-BO, 2018 WL 1278190, at *2–3 (E.D.N.C. Mar. 12, 2018) (finding "no need for it to provide a privilege log on the filing of the motion" where the party had moved to quash the subpoena in its entirety).

I turn finally to Individual Defendants' argument that the requested communications are not protected because all three prongs of the *LaRouche* test weigh in favor of disclosure. Journalists are entitled to "some constitutional protection of the confidentiality of their sources. Such protection is necessary to ensure a free and vital press, without which an open and democratic society would be impossible to maintain." *Ashcraft*, 218 F.3d at 287 (citations omitted). "While this privilege is not absolute," *see In re Green Dev. Corp. S.A. de C.V.*, No. WDQ-15-2985, 2015 WL 10319091, at *4 (D.Md. Oct. 1, 2015), *report and recommendation approved sub nom.*, No. CV CCB-15-2985, 2016 WL 640791 (D.Md. Feb. 18, 2016), a "qualified reporter's privilege" exists in civil cases, subject to a three-part balancing test laid out in *LaRouche*. *United States v. Sterling*, 724 F.3d 482, 505 (4th Cir. 2013); *LaRouche*, 780 F.2d at 1139. The Court must balance: "(1) whether the information is relevant, (2) whether the information can be obtained by alternative means, and (3) whether there is a compelling interest in the information." *LaRouche*, 780 F.2d at 1139 (citing *Miller v. Transamerican Press, Inc.*, 621 F.2d 721, 726 (5th Cir.), *opinion supplemented on denial of reh'g*, 628 F.2d 932 (5th Cir. 1980)). "[T]his balancing of the reporter's interests and society's interests is committed to the sound discretion of the district court." *Ashcraft*, 218 F.3d at 287.

The first factor is whether the requested records are relevant. "The standard for relevance under *LaRouche* is higher than the standard under Rule 26. Under *LaRouche*, the information must be actually relevant." *Hatfill v. New York Times Co.*, 242 F.R.D. 353, 356 (E.D.Va. 2006). Relevance in the "traditional sense" refers to the extent to which the requested records help to prove or disprove the existence of a claim. *Livingston*, 2018 WL 1278190, at *2. *See Vengosh v. Jacobs Eng'g Grp., Inc.*, No. 5:20-MC-20-RJ, 2020 WL 5709256, at *5 (E.D.N.C. Sept. 24, 2020) (explaining the same). It is apparent that at least some of the requested records are relevant here. The audio or video recordings of a key witness, Plaintiffs, and staff of the Baltimore City State's Attorney's Office Conviction Integrity Unit related to the investigation and prosecution underlying the present action certainly may contain evidence that will help to prove or disprove Plaintiffs' allegations.³ Such audio and video recordings are thus certainly relevant and weigh in favor of disclosure.

The second factor is whether the information sought can be obtained through alternative means. The question is not whether there is other evidence Individual Defendants can rely on, but rather "whether *the information* [sought from the reporter] can be obtained *by alternative means*." *Sterling*, 724 F.3d at 507 (emphasis in original) (quoting *LaRouche*, 780 F.2d at 1139). "The second prong [of the *LaRouche* test] requires the requesting party to exhaust all other possible sources of the sought-after information." *Vengosh*, 2020 WL 5709256, at *5 (citation omitted). Previous case law from the United States Court of Appeals for the Fourth Circuit provides guidance. For instance, in *Sterling*, the Fourth Circuit found that it was clear no alternative means existed where no other witnesses could offer the testimony nor any other evidence that contained the testimony. *Sterling*, 724 F.3d at 507. In contrast, the Fourth Circuit in *LaRouche* agreed with the district court's decision that the party "had not exhausted reasonable alternative means of obtaining this same information" by not deposing the public source of the story and by failing to "demonstrate to the court unsuccessful, independent attempts to gain the requested information." 780 F.2d at 1139. And finally, the Fourth Circuit similarly upheld a magistrate judge's decision to deny access to privileged materials where the sought after material concerned a statement that ran publicly in the article and where the requesting party "made no effort to pursue alternative sources of information concerning the meeting." *Church of Scientology Int'l v. Daniels*, 992 F.2d 1329, 1335 (4th Cir. 1993).

I am not convinced that the requested materials here cannot be obtained through alternative means. Contrary to the Fourth Circuit's guidance, at the time of filing its motion, Individual Defendants had not yet deposed the witnesses at issue to discuss their recollections of the investigation and prosecution underlying this action. ECF No. 97-1 at 2. Further, the report from the Conviction Integrity Unit is available to Individual Defendants and includes witness statements. *Id.* at 5. Available witnesses and an existing report on the same subject matter provide substantial alternative means to access the information sought. Moreover, Individual Defendants "plainly have access to any material which has already been published by" the New Yorker. *See*

---

³ Because the Court will quash the subpoena, it need not consider whether the Individual Defendants' full request for "any and all audio or video recordings of statements provided or interviews conducted with anyone in connection with the article" is entirely relevant. *See* ECF No. 87-3.

*Chestnut et al., v. Kincaid et al.,* Civil No. LKG-20-2342
February 4, 2022
Page 5

*Livingston*, 2018 WL 1278190, at *2. Therefore, the available alternative means for the requested information weighs against disclosure.

The third and final factor is whether there is a compelling interest in the information sought. Mere speculation is likely not sufficient to show a compelling interest. *See Horne v. WTVR, LLC*, 893 F.3d 201, 212–13 (4th Cir. 2018) (finding that seeking information about a confidential source to help prove evidence of actual malice was "merely speculation" and did not "overcome the competing First Amendment concerns"). In *Livingston*, the court found no compelling interest because the "defendants [did] not even know whether any of the material they seek will provide them with any basis on which to impeach the plaintiffs or witnesses." 2018 WL 1278190, at *2. The court explained that the party sought "to use the unpublished materials *in an effort* to impeach the plaintiffs or their witnesses," and concluded that such a "tenuous connection . . . falls flat in the face of the First Amendment's protection of the press and the well-established reporter's privilege." *Id.* (emphasis in original).

Individual Defendants claim to have a compelling need for the requested recordings because they may contain statements that permit Individual Defendants to impeach the witnesses and assess their credibility. However, I do not find this argument compelling. Individual Defendants focus on the importance of impeaching witnesses through prior inconsistent statements. *See* ECF No. 87-1 at 7–12. However, the mere speculation that an inconsistent statement may have been made to a reporter is not enough to create a compelling interest. *Cf. Horne*, 893 F.3d at 212–13. To the extent they claim Mr. Bishop's statements implicating Individual Defendants were inconsistent with statements in the CIU report, the record is not so clear. *See generally* ECF No. 64-9 (identifying statements about Individual Defendants). Moreover, the statements that Individual Defendants claim are inconsistent were published in the article and are, of course, accessible to them. *See Daniels*, 992 F.2d at 1335. The lack of a compelling interest weighs against disclosure. Therefore, considering all of the *LaRouche* factors together, I find the balance to weigh against disclosure, and the requested materials are thus protected by the New Yorker's qualified reporter's privilege.

Accordingly, Individual Defendants' Motion to Compel (ECF No. 87-1) is DENIED and the New Yorker's Cross Motion to Quash (ECF No. 97) is GRANTED. Despite the informal nature of this letter, it is an ORDER of the Court and will be docketed accordingly.

Very truly yours,

A. David Copperthite
United States Magistrate Judge