# UNITED STATES DISTRICT COURT
## DISTRICT OF MARYLAND

CHAMBERS OF
A. DAVID COPPERTHITE
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-0946
MDD_ADCChambers@mdd.uscourts.gov

February 7, 2022

TO COUNSEL OF RECORD

Re: *Chestnut et al. v. Kincaid et al.*, Civil No. LKG-20-2342

Dear Counsel:

Pursuant to my Standing Order Concerning Discovery (ECF No. 52), counsel for Plaintiffs Alfred Chestnut, Andrew Stewart, Jr., and Ransom Watkins (collectively, "Plaintiffs") and counsel for Individual Defendants Donald Kincaid, Bryn Joyce, and John Barrick (collectively, "Individual Defendants") filed a joint letter with the Court regarding a discovery dispute over three subpoenas to be served on T-Mobile, Sheppard Pratt, and Coppin State University (ECF Nos. 118-2, 118-3, 118-4) related to Mr. Ron Bishop, a third-party witness to the case. ECF No. 111. Parties have submitted letters detailing their positions. ECF Nos. 118, 119. Counsel for Individual Defendants, however, contend the subpoenas are proper and seek relevant and discoverable information regarding Mr. Bishop's lack of credibility, which they contend is "a pillar of [their] defense." ECF No. 118. Counsel for Plaintiffs contend that the subpoenas should be stricken because they seek irrelevant information, are disproportionate to the needs of this case, and are designed to harass Mr. Bishop, a third party. ECF No. 119. Having reviewed the briefing from both parties, no additional briefing is needed. The subpoenas are hereby STRICKEN.

"Central to resolving any discovery dispute is determining whether the information sought is within the permissible scope of discovery, as stated in Fed.R.Civ.P. 26(b)(1)." *Lynn v. Monarch Recovery Mgmt., Inc.*, 285 F.R.D. 350, 355 (D.Md. 2012). Rule 26(b)(1) provides:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed.R.Civ.P. 26(b)(1). Rule 26(b)(2)(C) "cautions that all permissible discovery must be measured against the yardstick of proportionality." *Victor Stanley, Inc. v. Creative Pipe, Inc.*, 269 F.R.D. 497, 523 (D.Md. 2010). The power of a subpoena is addressed generally in Rule 45. Fed.R.Civ.P. 45. The Court must quash or modify a subpoena that, *inter alia*, "subjects a person to undue burden." Fed.R.Civ.P. 45(d)(3)(A)(iv). The "general rules governing all discovery . . . set forth in Rule 26" provide grounds on which the Court may quash a subpoena, including "where the subpoena seeks information irrelevant to the case or that would require a non-party to incur excessive expenditure of time or money." *Cook v. Howard*, 484 F.App'x 805, 812 n.7 (4th Cir. 2012) (per curiam).

Pursuant to Rule 34, non-parties may be compelled to produce documents, or other tangible things, or to permit inspection. Fed.R.Civ.P. 34(c). "When discovery is sought from nonparties, however, its scope must be limited even more." *Virginia Dep't of Corr. v. Jordan*, 921 F.3d 180, 189 (4th Cir. 2019), *cert. denied*, 140 S.Ct. 672 (2019). Such third parties "should not be drawn into the parties' dispute without some good reason, even if they have information that falls within the scope of party discovery." *Id.* To determine whether a subpoena issued against a nonparty subjects a person to undue burden requires the Court conduct "[a] more demanding variant of the proportionality analysis." *Id.* (quoting Fed.R.Civ.P. 45(d)(3)(A)(iv)). "As under Rule 26, the ultimate question is whether the benefits of discovery to the requesting party outweigh the burdens on the recipient. But courts must give the recipient's nonparty status special weight, leading to an even more demanding and sensitive inquiry than the one governing discovery generally." *Id.* (citations omitted).

The United States Court of Appeals for the Fourth Circuit identified important considerations in this analysis, including:

> On the benefit side of the ledger, courts should consider not just the relevance of information sought, but the requesting party's need for it. The information sought must likely (not just theoretically) have marginal benefit in litigating important issues. . . .
>
> On the burden side, district courts should of course consider the dollars-and-cents costs associated with a large and demanding document production. But there are other cognizable burdens as well. For example, a subpoena may impose a burden by invading privacy or confidentiality interests.

