# UNITED STATES DISTRICT COURT
## DISTRICT OF MARYLAND

CHAMBERS OF
A. DAVID COPPERTHITE
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-0946
MDD_ADCChambers@mdd.uscourts.gov

March 31, 2022

TO COUNSEL OF RECORD

Re: *Chestnut, et al., v. Kincaid, et al.,*
Civil No. LKG 20-2342

Dear Counsel:

I am in receipt of Plaintiffs' correspondence (ECF No. 154) and Individual Officer Defendants' response (ECF No. 155) regarding the most recent in a long line of discovery disputes. There are three new areas of dispute: (1) redactions in Plaintiff Watkins' mental health records, (2) records from marriage counseling Watkins attended with his wife, and (3) records from a social worker employed by Plaintiffs' counsel to assist in the litigation. This matter is fully briefed, and no hearing is necessary. Loc.R. 105.6 (D.Md. 2021). For the reasons set forth below, the requests by Defendants are DENIED.

First and foremost, the requests by the individual Defendants are DENIED as untimely. This Court was very specific in its Order of March 14, 2022. ECF No. 144. The discovery period ended on March 15, 2022 with the sole exception of 30 days to complete the remaining depositions. Therefore, this dispute is untimely and not properly before the Court. The information presented to the Court shows that Defendants knew of these issues prior to the close of discovery and failed to raise them during the discovery period ending March 15, 2022.

Assuming *arguendo* that the requests were timely, this matter is before me in the posture of informal discovery dispute resolution. While it is not a motion to compel, the analysis is the same. Discovery rules are to be accorded broad and liberal construction. *Herbert v. Lando*, 441 U.S. 153, 177 (1979); *Hickman v. Taylor*, 329 U.S. 495, 507 (1947). Nevertheless, a court may "issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed.R.Civ.P. 26(c)(1). Protective orders pursuant to Rule 26(c) "should be sparingly used and cautiously granted." *Baron Financial Corp. v. Natanzon*, 240 F.R.D. 200, 202 (D.Md. 2006) (citation omitted). "Normally, in determining good cause, a court will balance the interest of a party in obtaining the information versus the interest of his opponent in keeping the information confidential or in not requiring its production." *UAI Tech., Inc. v. Valutech, Inc.*, 122 F.R.D. 188, 191 (M.D.N.C. 1988) (citation omitted).

The party moving for a protective order bears the burden of establishing good cause. *Webb v. Green Tree Servicing, LLC*, 283 F.R.D. 276, 278 (D.Md. 2012). The proponent may not rely on stereotyped or conclusory statements, but "must present a particular and specific demonstration of fact as to why a protective order should issue." *Id.* at 279 (citation omitted). Good cause exists where the information sought in discovery is not relevant to any issue in the case.

The Court is guided by Rule 26(b)(1) and Appendix A, Guideline 1 of the Local Rules, "to facilitate the just, speedy, and inexpensive conduct of discovery," in light of what is "relevant to

any party's claim or defense; proportional to what is at issue in a case; and not excessively burdensome or expensive as compared to the likely benefit of obtaining the discovery being sought." Local Rules, Appendix A, Guideline 1 (2021).

Central to resolving any discovery dispute is determining whether the information sought is within the permissible scope of discovery, as stated in Fed.R.Civ.P. 26(b)(1). *Lynn v. Monarch Recovery Management, Inc.*, 285 F.R.D. 350, 355 (D.Md. 2012). Rule 26(b)(2)(C) "cautions that all permissible discovery must be measured against the yardstick of proportionality." *Victor Stanley, Inc. v. Creative Pipe, Inc.*, 269 F.R.D. 497, 523 (D.Md. 2010). Under that rule, the court, acting *sua sponte* or at a party's request, "must limit the frequency or extent of discovery" if: (i) "the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive"; (ii) "the party seeking discovery has had ample opportunity to obtain the information by discovery in the action"; or (iii) "the proposed discovery is outside the scope permitted by Rule 26(b)(1)," considering "the importance of the issues at stake in the action, the amount in controversy, . . . the parties' resources, the importance of discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed.R.Civ.P. 26(b)(2)(C)(i)–(iii); 26(b)(1).

In this case, the Court agrees with the arguments set forth by Plaintiffs. The Court agrees that the records regarding Ms. Hicks are not relevant to the issues at stake and the invasion of privacy of a non-party's treatment records far outweigh any proffered relevance by Individual Defendants. *Victor Stanley, Inc.*, 269 F.R.D. at 523. The same analysis can be applied to the couple's therapy records. The Court also agrees with Plaintiffs that seeking the privileged records of Plaintiffs' counsels' employee social worker is at best "overreaching" and more like over-fishing. Clearly the attorney client privilege applies. The weight of authority set forth by Plaintiffs is conclusive on this issue. Therefore, even if the dispute was timely raised, the requests for disclosure lack merit and the requests set forth by Individual Officer Defendants are DENIED.

Despite the informal nature of this letter, it is an ORDER of the Court and will be docketed accordingly.

Very truly yours,

A. David Copperthite
United States Magistrate Judge