IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| ALFRED CHESTNUT, et al., | ) ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) 20-CV-02342-LKG ) |
| DONALD KINCAID, et al., | ) ) ) ) |
| Defendants. | ) ) |

### NONPARTY ANGELA MCKNIGHT'S OPPOSITION TO INDIVIDUAL DEFENDANTS' MOTION TO COMPEL

Nonparty Angela McKnight, by and through her undersigned counsel, G. Adam Ruther, files this opposition to defendants' Donald Kincaid, Bryn Joyce and Jon Barrick ("Individual Defendants") Motion to Compel Ms. McKnight to comply with a records subpoena seeking irrelevant and duplicative information (ECF 151). The Individual Defendants have failed to demonstrate the relevance of the documents requested. Accordingly, this Court should deny the Individual Defendants' Motion to Compel and issue an order quashing the records subpoena.

### Factual Background

In 1983, Plaintiffs Alfred Chestnut, Andrew Stewart, and Ransom Watkins were arrested, prosecuted, and convicted of felony murder of then 14-year-old DeWitt Duckett. *See* Am. Compl., ECF No. 59.  Decades later, following a reinvestigation conducted by the Conviction Integrity Unit of the Baltimore City State's Attorney's Office ("CIU"), the CIU and Plaintiffs filed a Joint Petition for Writ of Actual Innocence and, on November 25, 2019, the Circuit Court for Baltimore City held a hearing, granted the petition, and vacated Plaintiffs' conviction. *Id.* ¶ 125–26.  In Mr.

Chestnut's efforts to begin righting the wrongs that were done unto him, he, along with the other Plaintiffs, filed a civil rights suit against the Individual Defendants and the Baltimore Police Department.

During the course of discovery, on September 15, 2021, Individual Defendants issued a records subpoena to Angela McKnight, seeking emails sent from Ms. McKnight to various individuals, including Ms. McKnight's prior counsel, Charles N. Curlett, Jr., Esq.. *See* Def. Mot. To Comply, ECF No. 151, Ex. 1. As Ms. McKnight's counsel, Mr. Curlett produced the requested records. *See Id.*, Ex. 6, 7.

On February 14, 2022, Individual Defendants deposed Ms. McKnight, where she testified, *inter alia*, that she was writing a book about her life, which was potentially going to include a chapter written about her past relationship with Mr. Chestnut (the "Writings"), which the Individual Defendants requested she preserve. *See Id.*, Ex. 8, at 80. Ms. McKnight has not completed writing this book, and she has no timeline of when she plans to finish it except that she plans "on completing it one day." *Id.* Ms. McKnight further testified that "the focus is not [Mr. Chestnut's] story, it's [her] story." *Id.* at 81. Making the presumption that the Writings were related to Mr. Chestnut's case, Individual Defendants, asked Ms. McKnight, "[B]esides the hundred pages you have on the Alfred Chestnut case, do you have any other documents or any other typed-up documents on your computer related to the Alfred Chestnut case?" *Id.* Ms. McKnight informed Individual Defendants that "the documentation is in the e-mails that I sent out," referring to records that were produced on October 26, 2021. *Id.*; *see also* ECF No. 151, Ex. 6, 7. She also clarified that the Writings did not discuss her "investigative work," and were a "love story … reconnecting with [her] first love." ECF No. 151, Ex. 8, at 82.

After the February 14, 2022 deposition, the Individual Defendants requested that Ms. McKnight supplement her response to the September 15, 2021 subpoena. *See Id.*, Ex. 9. In response, Ms. McKnight objected on the grounds that the requested records were non-responsive. *See Id.*, Ex. 10.

On February 16, 2022, Individual Defendants served another subpoena on Ms. McKnight specifically requesting the Writings. *See Id.*, Ex. 12. In response, Ms. McKnight, through counsel, objected under Rule 45 of the Federal Rules of Civil Procedure on grounds of relevance and undue burden. *See Id.*, Ex. 13.

On March 23, 2022, Individual Defendants filed a Motion to Compel Angela McKnight to produce the Writings ("Motion" or "Motion to Compel"). ECF No. 151. For the reasons set forth below, this court should deny the Motion to Compel, and issue an order quashing the records subpoena.

## **Legal Standard**

Under Rule 26(b)(1) of the Federal Rules of Civil Procedure:

> "[p]arties may obtain discovery regarding any nonprivileged matter that is *relevant* to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, [and] the importance of the discovery in resolving the issues."

Fed. R. Civ. P. 26(b)(1) (emphasis added).

