**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

CHAMBERS OF
A. DAVID COPPERTHITE
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-0946
MDD_ADCChambers@mdd.uscourts.gov

June 23, 2022

TO COUNSEL OF RECORD

Re: *Chestnut, et al., v. Kincaid, et al.,*
Civil No. LKG 20-2342

Dear Counsel:

After filing correspondence to this Court of remarkably another discovery dispute, the parties filed their respective letters pursuant to this Court's informal discovery procedure. Defendants' request the Court order Plaintiffs to submit to mental examinations to assess their claims for damages. ECF No. 180. This request was made of Plaintiffs 3 days after Plaintiffs disclosed expert reports including evaluations by Dr. Susan Rushing who personally interviewed Plaintiffs. *Id.* Plaintiffs object on the basis of (1) fact discovery closed and Defendants were aware of Plaintiffs claims of mental health damages well before the close of fact discovery, and (2) Defendants have failed to establish good cause to conduct the examinations. ECF No. 177. I have reviewed the submissions of the parties and no hearing is necessary. Loc.R. 105.6 (D.Md. 2021).

The request to conduct the examinations is in direct response and made 3 days after the disclosure of Dr. Rushing's examinations, during the expert disclosure phase of discovery. Therefore, I find that the request for examination was timely made. While Defendants had knowledge of Plaintiffs' allegations of mental health damages, there was no notice or knowledge of actual Rule 35 examinations by Plaintiffs' expert until Dr. Rushing's evaluations were released in the expert phase. The subject matter of the disclosure is expert testimony. I further agree with Defendants that they have met the good cause requirement of Rule 35 as set forth in their submissions. ECF No. 180 at 2-3. I also agree with Plaintiffs that we need to move this case closer to finality.

In resolving this dispute, I find that Plaintiffs have the option of withdrawing the expert disclosure of Dr. Rushing regarding her personal evaluations of the Plaintiffs as described in these submissions, and no evidence regarding Dr. Rushing's evaluation would be admissible at trial. If Plaintiffs do so, the issue will be moot. In the alternative I will GRANT the Defendants' request to conduct a Rule 35 evaluation of the Plaintiffs by an expert of Defendants' choosing at a time and location agreeable to the parties. Defendants' examination will be limited to the areas of examination conducted by Dr. Rushing.

Despite the informal nature of this letter, it is an ORDER of the Court and will be docketed accordingly.

Very truly yours,

A. David Copperthite
United States Magistrate Judge