**CITY OF BALTIMORE**
**BRANDON M. SCOTT,**
Mayor



**DEPARTMENT OF LAW**
**JAMES L. SHEA**, CITY SOLICITOR
100 N. HOLLIDAY STREET
SUITE 101, CITY HALL
BALTIMORE, MD 21202

<u>**VIA ELECRONIC COURT FILING (ECF)**</u>　　　　　　　　　　　　　　　　　July 27, 2022

The Hon. A. David Copperthite
United States District Court for the District of Maryland

　　　Re:　　*Alfred Chestnut, et al. v. Donald Kincaid, et al*. (Civil Action No. LKG-20-2342)

Dear Judge Copperthite:

　　On March 25, 2022, the Baltimore Police Department ("BPD") designated Donald Kincaid, to testify as its representative on Topic 1 of Plaintiffs' 30(b)(6) Notice, because, as the lead detective in the Dewitt Duckett homicide investigation, Kincaid is the most qualified to testify about the investigation. Topic 1 reads, "BPD's investigation of the 1983 murder of Dewitt Duckett." After offering nearly ten hours of exhaustive testimony on Topic 1, Plaintiffs now seek Rule 37 sanctions because Kincaid did not prepare in a manner to their liking. This Court should deny this frivolous request because Kincaid was prepared and he provided knowledgeable and binding testimony about the investigation, which is where the analysis must end. Any deficiencies Plaintiffs perceive in Kincaid's testimony are directly attributable to their refusal to accept the limitations of BPD's present knowledge about a forty-year-old homicide investigation. Moreover, Plaintiffs suffered no prejudice from how Kincaid was prepared, because he still offered extensive and binding testimony about Topic 1 on BPD's behalf.

　　Plaintiffs deposed Kincaid for seven hours on May 4, 2022. Plaintiffs knew well before then that BPD would adopt all of Kincaid's testimony responsive to Topic 1 and that Kincaid had been prepared as a dual witness. Ex. 1 at 3-4, 8; Ex. 2, May 4 Dep. Tr., 11. Notably, the majority of Kincaid's testimony was directly responsive to Topic 1, and Kincaid testified about nearly every aspect of BPD's investigation. *See id*. Kincaid sat for another three hours on July 8, 2022. *See* Ex. 3, July 8 Dep. Tr. Early in the deposition, Kincaid testified that he knew his testimony was about Topic 1, that his testimony about Topic 1 would be based on his own personal knowledge and BPD's collective knowledge, and that he had the full authority to speak for BPD about Topic 1. Ex. 3, 13:9-12; 18:11-19:1; 19:3-13. Plaintiffs then deposed Kincaid for nearly three hours, and Kincaid neither deferred nor refused to answer any questions on BPD's behalf. *See id*.

　　At the outset of Kincaid's July 8th deposition, Plaintiffs' Counsel asked Kincaid about his preparation and whether he reviewed certain categories of documents.[1] Ex. 3, 22:9-32:7. Kincaid explained that he reviewed many documents ahead of his first deposition, but did not review them

---

[1] Most of these records fall outside the scope of "BPD's investigation of the 1983 murder of Dewitt Duckett." Ex. 3, 22:15-22 (CIU records); 23:1-5 (BPD Policies); 23:10-20 (testimony in this civil case). For instance, Plaintiffs' apparently expected BPD to testify about its opinions on present-day fact witness testimony provided in this civil suit and on the Conviction Integrity Unit's "re-investigation." Neither subject, however, is an appropriate 30(b)(6) topic, and Plaintiffs failed to provide BPD with any reasonable notice that they sought such testimony prior to the deposition. As the deposing party, Plaintiffs must describe the matters for examination in their Notice "with reasonable particularity." *Richards v. Walden Sec.*, No. CV ELH-20-2866, 2021 WL 3634463, at *2 (D. Md. Aug. 17, 2021). "[T]he obligation on the party being deposed to prepare the deponent extends only to the topics in the Rule 30(b)(6) notice of deposition." *E.E.O.C. v. Freeman*, 288 F.R.D. 92, 99 (D. Md. 2012) (citing *Detoy v. City & County of San Francisco*, 196 F.R.D. 362, 367 (N.D.Cal. 2000) ("[I]f [a] deponent does not know the answer to questions outside the scope of the matters described in the notice, then that is the examining party's problem.")).

