**Brown Goldstein & Levy**

July 27, 2022

**VIA ECF**
Hon. A. David Copperthite
United States District Court
101 West Lombard Street, 8B
Baltimore, Maryland 21201

Re:   *Chestnut, et al. v. Kincaid, et al.* (Civil Action No. LKG-20-2342)

Dear Judge Copperthite:

Plaintiffs ask the Court to impose monetary sanctions under Fed. R. Civ. P. 37(d)(3) on Defendant Baltimore Police Department ("BPD") for failure to present a Rule 30(b)(6) witness prepared to testify on Topic One—BPD's investigation of the 1983 murder of DeWitt Duckett.

BPD selected Defendant Donald Kincaid as its 30(b)(6) designee on Topic One and had an obligation to prepare him to testify as its representative. Yet Mr. Kincaid testified under oath that he spent "absolutely [no]" time preparing for the 30(b)(6) deposition, including not reviewing a single document or speaking to a single witness. He further testified that he had "no idea" what the deposition was about. In light of these admissions, BPD failed to meet its obligations and its after-the-fact attempt to justify its shortcomings by claiming that Mr. Kincaid was supposedly prepared months in advance rings hollow, both factually and as a matter of law. Because Mr. Kincaid was wholly unprepared to answer basic questions on behalf of BPD, Plaintiffs were deprived of the 30(b)(6) deposition to which they were entitled. Plaintiffs therefore request the minimum sanction required under Rule 37(d)(3)—payment for reasonable expenses, including attorneys' fees.

## FACTUAL BACKGROUND

On April 27, the Court ordered that Plaintiffs would be permitted to depose Mr. Kincaid for seven hours as a fact witness, and three additional hours as a designated 30(b)(6) witness. ECF No. 168. On May 4, Plaintiffs deposed Mr. Kincaid in his personal capacity. BPD stipulated that it would "adopt[] only Mr. Kincaid's testimony that specifically relates to Topic 1." Ex. 1, Kincaid Dep. 11:16–12:3. After delays due to Mr. Kincaid's health issues, his deposition as BPD's corporate designee on Topic 1 proceeded on July 8.

During the July 8 deposition, Mr. Kincaid testified that he had done no preparation for the deposition. For example, Mr. Kincaid was asked:

> Q: What information, if any, have you gathered in preparation for your testimony here today about topic one as a representative of the Baltimore Police Department?. . .
> A: *None.*
> Q: Mr. Kincaid, how much time did you spend preparing for your deposition today as a representative of the Baltimore Police Department?
> A: *Absolutely none.* I had no idea what it was going to be about so I had nothing that I could actually look at to prepare myself.

Ex. 2, BPD Dep. 27:5–18 (emphasis added). Throughout the deposition, Mr. Kincaid reiterated that he had reviewed no investigation documents, *id.* at 31:9–14, spoken to no current or former employees, *id.* at 24:11–25:1, and reviewed no trial transcripts or fact witness depositions, *id.* at 23:7–24:7. He claimed that he was testifying only about his personal knowledge of Topic One. *Id.* at 29:16–19. Mr. Kincaid further testified that he did not understand the nature of his responsibility as a corporative representative, *id.* at 28:8–10, nor had he reviewed the deposition notice, *id.* at 8:6–13.

## ARGUMENT
## BPD failed to meet its obligation to present a prepared corporate deponent on Topic One.

Rule 30(b)(6) imposes an "affirmative obligation[]" on a corporation to prepare designees who testify on its behalf to provide information "known or reasonably available" to the corporation. *First Data Merch. Servs. Corp. v. SecurityMetrics, Inc.*, No. RDB-12-2568, 2014 WL 6871581, at *13 (D. Md. Dec. 3, 2014). Because a 30(b)(6) witness is "speaking for the corporation," he has a heightened responsibility to testify "beyond matters … in which [they] were personally involved." *Int'l Ass'n of Machinists & Aerospace Workers v. Werner-Masuda*, 390 F. Supp. 2d 479, 487 (D. Md. 2005) (quoting *United States v. J.M. Taylor*, 166 F.R.D. 356, 361–62 (M.D.N.C. 1996)). The witness must be equipped to testify not only about facts, but also subjective beliefs, opinions, and interpretations of documents and events. *Taylor*, 166 F.R.D. at 361–62. At minimum, the corporation is obligated to make a good-faith effort "to collect information, review documents, and interview employees with personal knowledge." *Wilson v. Lakner*, 228 F.R.D. 524, 528–29 (D. Md. 2005). This responsibility exists even when that preparation is burdensome or requires "many hours of work[.]" *Spicer v. Universal Forest Prods.*, No. 7:07cv462, 2008 WL 4455854, at *4 (W.D. Va. Oct. 1, 2008).

