## UNITED STATES DISTRICT COURT
## DISTRICT OF MARYLAND

CHAMBERS OF
A. DAVID COPPERTHITE
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-0946
MDD_ADCChambers@mdd.uscourts.gov

July 29, 2022

TO COUNSEL OF RECORD

Re: *Chestnut et al. v. Kincaid et al.*, Civil No. LKG-20-2342

Dear Counsel:

Plaintiffs have filed correspondence with the Court asking for monetary sanctions against Defendant Baltimore Police Department ("BPD"), alleging that BPD failed to prepare properly the designated Rule 30(b)(6) witness, Donald Kincaid. ECF No. 188. BPD opposes the requested sanctions. It argues that Mr. Kincaid was properly prepared with documents for a previously noted deposition, that his deposition as an individual witness was incorporated by stipulation as it related to Topic 1, and that he was a 30(b)(6) designee who provided proper and full testimony as both an individual witness and 30(b)(6) designee. ECF No. 187. I have reviewed the submissions by the parties, including the depositions of Mr. Kincaid. For the reasons set forth below, the request for monetary sanctions is DENIED.

First and foremost, it is imperative to understand that this case involves a near 40 year-old homicide investigation. Mr. Kincaid is over 80 years old. Plaintiffs are asking questions of a witness about events that occurred half of his lifetime ago. Despite the parties' efforts, many documents no longer exist and some potential witnesses are no longer available. Moreover, there is no appreciable argument from either side that there is a more suitable witness to testify regarding Topic 1 other than Mr. Kincaid. It is also of note that Plaintiffs seek only monetary damages and have not requested any relief related to the testimony that was provided as a 30(b)(6) designee, such as to limit any testimony at trial. There is no evidence that Mr. Kincaid's failure to recall or failure to provide responses was prejudicial to Plaintiffs, thus requiring relief from the Court. In almost every instance, Mr. Flowers showed him documents to refresh his memory. I find the Plaintiffs' motion therefore to be frivolous and a waste of this Court's time. Plaintiffs are reminded of the warnings set forth in Local Rule 105.8(a).

A review of the transcript of July 8, 2022 shows that Mr. Kincaid knew he was testifying on behalf of BPD. ECF No. 187-3 at 19:3–17. Mr. Kincaid was the most knowledgeable person to testify as BPD's designee. *Id.* at 18:5–10. He understood his testimony was binding upon BPD. *Id.* at 19:3–13. Mr. Kincaid stated he did not review any documents and only spoke to counsel in preparation for his testimony. *Id.* at 23–25. Mr. Kincaid testified that, since he was the lead investigator, he was prepared. *Id.* at 29:4–14.

In response to Mr. Flowers' questioning regarding Mr. Kincaid's preparation, BPD's counsel objected and stated the questions were misleading, and Mr. Kincaid's counsel clarified that Mr. Kincaid reviewed documents for his deposition as a designee when it was first noticed in May. ECF No. 187-3 at 31–37. BPD also set forth his previous preparation in its submission to the Court. ECF No. 187 at 2. Prior to his May 2022 deposition, counsel spent 13.5 hours preparing

Mr. Kincaid, and Mr. Kincaid spent another 15 hours reviewing records. *Id.* Ms. Amato, counsel for BPD, argued that Mr. Kincaid was prepared as a designee and was properly designated as the person who had the most information regarding Topic 1. ECF No. 187-3 at 36–37. The Court also notes that Mr. Kincaid was shown several documents during his examination. *See e.g., id.* at 77:11–19, 79–80. There is no evidence presented, either in the transcript of July 8, 2022 or in Plaintiffs' submission to the Court, that Plaintiffs were unable to examine the witness regarding any documents or alleged witnesses. That is further evidenced by, as I stated previously, the fact that Plaintiffs do not seek any relief other than monetary sanctions.

Rule 30(b)(6) provides that persons designated to represent an organization "shall testify as to matters known or reasonably available to the organization." *Int'l Ass'n of Machinists and Aerospace Workers v. Werner-Masuda,* 390 F.Supp.2d 479, 487 (D.Md. 2005) (quoting Fed.R.Civ.P. 30(b)(6). Rule 37(d) allows the Court to impose sanctions where a party or person designated under Rule 30(b)(6) "fails, after being served with proper notice, to appear for that person's deposition." Fed.R.Civ.P. 37(d)(1)(A). Producing an unprepared witness is tantamount to a failure to appear. *United States v. Taylor,* 166 F.R.D. 356 (M.D.N.C. 1996) (citing *Resolution Trust Corp. v. Southern Union,* 985 F.2d 196, 197 (5th Cir. 1993)). The Rule provides a panoply of sanctions, from the imposition of costs to entry of default. Fed.R.Civ.P. 37(b)(2). "Monetary sanctions are mandatory under Rule 37(d) for failure to appear by means of wholly failing to educate a Rule 30(b)(6) witness, unless the conduct was substantially justified." *Werner-Masuda,* 390 F.Supp.2d at 489 (quoting *In re Vitamins Antitrust Litig.,* 216 F.R.D. 168, 174 (D.D.C. 2003)). Rule 37 provides that the Court "must require the party failing to act, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure." Fed.R.Civ.P. 37(d)(3).

In this case, the Court agrees with BPD that Plaintiffs complain not of Mr. Kincaid's ability to answer questions about the events that occurred half of his lifetime ago, but instead of the mechanism of preparing the witness. There is no dispute that Mr. Kincaid was prepared with documents and evaluated other witness testimony prior to his May 2022 deposition. It is clear to the Court that when Mr. Kincaid was asked if he reviewed any documents or witness evidence in preparation, he was responding that he had not reviewed anything immediately prior to the July 8 deposition. I thus find that BPD did not produce an unprepared witness and will DENY Plaintiffs' request for monetary sanctions. *See Taylor,* 166 F.R.D. at 356. The real problem that Plaintiffs and Defendants face is the age of the events that occurred, the inability to locate potential documents, and the faded memories of the witnesses. Mr. Kincaid provided testimony to the best of his abilities, and that testimony was binding upon BPD. If there was any lapse in memory, it was substantially justified.

Despite the informal nature of this letter, it is an Order of the Court and will be docketed accordingly.

Very truly yours,

A. David Copperthite
United States Magistrate Judge