**Brown Goldstein & Levy**

Kobie A. Flowers
kflowers@browngold.com

August 1, 2022

**VIA ECF**
Hon. A. David Copperthite
United States District Court
101 West Lombard Street, 8B
Baltimore, Maryland 21201

   Re: *Chestnut, et al. v. Kincaid, et al.* (Civil Action No. LKG-20-2342)

Dear Judge Copperthite:

  Last Friday, July 29, 2022, this Court ruled that Plaintiffs are not entitled to monetary compensation as a sanction against Defendant Baltimore Police Department (BPD) for its preparation of Donald Kincaid as its Rule 30(b)(6) designee. (ECF No. 189). In its Opinion, the Court found Plaintiffs' Motion "to be frivolous and a waste of this Court's time." *Id.* This Court then reminded Plaintiffs of the warnings in Local Rule 105.8(a). *Id.* I write to the Court to affirm that, as officers of the court, my co-counsel and I take our oath and obligations under the relevant Rules and case law seriously.

  Never in over two decades as a decorated former federal civil rights prosecutor, a former assistant federal public defender in this courthouse, and a current trial lawyer in private practice has a Court accused me of filing a frivolous motion. I do not. While Plaintiffs respect this Court's two-page-letter Opinion made without the benefit of oral argument, we, in good faith and accordance with the relevant case law, believe that preparing a Rule 30(b)(6) designee by having him talk to other witnesses and review documents and procedures, rather than relying on his own memory is more—not less—important in a case involving events occurring almost 40 years ago. We believe that the witness, having reviewed some documents in preparation for his personal deposition two months prior to his corporate designee deposition, was unprepared for the latter deposition, which requires the investigation and review of all information known by BPD. Prejudice is also irrelevant under the Rule and governing case law. Plaintiffs moved this Court for monetary compensation as a sanction so as not to further delay this case by rewarding the Defendant's lack of preparation with yet another continuance to properly prepare its Rule 30(b)(6) designee. (ECF No. 188 at 3). Plaintiffs chose alacrity in compliance with this Court's instruction that, "we need to move this case closer to finality." (ECF No. 183). Also, limiting Mr. Kincaid's testimony at trial, as the Court suggested for a sanction, (ECF No. 189 at 1), would undercut the ability of Plaintiffs—Alfred Chestnut, Andrew Stewart, and Ransom Watkins—to prove the violations of their constitutional rights, which caused their 36-year-wrongful convictions and came at the hands of Mr. Kincaid and his Co-Defendants. Accordingly, while respecting the Court's Opinion on the merits, we request that the Court strike its finding that Plaintiffs' Motion was frivolous.

             Respectfully submitted,

             Kobie A. Flowers

cc: All Counsel of Record