IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Northern Division)

| | |
|---|---|
| ALFRED CHESTNUT, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>DONALD KINCAID, *et al.*,<br><br>Defendants. | Civil Action No. LKG-20-2342 |

**PLAINTIFFS' RESPONSE TO INDIVIDUAL DEFENDANTS'**
**MOTION FOR LEAVE TO FILE SUPPLEMENTAL AUTHORITY**

Plaintiffs Alfred Chestnut, Andrew Stewart, and Ransom Watkins do not oppose the Individual Defendants' Motion for Leave to File Supplemental Authority but submit this Response to provide necessary context to aid the Court in applying the new, non-precedential decision to the issues presented in the summary judgment briefing.

1. On April 20, 2023, the Individual Defendants moved this Court for leave to file the unpublished opinion in *Gary Washington v. Baltimore Police Department, et al.*, Civil Action No. SAG-19-2473, as supplemental authority in support of their now-pending and fully ripe Motion for Summary Judgment. *See* ECF Nos. 196, 202, 207, 211, 214.

2. According to the Individual Defendants, the basis for their Notice of Supplemental Authority is that *Washington* "address[es] substantively similar claims" as some of those before this Court, in particular "many of the *Brady* issues presented in the [summary judgment] briefing." ECF No. 214 ¶¶ 2–3 (citing *Washington* Op. at 29–33). However, the summary judgment record in this case dictates the opposite outcome, one in which this Court

should deny, not grant, the Individual Defendants' motion for summary judgment on Plaintiffs' *Brady* claims.

3.      In *Washington*, the Court granted summary judgment on the *Brady* claim because it believed that the plaintiff had not presented enough evidence that the defendant-officers withheld exculpatory evidence. Against the backdrop of an incomplete homicide file, the Court pointed to the purported lack of any evidence from Mr. Washington's criminal defense counsel regarding what exculpatory evidence he had or actions he would have taken if he had received the exculpatory evidence. *Washington* Op. at 32 ("[Plaintiff] offers no evidence to that effect, such as deposition testimony from his counsel about his general practice or his litigation strategy…."). The Court also ruled that there was no indication that it was the police, rather than the prosecutor, who withheld the exculpatory evidence. *Id.*

4.      By contrast, here, Plaintiffs have put forth the very evidence (and more) that the Court in *Washington* deemed necessary for a *Brady* claim to survive summary judgment. As Plaintiffs describe in their Opposition to the Individual Defendants' Motion for Summary Judgment ("Pls.' Opp'n"), ECF No. 202, they have adduced evidence that the Individual Defendants suppressed witness statements in bad faith and further concealed evidence of the coercive tactics they used to secure false statements. *See* Pls.' Opp'n 25–35. Specifically, Plaintiffs have cited testimony from criminal defense counsel regarding his general practice of using exculpatory information at trial, and further that he never received exculpatory material that could have been used to undermine the testimony of Yvette Thomas. *See id.* at 25. Plaintiffs also cited the prosecutor's own statements at trial, which demonstrate that he, too, never received the witness statements. *See id.* at 26. In addition to the above evidence, Plaintiffs cited other evidence, including the Individual Defendants' *own* testimony regarding their practice of

disclosing only a subset of potentially exculpatory documents to the prosecutor, as well as evidence that the prosecutor disclosed other witness statements helpful to the defense in the underlying case (supporting that, had the prosecutor received the suppressed statements from the police, he would have disclosed them to defense counsel). *Id.* at 26–27.

5. Yet more facts set this case apart from *Washington*. This case involves direct testimony from witnesses regarding evidence that is unquestionably exculpatory (e.g., oral statements from two eyewitnesses that Plaintiffs did *not* commit the murder and that one person—not three—committed the crime). Defendants in their briefing *did not even contest* that these statements were suppressed. The nature of these statements further defeat Individual Defendants' suggestion that the *Brady* claim can be resolved as a matter of law. *See Burgess v. Goldstein*, 997 F.3d 541, 552 n.4 (4th Cir. 2021) (finding no error in district court's conclusion that exculpatory evidence was of such a nature that it can "negate any innocent explanation for the Defendant's withholding.").[1]

6. This and the other evidence in the record, viewed in the light most favorable to Plaintiffs, coupled with the complete absence of questioning from criminal defense counsel regarding any of the suppressed statements, more than suffices to create a genuine dispute of material fact that the jury must resolve. *See Burgess v. Baltimore Police Dep't*, No. RDB-15-0834, 2017 WL 4947004, at *11 (D. Md. Oct. 31, 2017) (noting that, in a case in which original homicide and attorney files were not preserved, a plaintiff "may use *circumstantial* evidence to prove Defendants failed to disclose exculpatory evidence") (emphasis in original); Pls.' Opp'n

---

[1] The Individual Defendants have focused this Court's attention on *Washington's* analysis of the *Brady* claim, but *Washington* is distinguishable on several grounds beyond *Brady,* including the absence of any collateral estoppel issues in this case.

3

25–28 (citing cases denying summary judgment based on circumstantial evidence, such as attorney statements and officer testimony).

7. *Washington* is factually dissimilar from this case, and the non-precedential opinion is not determinative of the issues here. Given the context provided above, Plaintiffs do not oppose the Individual Defendants Motion for Leave to File Supplemental Authority.

Dated: April 26, 2023         Respectfully submitted,

  /s/ Kobie A. Flowers
Kobie A. Flowers (Bar No. 16511)
Andrew D. Freeman (Bar No. 03867)
Chelsea J. Crawford (Bar No. 19155)
Neel K. Lalchandani (Bar No. 20291)
Anthony J. May (Bar No. 20301)
Brown, Goldstein & Levy, LLP
120 E. Baltimore Street, Suite 2500
Baltimore, Maryland 21202
Tel: (410) 962-1030
Fax: (410) 385-0869
kflowers@browngold.com
adf@browngold.com
ccrawford@browngold.com
nlalchandani@browngold.com
amay@browngold.com


  /s/ Larry A. Nathans
Larry A. Nathans (Bar No. 03023)
Booth M. Ripke (Bar No. 25764)
Nathans & Ripke LLP
120 E. Baltimore Street, Suite 1800
Baltimore, Maryland 21202
Tel: (410) 783-0272
Fax: (410) 783-0518
nathans@nathanslaw.com
bripke@nathanslaw.com

*Attorneys for Plaintiffs Alfred Chestnut,
Andrew Stewart, Jr., and Ransom Watkins*

## **CERTIFICATE OF SERVICE**

I, the undersigned attorney, hereby certify that I have caused true and correct copies of the above and foregoing to be served on all counsel of record via to the Court's CM/ECF system, in accordance with the rules of electronic filing of documents, on April 26, 2023.

*/s/ Chelsea J. Crawford*
Chelsea J. Crawford
