**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

ALFRED CHESTNUT, *et al.* )
)
)
Plaintiffs, )
)
v. ) Civil Action No. LKG 20-2342
)
DONALD KINCAID, *et al.* )
)
)
Defendants. )

**INDIVIDUAL DEFENDANTS' MOTION FOR LEAVE TO FILE SUPPLEMENTAL AUTHORITY**

Individual Defendants Donald Kincaid and Bryn Joyce, by and through their undersigned counsel, Nathan & Kamionski LLP, respectfully move this Court for leave to file newly issued supplemental authority in support of their Motion for Summary Judgement (ECF 196).

1. Defendants filed a Motion for Summary Judgement and accompanying briefing on September 6, 2022, ECF 196, and Plaintiffs filed an Opposition on October 14, 2022. ECF 202. Defendants filed a Reply on November 18, 2022, ECF 207, and Plaintiffs filed a Surreply on December 5, 2022. ECF 211.

2. Since then, on August 3, 2023, another court in this District issued an opinion addressing substantively similar claims to some of those before this Court. *See Kenneth McPherson, et al. v Baltimore Police Dep't., et al.*, No. SAG-20-0795, (D. Md. Aug. 3, 2023) (granting summary judgment on § 1983 claims alleged by two plaintiffs who were imprisoned for 25 years following the reversal of their homicide convictions based on a State's Attorney for Baltimore City's CIU investigation). The Memorandum Opinion became publicly available on August 23, 2023.

3. In granting the officer defendants' motion for summary judgement in *McPherson*, Judge Gallagher addressed similar issues presented in the briefing pending before this Court, including regarding *fabrication of evidence*. *See id*. at 37-44.

4. In particular, in analyzing the aggressive techniques allegedly employed by officer defendants when questioning a juvenile, Judge Gallagher found that: "Police practices have evolved over time, and standard practices from the 1990s might be viewed with disapproval today. But ultimately, Plaintiffs present no evidence to suggest that Defendants believed their interview behavior was so coercive such that it would yield false information." *Id*. at 44. ("[A]s the former Assistant State's Attorney explained, detectives commonly yelled and demanded the truth in interviews, even for juveniles charged with murder.").

5. Similarly in this case, Defendants had no reason to believe that their alleged interview behavior, (admitted only for purposes of summary judgment), in the 1980s, was so coercive such that it would yield false information. *See* ECF 196-1 at 29-30; ECF 207 at 14-18.

6. Defendants respectfully seek leave to file Judge Gallagher's opinion as persuasive supplemental authority. The memorandum opinion is attached to this Motion as Exhibit 1.

WHEREFORE, Defendants respectfully request this Court GRANT their Motion for Leave to File Supplemental Authority.

Dated: August 30, 2023

Respectfully submitted,

*/s/*

Avi T. Kamionski (Bar No. 20703)
akamionski@nklawllp.com
Shneur Nathan (Bar No. 20707)
snathan@nklawllp.com
Mayer Engelsberg (Bar No. 21105)
mengelsberg@nklawllp.com
Nathan & Kamionski LLP
575 S. Charles Street Suite 402
Baltimore, MD 21201
T: (312) 612-1928

*Attorneys for Individual Defendants Donald Kincaid, Jr. & Bryn Joyce*

**CERTIFICATE OF SERVICE**

I hereby certify that on August 30, 2023, I caused the foregoing document to be electronically filed with the Court's CM/ECF system, which will send an electronic copy of the same to all counsel of record.

*/s/ Mayer Engelsberg*