**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**
(Northern Division)

|  |  |
|---|---|
| ALFRED CHESTNUT, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>DONALD KINCAID, *et al.*,<br><br>Defendants. | Civil Action No. LKG-20-2342 |

**PLAINTIFFS' RESPONSE TO INDIVIDUAL DEFENDANTS'
MOTION FOR LEAVE TO FILE SUPPLEMENTAL AUTHORITY**

Plaintiffs Alfred Chestnut, Andrew Stewart, and Ransom Watkins do not oppose the Individual Defendants' Motion for Leave to File Supplemental Authority but submit this Response to provide necessary context to aid the Court in applying the recent, non-precedential decision to the issues presented in the pending summary judgment briefing.

1.      On August 30, 2023, the Individual Defendants moved this Court for leave to file the unpublished opinion in *McPherson, et al. v. Baltimore Police Department, et al.*, Civil Action No. SAG-20-0795, as supplemental authority in support of their now-pending and fully ripe Motion for Summary Judgment. *See* ECF Nos. 196, 202, 207, 211, 218.

2.      A review of that opinion confirms the stark differences between that case and this one—differences that underscore just how inappropriate summary judgment is here.

3.      According to the Individual Defendants, the basis for their Notice of Supplemental Authority is that *McPherson* "address[es] similar issues presented in the briefing pending before this Court, including regarding *fabrication of evidence*." ECF No. 218 ¶ 3 (citing *McPherson* Op. at 37–44). The pleading of a fabrication-of-evidence claim is where the

similarity between *McPherson* and the present case ends. The Individual Defendants ignore the obvious differences between the two summary judgment records to contend that *McPherson* is persuasive authority here; it is not.

4.     In *McPherson*, the Court considered whether the officer-defendants fabricated the testimony of two witnesses. The *key* to the Court's analysis—which the Individual Defendants fail to mention—was that the *McPherson* plaintiffs presented *no admissible witness testimony or other evidence of the officers' investigation* to support fabrication. *McPherson* Op. at 39 n.12 (identifying "the sheer absence of any live witnesses who can shed any light on what happened" as the "fundamental problem with this case" and adding that plaintiffs seek to "ask a jury to infer fabrication based on speculation alone"). As the Court repeated throughout its opinion, the plaintiffs offered "no present-day witnesses [] to support the[] [fabrication] allegations." *McPherson* Op. at 41; *see also id.* 39 ("Again, no present-day witness can attest to this [fabrication] allegation."); *id.* at 42 (noting the lack of "present-day witnesses available"). The two witnesses whom the *McPherson* plaintiffs alleged were coerced did not say that were coerced; the first (Keisha Thompson) had no recollection of being coerced, *id.* at 39, and the second (Marcus King) died long before the civil case and thus offered no deposition testimony, *id.* at 41. As the Court explained, "there are few rem[a]ining witnesses who can speak to the actual investigation by the Officer Defendants. Those who are available either do not recall the investigation or provide no testimony suggesting fabrication." *Id.* at 38.

5.     Conversely, Plaintiffs here have presented direct evidence from two witnesses (Ron Bishop and Edward Capers) who testified under oath that the police coerced them to falsely implicate Plaintiffs, including by identifying Plaintiffs in a photo array. The deposition testimony from Mr. Bishop and Mr. Capers is overwhelming. *See* ECF No. 202 at 9–12 (citing evidence);

*id.* at 16–21 (same). They testified that the Individual Defendants threatened them (both juveniles at the time) with physical violence, criminal charges, and separation from their families if they did not change their original stories to name Plaintiffs as responsible for the murder. Among many other details, Defendant Kincaid threatened to "put" 14-year-old Ron Bishop's "goddamn head through [a] window" after Bishop told police that Plaintiffs "weren't involved in the murder."