*Id.* at 189–90 (citations and footnotes omitted). In conducting its analysis, the Court "may consider the interests of the recipient of the subpoena, as well as others who might be affected." *Id.*

Here, I find that the subpoenas to third parties about Mr. Bishop, a third-party witness, are improper and should be stricken. I agree with Plaintiffs' assertion that Individual Defendants have failed to show that such requests are relevant and proportional, specifically when considering the more demanding analysis applicable for a non-party witness. *See* ECF No. 119 at 2. As the Fourth Circuit explained, "[t]he information sought *must likely* (not just theoretically) have a marginal benefit in litigating *important* issues" of the case. *Jordan*, 921 F.3d at 189 (emphasis added). Individual Defendants have shown no such likelihood.

With respect to the subpoena for almost four years of Mr. Bishop's call detail records, Mr. Bishop's deposition testimony addressed his conversations about the case and the underlying investigation and prosecution. ECF No. 118 at 1–2. Individual Defendants have not presented any evidence to suggest that additional conversations have occurred or that Mr. Bishop is withholding additional communications. Yet counsel for Individual Defendants have issued subpoenas to T-Mobile "to ascertain who [Mr.] Bishop has talked with" over the course of four years. *Id.* at 2. Thus, Individual Defendants seek access to four years of a third party's personal phone records based on pure speculation, which does not meet the "demanding and sensitive inquiry" required

*Chestnut et al., v. Kincaid et al.,* Civil No. LKG-20-2342
February 7, 2022
Page 3

for discovery related to third parties. *See Jordan*, 921 F.3d at 189.

Similarly, with respect to the subpoena for Mr. Bishop's employment records with Sheppard Pratt, Individual Defendants have again failed to show how such records will have a likely benefit in litigating important issues of this case. The fact that Mr. Bishop had a disciplinary compliant lodged against him by a colleague or has possible feedback in an employee review certainly do not inform to the issues of this case, namely, the investigation and prosecution of Plaintiffs decades prior. Further, to seek such information in the hopes of finding impeachment evidence would permit a fishing expedition based solely on speculation.

And finally, with respect to the subpoena for Mr. Bishop's records at Coppin State University, Individual Defendants' requests are again irrelevant and do not pertain to an important issue in this litigation. Mr. Bishop may have discussed his scholarship and grades (however, he does not appear to have discussed his college grades in his deposition, *see* ECF No. 118 at 2), but those topics are certainly not important issues to this litigation. Nor is it clear why Mr. Bishop's attendance records or disciplinary records would be at all relevant to the underlying claims in this action. Based on the parties' communications to this Court, there has been no discussion or evidence of Mr. Bishop being subject to disciplinary action from Coppin State University, and even if it did exist, that does not alone show any relevance to the present matter.

Individual Defendants focus their argument significantly on the importance of impeachment evidence because Mr. Bishop's lack of credibility is key to their defense. ECF No. 118 at 2–3. While it is true that "production of impeachment evidence is required in the ordinary course of discovery," *see Newsome v. Penske Truck Leasing Corp.*, 437 F.Supp.2d 431, 437 (D.Md. 2006), the issue in this dispute is not about the production of impeachment evidence, but instead about relevance and proportionality. Individual Defendants are not entitled to cast a wide net fishing expedition for any possible record that may show impeachment of a nonparty, based solely on speculation and with no evidence to suggest it even exists. In particular, the requests are not proportional to the needs of the case: requesting extensive personal information about a third party based on pure speculation will likely have little, if any, benefit, but will impose a significant burden. *See* Rule 26(b)(1).

Accordingly, the three subpoenas to be served on T-Mobile (ECF No. 118-2), Sheppard Pratt (ECF No. 118-3), and Coppin State University (ECF No. 118-4) are hereby STRICKEN, and no further subpoena should be issued requesting the information Individual Defendants identified in the amended subpoenas (ECF No. 119-5). Despite the informal nature of this letter, it is an ORDER of the Court and will be docketed accordingly.

Very truly yours,

A. David Copperthite
United States Magistrate Judge