## **Argument**

**I.  The Individual Defendants have failed to establish the relevance of the Writings by Ms. McKnight.**

The Individual Defendants have failed to provide sufficient justifications for their need for Ms. McKnight's Writings, which are irrelevant to any party's claims or defenses in the underlying case. In applying Rule 26(b)(1), Courts must "balance various factors to determine just how much

3

discovery is reasonable in a given case." *Marens v. Carrabba's Italian Grill, Inc.*, 196 F.R.D. 35, 37 (D. Md. 2000).  At the core of discovery is the requirement that the information sought be relevant to the party's claims.  Fed. R. Civ. P. 26(b)(1).  The requesting party bears the burden of providing sufficient justification for its needs of the information sought.  *AGV Sports Grp., Inc. v. LeMans Corp.*, No. CIV. GLR-11-0016, 2013 WL 3776954, at *2 (D. Md. July 16, 2013) (citing *Bethea v. Comcast*, 218 F.R.D. 328, 329 (D.D.C. 2003)).  Where a party fails to meet this burden, the court must deny its motion to compel production of discovery.  *Allen v. TV One, LLC*, No. CV DKC 15-1960, 2016 WL 7157420, at *7 (D. Md. Dec. 8, 2016).

**A.  The Writings are not relevant to any party's claims or defenses.**

In their Motion to Compel, Individual Defendants mistakenly equate responsiveness to relevance.  The Federal Rules of Evidence define "relevance" as evidence that "has any tendency to make a fact more or less probable than it would be without the evidence" where "the fact is of consequence in determining the action."  Fed. R. Evid. 401.  While discovery is not restricted to the limitations of the Federal Rules of Evidence, this Court has held inadmissible evidence should not be discoverable.  *Webb v. Green Tree Servicing LLC*, No. CIV. ELH-11-2105, 2012 WL 3139551, at *5 (D. Md. July 27, 2012).   It is also well established that irrelevant evidence is not admissible.  Fed. R. Evid. 402.  As such, where a motion seeks to compel discovery of items that are not relevant to a party's claims or defenses, such motions should be denied.  *Fisher v. Fisher*, No. CIV. WDQ-11-1038, 2012 WL 2050785, at *4 (D. Md. June 5, 2012).

Ms. McKnight is not a party to this case.  The Writings constitute some record recollecting her romantic relationship with Mr. Chestnut.  ECF No. 151, Ex. 8, at 82.  Ms. McKnight testified that the Writings are merely a "love story" of her finding her "way back to [her] first love."  *Id.*  This love story does not make a fact of consequence more or less likely as they have no bearing

4

on any of the claims made. Even if it does, it is unclear as to which claims or defenses the Writings could possibly relate, as no part of the record nor the Motion provide any basis to establish such relevance. Indeed, Individual Defendants concede that they are not aware of how the Writings would be relevant, as they instructed Ms. McKnight to preserve the Writings "because there might be litigation about it" without any further justification. *Id.* at 83. Such admission demonstrates the Individual Defendants' continued attempts to engage in fishing expeditions veiled behind discovery requests. *See* ECF No. 157 at 2 (noting Individual Defendants' "overreaching" and "over-fishing").

The Individual Defendants, nonetheless, argue Ms. McKnight must produce the Writings because they are responsive. ECF No. 151, at 6-7. This argument, however, incorrectly equates responsiveness to relevance; that an item may be considered "responsive" to a request, does not automatically make the item relevant and discoverable. *See*, *e.g., AGV Sports Grp., Inc.*, 2013 WL 3776954, at *2 (denying a motion to compel seeking discovery of responsive, yet irrelevant, items as overbroad). While the Individual Defendants' second subpoena requested a copy of the Writings, the subject of the request was irrelevant, providing Ms. McKnight sufficient grounds for objecting to the Individual Defendants' request.

### B. The Individual Defendants failed to meet their burden to show that the Writings are relevant.

The Individual Defendants attempt to bypass the discovery requirement by filling their Motion to Compel with conclusory statements regarding the relevancy of Ms. McKnight and her Writings, without any actual argument to support such conclusions. "When a party seeks to compel discovery, it first has the burden of demonstrating the relevance of the information to the lawsuit." *AGV Sports Group., Inc.*, 2013 WL 3776954, at *2 (citing *Bethea*, 218 F.R.D. at 329). Aside from a recounting of the factual and procedural history of the underlying case, Individual

Defendants allege, "McKnight's relevance is not limited to her contacts with witnesses," but then inexplicably conclude that Ms. McKnight's contacts with the witnesses are relevant without explaining how or for what purposes such contacts would be relevant. ECF No. 151, at 6. In other words, it is impossible to determine what, if any, of Ms. McKnight's contacts are "of consequence" to any issue in the case. Fed. R. Evid. 401.