again before the second deposition because he did not know what more Plaintiffs' Counsel could ask. Ex. 3, 23:22-24:7. Before even probing Kincaid about BPD's knowledge on Topic 1, Plaintiffs' Counsel claimed Kincaid was unprepared and demanded a substitute witness. *Id.* at 32:8-33:10. Despite this premature objection, Plaintiffs' Counsel continued to depose Kincaid for nearly three full hours.[2] *Id.* In reality, Kincaid had already been prepared as a 30(b)(6) witness for his May 4th deposition. Ex. 1 at 3-4, 8. Counsel for BPD and the Individual Defendants spent at least 13.5 hours preparing Kincaid on Topic 1 and reviewed all relevant documents with him. Kincaid also spent approximately 15 hours of his own time reviewing numerous records provided by counsel, in addition to attending the deposition of his co-defendant, Bryn Joyce.[3] *See, e.g.*, Ex. 3, 40:20-41:19; 91:16-19; 136:1-6; 75:8-18. At bottom, Plaintiffs' frustration derives from Kincaid's failure to appreciate that his lengthy preparation, which went beyond his personal knowledge, ahead of the May 4th deposition was also preparation for the July 8th deposition.[4]

Ultimately, Plaintiffs' gripe is not with the adequacy of Kincaid's testimony on Topic 1; it is with the structure of Kincaid's preparation, which is a blatant overreach.[5] Rule 30(b)(6) does not require that a designee personally review all information available to the corporation. *QBE Ins. Corp. v. Jorda Enterprises, Inc.*, 277 F.R.D. 676, 689 (S.D. Fla. 2012). "So long as [Kincaid was] prepared to provide binding answers under oath, then [BPD] **may prepare the designee in whatever way it deems appropriate**…" *Id.* (emphasis added) (citing *Reichhold, Inc. v. U.S. Metals Ref. Co.*, No. 03–453(DRD), 2007 WL 1428559, at *9 (D.N.J. May 10, 2007) ("the rule 'does not require that the corporate designee personally conduct interviews,' but . . .[that he] testify to matters known or reasonably available to the corporation"); *Eid v. Koninklijke Luchtvaart Maatschappij N.V.*, 310 F.R.D. 226, 228-29 (S.D.N.Y. 2015) ("[I]t is settled law that a party need not produce the organizational representative with the greatest knowledge about a subject; instead, it need only produce a person with knowledge whose testimony will be binding on the party.").

To impose Rule 37 sanctions, this Court must find that the claimed inadequacies in the Kincaid's testimony "were egregious and not merely lacking in desired specificity in discrete

---

[2] Plaintiffs waived their objection by deposing Kincaid for the full three hours without objecting to the substance of Kincaid's testimony or ending the deposition under Rule 30(d)(3). Plaintiffs never objected that Kincaid failed to answer any specific question within the scope of Topic 1.

[3] Defense Counsel is willing to provide this Court with a complete list of records given to and reviewed with Kincaid in preparation for his testimony about Topic 1 for *in-camera* review.

[4] Although Kincaid may not have appreciated the legal connotation of "personal knowledge" on July 8th, he still testified about matters beyond his personal knowledge, such as BPD's opinion of the credibility of the 1984 homicide investigation. *See* Ex. 3, 78:5-79:4; 83:14-19; 131:13-19; 134:11-141:8. Similarly, he testified outside his personal knowledge on May 4th when he provided detailed testimony about events that occurred nearly forty years ago. *See e.g.*, Ex. 2, 159:2-4 ("The report says that, but I -- I don't --my recollection is, I don't recall her being there, but **I have to go by my report**, yes."); 221:14-15 ("I don't remember. I don't recall any of it. I'm **just reading** the [police report]."). Regardless, Kincaid's understanding of the legal nuances of his representative capacity and preparation is immaterial to whether BPD failed to appear on Topic 1. Rule 30(b)(6) only requires that BPD produce a witness with knowledge whose testimony would bind the Department. *See Eid*, 310 F.R.D. at 228-29.

[5] Tellingly, Plaintiffs only seek attorneys' fees (in an amount they would not even estimate for BPD at the July 20th meet and confer or in follow-up correspondence). Ex. 4. Plaintiffs do not seek more BPD testimony, likely because Kincaid's ten hours of testimony is more than adequate.