BPD did not fulfill its obligation. Mr. Kincaid arrived unprepared to testify "fully, completely, and unevasively" to matters "reasonably available" to BPD. *Lakner*, 228 F.R.D. at 528 (quotation omitted). Mr. Kincaid did not review the notice and suggested that he did not understand the basic nature of his responsibility. Ex. 2, 28:8–10; 8:6–13; *see Werner-Masuda*, 390 F. Supp. 2d at 486 (suggesting that failure to review deposition notice indicates lack of preparation). He did not so much as glance at key documents, such as the homicide file, Conviction Integrity Unit (CIU) reports, or trial testimony relating to BPD's investigation. *See* Ex. 2, 22:9–23:9; *Lakner*, 228 F.R.D. at 528–29 (reviewing documents prior to a 30(b)(6) deposition is mandatory). He failed to review the transcripts of any fact witnesses. Ex. 2, 23:10–20; *see Taylor*, 166 F.R.D. at 362 ("The Court agrees with plaintiff that [the corporation] must prepare deponents by having them review prior fact witness deposition testimony as well as documents and deposition exhibits.").

Mr. Kincaid did not speak to a single individual involved in BPD's investigation of the Duckett murder. For example, neither BPD nor Mr. Kincaid reached out to any of the other detectives who worked on the case or Christopher Rayburn, the first responding officer, who lives in the Baltimore area. *See Taylor*, 166 F.R.D. at 358 ("[W]here a corporation indicates it no longer employs individuals who have memory of a distant event … these problems do not relieve a corporation from preparing its . . . designee"). BPD may not "throw[] up its hands" and put forth an unprepared witness merely because Mr. Kincaid is "the most" knowledgeable. *See Weintraub v. Mental Health Auth. of St. Mary's, Inc.*, No. DKC 2008-2669, 2010 WL 347882, at *1 (D. Md. Jan. 22, 2010) (citations omitted); *see also Lakner*, 228 F.R.D. at 528–29 (suggesting corporation must try to "find out the relevant facts" even if that requires retracing parts of investigation).

Mr. Kincaid admitted that he was testifying based on nothing more than his personal recollections. Ex. 2, 29:16–19. He stated that he was "not going to speculate" on the content of documents, *id.* at 75:13–14, and could only testify "off the top of [his] head," *id.* at 45:11–12; 46:9–11. Again, Mr. Kincaid's testimony demonstrates that BPD did not fulfill its obligation. *See Power Home Solar, LLC v. Sigora Solar, LLC*, 339 F.R.D. 64, 76–77 (W.D. Va. 2021) (explaining that deponent's answers limiting testimony to personal knowledge "belie [the] assertion" that the deponent understands 30(b)(6) role; and reviewing documents *during* the deposition is inadequate).

BPD's failure to prepare Mr. Kincaid is inexcusable. BPD argues that it adopted Mr. Kincaid's testimony on Topic One at his personal deposition. But that stipulation does not relieve

BPD of its obligation to prepare Mr. Kincaid for the 30(b)(6) deposition. *See, e.g., Werner-Masuda*, 390 F. Supp. 2d at 487. Moreover, there was no stipulation at Mr. Kincaid's personal deposition regarding preparedness, which is the only issue in this dispute.

BPD's argument that it did not need to prepare Mr. Kincaid as a corporate representative before the 30(b)(6) deposition because he was prepared for his May deposition also fails. To start, Mr. Kincaid was not adequately prepared as a 30(b)(6) witness for the May deposition; there is no evidence that he *ever* reached out to witnesses or reviewed key documents. Absent a sworn affidavit from Mr. Kincaid or BPD counsel, the Court should reject BPD's self-serving representation. Even if BPD had prepared Mr. Kincaid as a 30(b)(6) witness for the May deposition, that preparation did not relieve BPD of the obligation to make sure he remained prepared months later. Mr. Kincaid testified that he "had" reviewed (certain unspecified) documents "months and months ago." Ex. 2, 28:5–7. Failing to review documents in the "weeks"—let alone months—leading up to a 30(b)(6) deposition indicates inadequate preparation. *See Power Home Solar*, 339 F.R.D. at 77.