6.    The Individual Defendants also point to the *McPherson* court's statement that "[p]olice practices have evolved over time" and yelling at juvenile witnesses was not "so coercive" at that time that the officers would have known it would yield false information. ECF 218 ¶ 4 (citing *McPherson* Op. at 44). The Individual Defendants argue that they similarly "had no reason to believe that their alleged interview behavior . . . in the 1980s, was so coercive such that it would yield false information." *Id.* ¶ 5.

7.    Again, the Individual Defendants ignore the actual evidence and seek to draw a false equivalence between the two cases. Here, the record evidence—which must be accepted as true—reflects that the Individual Defendants did not simply yell and act aggressively during their interviews with the witnesses. Rather, as Mr. Bishop and Mr. Capers testified during their depositions, the Individual Defendants threatened to physically harm them, to (falsely) charge the teenagers as accessories to the murder of their friend, and to separate them from their loved ones.

8.    The Individual Defendants' suggestion that they did not know their tactics were "so coercive" as to elicit false information is unfounded. Their own expert conceded that such threats were "criminal acts." ECF No. 202 at 44; *see also* ECF No. 202 Ex. 43 at 9 (Plaintiffs' expert stating that "well before 1983, it violated commonly accepted police practices for

interrogators to make threats of physical violence. It was also widely understood at the time that interrogators should not employ other implicit or explicit threats, including threatening prosecution for more serious offenses (much less crimes that someone did not commit).").

9.      Further, in claiming they did not know that they were eliciting false information, the Individual Defendants continue to willfully ignore the applicable law and record evidence. As already briefed, a fabrication claim in the Fourth Circuit can be supported by recklessness (not actual knowledge). ECF No. 202 at 17, 19–20; ECF No. 211 at 1–2. Moreover, even applying the knowledge standard, "ample material evidence" supports a finding that the Individual Defendants knew the statements they coerced from the witnesses were false. *See* ECF No. 211 at 3; *see also* ECF No. 202 at 20–21 (citing evidence, including that Mr. Bishop directly told Det. Kincaid that Plaintiffs were not involved in the murder and Mr. Capers told the Individual Defendants that one person (whom he could not identify), not three, committed the murder).

10.     For these and other reasons, the *McPherson* case is factually dissimilar from this case, and its dissimilarity demonstrates why Plaintiffs' claims here survive summary judgment. Given the context provided above, Plaintiffs do not oppose the Individual Defendants' Motion for Leave to File Supplemental Authority.

Dated: September 13, 2023                    Respectfully submitted,

                                              _____*/s/ Kobie A. Flowers*_____
                                             Kobie A. Flowers (Bar No. 16511)
                                             Andrew D. Freeman (Bar No. 03867)
                                             Chelsea J. Crawford (Bar No. 19155)
                                             Neel K. Lalchandani (Bar No. 20291)
                                             Anthony J. May (Bar No. 20301)
                                             Brown, Goldstein & Levy, LLP
                                             120 E. Baltimore Street, Suite 2500
                                             Baltimore, Maryland 21202

Tel: (410) 962-1030
Fax: (410) 385-0869
kflowers@browngold.com
adf@browngold.com
ccrawford@browngold.com
nlalchandani@browngold.com
amay@browngold.com


_____*/s/ Larry A. Nathans*_____
Larry A. Nathans (Bar No. 03023)
Booth M. Ripke (Bar No. 25764)
Nathans & Ripke LLP
120 E. Baltimore Street, Suite 1800
Baltimore, Maryland 21202
Tel: (410) 783-0272
Fax: (410) 783-0518
nathans@nathanslaw.com
bripke@nathanslaw.com

*Attorneys for Plaintiffs Alfred Chestnut,
Andrew Stewart, Jr., and Ransom Watkins*

## **CERTIFICATE OF SERVICE**

I, the undersigned attorney, hereby certify that I have caused true and correct copies of

the foregoing document to be served on all counsel of record via the Court's CM/ECF system, in

accordance with the rules for electronic filing of documents, on September 13, 2023.


_____*/s/ Kobie A. Flowers*_____
Kobie A. Flowers