Individual Defendants go on to add that Ms. McKnight "is an important fact witness regarding Chestnut's claims for emotional damages." ECF No. 151, at 6. This conclusory statement is followed with yet another synopsis of the procedural history, summarizing Ms. McKnight's testimony that she wrote about her romantic relationship with Mr. Chestnut in the Writings. *Id.* Such testimony, at most, establishes Ms. McKnight memorialized something regarding Mr. Chestnut, but to claim it was of anything relevant to any party's claims in the underlying case would require some sort of justification as to why or how. The Motion to Compel is devoid of such explanation or rationale, and the Individual Defendants admit they have no real analysis on relevance. *See* ECF No. 151, Ex. 8, at 83 ("we want you to preserve it …. Because there might be litigation about it."). Nonetheless, the Motion suddenly concludes that "[a]ny attempt by McKnight to claim these [W]ritings are not relevant to this case ignores the plain record." *Id.* But again, the Motion to Compel jumps straight to this conclusion while skipping any analysis or support from "the plain record" to support Individual Defendants' hollow claims.

Where a movant fails to show or explain why the discovery sought is relevant, the movant's motion to compel will be denied. *Allen*, No. CV DKC 15-1960, 2016 WL 7157420, at *7. As such, without a single substantive notion of how the Writings relate to any party's claims, the Motion must be denied. *AGV Sports Grp., Inc.*, 2013 WL 3776954, at *2.

6

**II.     The Writings sought are duplicative, and the Individual Defendants have failed to demonstrate substantially equivalent information is not available through other means.**

The information or content in the Writings Individual Defendants seek are duplicative, as substantially equivalent information is (and has been) readily available through Ms. McKnight's own testimony and the testimony of other witnesses. Rule 26(b)(2)(c) of the Federal Rules of Procedure stipulates, otherwise permitted discovery requests may nonetheless be denied if the requests are unreasonably duplicative, or the seeking party has other opportunities by discovery to obtain the information[1]. Fed. R. Civ. P. 26(b)(2)(c)(i-iii); *Thompson v. Dep't of Hous. & Urb. Dev.*, 199 F.R.D. 168, 170 (D. Md. 2001). While it is true a party may be compelled where the movant has no other resources available, such is not the case here. *Allen*, 2016 WL 7157420, at *3.

Individual Defendants not only had and still have other more convenient methods of obtaining the information through depositions, but such methods would also provide more accurate information. The Motion pleads Ms. McKnight "is an important fact witness." ECF No. 151, at 6. Though Individual Defendants fail to claim that there are no other resources available, they forget the most reliable source of the information: Ms. McKnight, herself. This Court has held, where an individual has personal knowledge of specific facts that may be relevant to a party's claim, the individual may be compelled to testify as there are no other sources available. *Allen*, No. CV DKC 15-1960, 2016 WL 7157420, at *3. Indeed, the Individual Defendants have already had the opportunity to depose Ms. McKnight and receive her answers to their questions under oath.

---

[1] Ms. McKnight's arguments are in line with this court's jurisprudence on similar non-party discovery issues. *See* ECF No. 157; ECF No. 126. As the Court did in those instances, it should again consider whether the Individual Defendants' duplicative request here is impermissible when "measured against the yardstick of proportionality." *Victor Stanley, Inc. v. Creative Pipe, Inc.*, 269 F.R.D. 497, 523 (D. Md. 2010))

This includes asking her questions about the contents of the Writings. There is no reason to expect that her Writings would provide better evidence than what the Individual Defendants have already had ample opportunity to procure from her under oath. Any information the Individual Defendants failed to glean from Ms. McKnight's deposition is an issue of their own making.

Accordingly, where, as here, the deposition of a witness would yield the same information sought in a motion to compel, such information is deemed duplicative and the Court should find that it is not discoverable and quash the Individual Defendants' subpoenas. *Blind Indus. & Servs. of Maryland v. Route 40 Paintball Park*, No. WMN-11-3562, 2012 WL 4470273, at *3 (D. Md. Sept. 26, 2012).

### III. Ms. McKnight's objections on the grounds of relevance did not need to be stated with particularity and therefore did not constitute a waiver.

The Individual Defendants assert that Ms. McKnight's objections to the February 16, 2022, subpoena constituted a waiver because they allege that Ms. McKnight's objections were not made with sufficient particularity. What the Individual Defendants ignore is that an objection based on the threshold issue of relevance does not require a particularized statement. The Individual Defendants cite three cases to support their argument. ECF No. 151, at 7. While the Motion does not include any argument as to the applicability of those cases, any reliance on them would be misplaced because they do not address the issue at hand and are distinguishable from this case.