areas." *Eid*, 310 F.R.D. at 228. Dissatisfaction with a designee's answers is simply not enough to find that a witness was unprepared to testify. *See Callahan v. Toys "R" Us-Delaware, Inc.*, No. CV 15-2815-JKB, 2016 WL 9686054, at *1 (D. Md. June 23, 2016); *see also Covad Commc'ns Co. v. Revonet, Inc.*, 267 F.R.D. 14, 25 (D.D.C. 2010) (witness met 30(b)(6) obligations, despite lacking some knowledge, because she was well-informed in most areas of inquiry and was not purposefully ignorant or chosen for bandying). To this end, a 30(b)(6) deposition is not intended to be a memory contest, and nothing in Rule 30 "prohibits [BPD] from adopting the testimony or position of another witness in [this] case." *See QBE*, 277 F.R.D. at 689, 691. Even a cursory review of Kincaid's July 8th transcript reveals that his testimony was far from "tantamount to a failure to appear." *See Callahan*, 2016 WL 9686054, at *1; *see also, e.g.*, *Eller v. Prince George's Cnty. Public Schools*, 2020 WL 7336730, *14-15 (D. Md. Dec. 14, 2020). During the July 20, 2022 Meet and Confer, despite complaining that the second deposition was a "complete waste of [their] time," Plaintiffs' Counsel could not identify a single question within the scope of Topic 1 that Kincaid failed to answer; nor could they articulate how they were prejudiced. *See* Ex. 4. Instead, they complained that 81-year-old Kincaid, at times, confused the names of two female witnesses in a forty-year-old case and that he was unfamiliar with the name "Keyha Alderman," a witness who did not testify at trial and who is not mentioned in a single, presently-available 1983 BPD record.

Courts have recognized that, in cases involving decades-old facts, parties "'should anticipate the unavailability of certain information' and 'should expect that the inescapable and unstoppable forces of time have erased items from...memory which neither party can retrieve.'" *QBE Ins. Corp.*, 277 F.R.D. at 691 (citing *Barron v. Caterpillar, Inc.*, 168 F.R.D. 175, 178 (E.D.Pa. 1996) (finding no bad faith when its designee did not remember events from thirty years earlier)). Indeed, an organization's memory can diminish as each of its employees leave over time. *See, e.g.*, *United States v. Taylor*, 166 F.R.D. 356, 361 (M.D.N.C.), *aff'd*, 166 F.R.D. 367 (M.D.N.C. 1996). As early as February 15, 2022, BPD advised Plaintiffs that it could not identify any current employees with knowledge of the 1983 Duckett Homicide investigation.[6] *See* Ex. 5; *see also* Ex. 1 at 3-4. Further, Kincaid is the only individual known to BPD who is intimately familiar with the homicide investigation. It is also undisputed that only a small portion of the homicide file is presently available and many BPD records referenced on the record in 1984 could not be located by the Circuit Court, the State's Attorney's Office, Plaintiffs' trial counsel, or BPD.

In the end, Kincaid provided nearly ten hours of knowledgeable and binding testimony about BPD's investigation of the 1983 murder of Dewitt Duckett. Any assertion that BPD failed to appear for a 30(b)(6) deposition on Topic 1 strains credulity. Kincaid's preparation for his depositions did not prejudice Plaintiffs, and their request for attorneys' fees as Rule 37 sanctions should be denied.

---

[6] At the July 20th Meet and Confer, Plaintiffs' Counsel claimed this representation was false because Kincaid testified that he did not interview anyone before his July 8th deposition. Plaintiffs' Counsel complained that Kincaid should have interviewed Ofc. Rayburn, the first-responding officer. Plaintiffs' Counsel's complaint is unsupported. First, Rayburn is no longer employed by BPD and is not obligated to speak with BPD or its designee. Second, during the ten hours of deposition, Plaintiffs' Counsel never asked whether Kincaid knew if Rayburn had any recollection of the investigation. Third, Plaintiffs' Counsel elected not to depose Rayburn. Fourth, Rule 30(b)(6) does not specifically require that the corporate designee conduct interviews. *See QBE*, 277 F.R.D. at 689. Finally, Plaintiffs' Counsel do not know whether Defense Counsel spoke with Rayburn, and Defense Counsel is under no obligation to disclose such quintessential work product.

Respectfully,

      /s/
Kyle A. Ashe (Bar No. 21551)
Natalie R. Amato (Bar No. 20749)
Justin S. Conroy (Bar No. 28480)
Kara K. Lynch (Bar No. 29351)
Baltimore City Law Department
Office of Legal Affairs
100 N. Holliday Street, Room 101
Baltimore, Maryland 21202
T: (410) 396-2495/F: (410) 396-2126
kyle.ashe@baltimorepolice.org
natalie.amato@baltimorecity.gov
justin.conroy@baltimorepolice.org
kara.lynch@baltimorepolice.org

*Attorneys for Baltimore Police Department*

/s/ Mayer Engelsberg
Avi T. Kamionski, Bar No. 20703
Shneur Nathan, Bar No. 20707
Mayer Engelsberg, Bar No. 21105
Michael J. Elliker, Bar No. 20810
Nathan & Kamionski LLP
575 S. Charles Street Suite 402
Baltimore, MD 21201
T: (312) 612-1928
mengelsberg@nklawllp.com
snathan@nklawllp.com
akamionski@nklawllp.com
melliker@nklawllp.com

*Attorneys for Individual Defendants*