Because he could not testify beyond personal knowledge, Plaintiffs were prejudiced and deprived of meaningful testimony on Topic One. Mr. Kincaid confused central witnesses like Yvette Thomas and Floueritta Hunter, for example. *See, e.g.,* Ex. 2, 85:11–22. He could not recall the identity of another key witness, Keyha Alderman, or testify to her role in BPD's investigation. *See, e.g., id.* at 87:8–13. He could not "recall" information on exculpatory and alibi evidence. *See, e.g., id.* at 55:10–19. Nor could he explain BPD's position on Plaintiffs' account of going to Calverton Junior High School on the day of the murder. *Id.* at 119:15–120:2. Because Mr. Kincaid did not know basic information about witnesses and evidence—let alone know the facts necessary to offer informed opinions and beliefs on the investigation—BPD cannot, in good faith, suggest that Mr. Kincaid's confused responses represent the extent of its corporate knowledge on Topic One.

**Sanctions under Rule 37(d) are appropriate for BPD's failure to prepare its 30(b)(6) witness.**

When an entity fails to "provide an adequately prepared designee for deposition, sanctions are proper." *Coryn Grp. II, LLC v. O.C. Seacrets, Inc.*, 265 F.R.D. 235, 239–40 (D. Md. 2010). "Producing an unprepared witness is tantamount to failure to appear" under Rule 37(d). *Paice, LLC v. Hyundai Motor Co.*, No. WDQ-12-0499, 2014 WL 3819204, at *20 (D. Md. June 27, 2014) (quotation omitted). Rule 37 sanctions may serve to "penalize culpable parties," "deter others from engaging in similar conduct," and "compensate the court and other parties for expense caused" *even without* a specific finding of prejudice. *Id.* at *14. Under Rule 37(d)(3), sanctions are mandatory: "the court *must* require the party failing to act, the attorney advising that party, or both to pay the reasonable expenses including attorney's fees, caused by the failure, unless the failure was substantially justified …" Fed. R. Civ. P. 37(d)(3) (emphasis added); *see also Paice,* 2014 WL 3819204, at *20.

Plaintiffs request that BPD pay Plaintiffs' reasonable attorneys' fees and expenses for preparing for and attempting to take a deposition for which Mr. Kincaid did "absolutely [no]" preparation. Ex. 2, 27:13–18. Plaintiffs' request is reasonable and calibrated to allow this litigation to progress without further delay. This Court should not reward BPD's misconduct by effectively affording it a continuance by allowing it to prepare Mr. Kincaid for a second 30(b)(6) deposition. Monetary sanctions are merely a mandatory floor, on top of which parties may request additional sanctions by balancing additional factors. *See, e.g., Paice*, 2014 WL 3819204, at *14. Here, Plaintiffs ask only for the most limited remedy, their attorneys' fees, for which they will provide supporting declarations if the Court grants the request.

Respectfully,

_____/s/_____
Kobie A. Flowers (Bar No. 16511)
kflowers@browngold.com
Andrew D. Freeman (Bar No. 03867)
adf@browngold.com
Chelsea J. Crawford (Bar No. 19155)
ccrawford@browngold.com
Neel K. Lalchandani (Bar No. 20291)
nlalchandani@browngold.com
Anthony J. May (Bar No. 20301)
amay@browngold.com
Brown, Goldstein & Levy, LLP
120 E. Baltimore Street, Suite 2500
Baltimore, Maryland 21202
Tel: (410) 962-1030
Fax: (410) 385-0869

_____/s/_____
Larry A. Nathans (Bar No. 03023)
nathans@nathanslaw.com
Booth M. Ripke (Bar No. 25764)
bripke@nathanslaw.com
Nathans & Biddle LLP
120 E. Baltimore Street, Suite 1800
Baltimore, Maryland 21202
Tel: (410) 783-0272
Fax: (410) 783-0518

*Attorneys for Plaintiffs Alfred Chestnut,*
*Andrew Stewart, Jr., and Ransom Watkins*