Further, while Rule 34 permits compelling non-parties to produce documents, "when discovery is sought from non-parties, however, its scope must be limited even more." Fed. R. Civ. P. 34(c); *Virginia Dep't of Corr. v. Jordan*, 921 F.3d 180, 189 (4th Cir. 2019), *cert. denied*, 140 S.Ct. 672 (2019). This Circuit has held, "[w]hen a subpoena is directed at a nonparty, 'courts must give the recipient's nonparty status 'special weight,' leading to an even more 'demanding and sensitive' inquiry than the one governing discovery generally.'" *Socol v. Haas*, No. 3:18-CV-

00090, 2021 WL 2635847, at *4 (W.D. Va. June 25, 2021). Although two of the three cases Individual Defendants cite tangentially address this heightened standard for nonparties, they are nonetheless inapplicable here. *See Sabol v. Brooks*, 469 F. Supp. 2d 324, 328 (D. Md. 2006); *Hall v. Sullivan*, 231 F.R.D. 468 (D. Md. 2005).

The first case Individual Defendants cite is *Sabol v. Brooks*, 469 F. Supp. 2d 324, 328 (D. Md. 2006). ECF No. 151, at 7. In *Sabol*, this Court addressed the party's objection that document requests were "overly broad, vague and seek information not reasonably calculated to lead to the discovery of admissible evidence." 469 F. Supp. 2d, at 328. This is not the objection Ms. McKnight is asserting here. Ms. McKnight's objection rests on the grounds of relevance, as permitted under *Thompson*,[2] rather than overbreadth, which would require a more thorough statement of particularity. *See* ECF No. 151, Ex. 13; *Thompson*, 199 F.R.D. at 170 (explaining the relevance of the documents is the first step in the analysis of whether requested documents should be produced). Therefore, *Sabol* is distinguishable from the case at hand and does not stand for the proposition advanced by the Individual Defendants.

The second case the Individual Defendants cite is, ironically, *Thompson v. HUD* itself. ECF No. 151, at 7. The *Thompson* court held that a document request was overbroad because no nexus was shown between the request and plaintiffs' claims. *Thompson*, 199 F.R.D. at 172-72. *Thompson* does not address the requirements regarding an objection grounded on relevance and is thus also inapplicable. At the end of their string citation, Individual Defendants cite *Hall v.*

---

[2] Ms. McKnight's objections to the February 16, 2022 subpoena did include an objection on the grounds of undue burden. While Ms. McKnight concedes the "undue burden" was not particularized, the objection was made in an abundance of caution. Indeed, "there are strong policy reasons favoring a requirement that a party raise all existing objections to document production requests … at the time of answering the request." *Hall v. Sullivan*, 231 F.R.D. 468, 473 (D. Md. 2005). As such, Ms. McKnight's arguments here will focus solely on the objection raised on the grounds of relevance.

*Sullivan*, 231 F.R.D. 468 (D. Md. 2005).  ECF No. 151, at 7.  The *Hall* court focused a majority of its opinion on the implications of a "failure to raise an objection" that is either timely or privileged.  It did not address any particularity requirements for an objection based on relevance.

The law requires that objections to subpoenas be timely, give a basis for the objection, and, where applicable, provide particularized facts to support that basis.  While the case law requires an objection grounded on undue burden be asserted with particularity, there is no case law, nor do the Individual Defendants cite to any, that requires an objection on the grounds of the threshold issue of relevance to be asserted with the same particularity.  Here, Ms. McKnight's objection to the February 16, 2022 was made on the grounds of relevance.  ECF No. 151, Ex. 13.  As the discovery rules permit this objection, and do not require supporting particularized facts, Ms. McKnight's objection on this ground did not constitute a waiver of the objection.

## Conclusion

For the foregoing reasons, this Court should deny the Individual Defendants' Motion to Compel and issue an order quashing their subpoena for Ms. McKnight's irrelevant and duplicative Writings.

Dated: April 6, 2022                                   Respectfully submitted,

_____
G. Adam Ruther (Federal Bar No. 30183)
Rosenberg Martin Greenberg, LLP
25 S. Charles Street, 21st Floor
Baltimore, Maryland 21201-3305
410-727-6600 (telephone)
410-727-1115 (facsimile)
aruther@rosenbergmartin.com

**CERTIFICATE OF SERVICE**

I hereby certify that on April 6, 2022, I caused the foregoing document to be electronically filed with the Court's CM/ECF system and served on all counsel of record.

                                                      /s/ G. Adam Ruther

4868-1473-0266, v. 8